UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

FRED LEE and ANNE LEE,

                          Plaintiffs,                        **NOTICE OF REMOVAL**

vs.                                                          Civil No. _____

UNION MUTUAL FIRE INSURANCE COMPANY,

                          Defendant.

———————————————————————

1.        Pursuant to 28 U.S.C. § 1446(a), defendant, UNION MUTUAL FIRE INSURANCE COMPANY ("Union"), by its attorneys, Hurwitz & Fine, P.C., hereby give notice of the removal of this action from the State Court of New York, Supreme Court, County of Queens, to the United States District Court for the Eastern District of New York.

2.        A copy of Plaintiffs' Summons and Complaint filed in the State Court action is annexed hereto as **Exhibit A.** Plaintiffs brought this action alleging breach of insurance contract.

3.        Union denied Plaintiffs' first-party property claim based upon material misrepresentations on their application for insurance. As such, the insurance policy is void *ab initio*.

4.        No further proceedings have been had in the Supreme Court of the State of New York, County of Queens, as of the date of the filing of this Notice of Removal.

5.        Venue is proper in the United States District Court for the Eastern District of New York as this is the District embracing the place where this action is pending.

**FACUTAL BACKGROUND**

6.     Prior to March 2, 2020, based upon the representations they made on their application for insurance, Union issued a commercial property and commercial general liability package policy to Fred and Anne Lee (the "Lees").

7.     Sometime after March 2, 2020, the Lees notified Union of fire damage to the insured premises.

8.     Union immediately investigated and conducted a thorough investigation.

9.     During Union's claim investigation, it came to light that the insured premises actually contains three apartment units.

10.    The Lees' application for insurance however indicates that the premises to be insured were only two apartment units.

11.    The Lees' were asked on their application for commercial insurance, "How many apartment units are there?".

12.    The Lees responded "2".

13.    Despite this, the premises is structurally configured as three apartment units.

14.    Accordingly, the Lees' representation on their insurance application that the building to be insured contained only two apartment units was false.

15.    Union disclaimed coverage for the subject loss and rescinded the Lees' insurance policies with Union based upon material misrepresentation under N.Y. Ins. Law § 3105.

16. On June 8, 2020, Plaintiffs filed this action in New York State Supreme Court, Queens County asserting claims for breach of contract and violation of N.Y. General Business Law § 349. *See* Compl.

17. On June 30, 2020, Plaintiffs' counsel, Scott Agulnick, Esq. notified my office that a lawsuit had been filed, without providing the pleading or indicating where suit had been filed.

<strong>DIVERSITY JURISDICTION EXISTS</strong>

18. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. ¶ 1332 because (i) it is between "[c]itizens of different States;" and (ii) the "matter in controversy exceeds the sums or value of $75,000, exclusive of interests and costs."

19. Plaintiffs were and are residents of Queens County, New York. *See* Compl. at ¶ 1.

20. Defendant, UNION MUTUAL FIRE INSURANCE COMPANY, is a citizen of Vermont, where it is incorporated and has its principal place of business.

<strong>THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED</strong>

21. The amount in controversy in this case is in excess $75,000, exclusive of interest and costs.

22. Plaintiff's demand as to the first cause of action, breach of contract, is in excess of $600,000.00.

23. Plaintiff's demand as to the second cause of action, alleging violation of the N.Y. General Business Law § 349, is also in excess of $600,000.00.

24. As such, the monetary threshold is met.

25.     For these reasons, this Court has original jurisdiction over this action and removal is proper.

<strong>REMOVAL IS TIMELY</strong>

26.     To date, Union has not been served with Plaintiffs' Complaint. *See* Local Rule 81.1 of the United States District Courts for the Southern and Eastern Districts of New York.

27.     This application is timely because less than thirty (30) days has elapsed since Union was served with or otherwise received the complaint.  *See* 28 U.S.C. § 1446 (b)(1).

**WHEREFORE**, Defendant, UNION MUTUAL FIRE INSURANCE COMPANY, hereby remove this action from the State of New York, Supreme Court, County of Queens, to the United States District Court for the Eastern District of New York.

Dated:  Buffalo, New York
July 16, 2020

HURWITZ & FINE, P.C.

John R. Ewell, Esq.
*Attorneys for Defendant*
*Union Mutual Fire Insurance Company*
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900

To:     Greenblatt & Agulnick, P.C.
        55 Northern Boulevard, Suite 302
        Great Neck, New York 11021
        Attn: Scott E. Agulnick, Esq.