

**GREENBLATT AGULNICK PC**

SCOTT E. AGULNICK^
MATTHEW W. GREENBLATT^

OF COUNSEL
BARRY W. AGULNICK+

^ADMITTED IN NY
*ADMITTED NY & NJ
+ADMITTED NY & FL

55 NORTHERN BOULEVARD,
SUITE 302
GREAT NECK, NEW YORK 11021

TEL: (718) 352-4800
FAX: (718) 732-2110

WWW.NYLAW1.COM

May 24, 2021

**VIA ECF**
Hon. Peggy Kuo
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **RE:** **Fred Lee and Ann Lee v. Union Mutual Fire Insurance Co.**
> Case No. 1:20-cv-03191-RRM-PK

Dear Honorable Kuo:

This office is counsel for the Plaintiffs in this matter. By way of background, this case pertains to the Defendant's improper rescission of Plaintiffs' insurance Policy. From the outset, it should be noted that Plaintiffs sought the name and company information of any inspectors at the Plaintiffs' property in Plaintiffs' First Demand for Interrogatories. In Plaintiffs' Demand for Documents, Plaintiffs demanded any documents referring or relating to any inspections or investigations of Plaintiffs' Property. Although there was a reference to a 2017 inspection, Defendant failed to produce it within the accompanying discovery. Upon inquiry by the undersigned, Defendant's counsel furnished a 2017 inspection report which indicates that the Defendant or its representatives were in fact in the subject basement on July 17, 2017. Defendant did not produce the name of the inspector and counsel thereafter advised that Defendant was unaware who the inspector was.

With regard to deposition, Defendant produced James Lambert of Roundhill Express, who was represented by Defendant's counsel to be the agent of Union Mutual for underwriting and claims for the subject policy, and Mr. Lambert was also the signatory of the rescission letter. Based upon that representation, Plaintiffs agreed to Mr. Lambert being produced. At his deposition Mr. Lambert did not know who the inspector was but acknowledged that Roundhill Express may have information indicating who the 2017 inspector was. Mr. Lambert asserted in both the response to interrogatories and the deposition that the 2017 inspection was a "limited" inspection. Following the deposition Plaintiffs served a Supplemental Demand for Discovery on May 5, 2021, seeking the contract between Union Mutual and Roundhill express and seeking again the names of the

GREENBLATT & AGULNICK, P.C.
PAGE 2 OF 3

inspectors, billing records relating to the inspection, and materials, guides or notes regarding the training of inspectors, as testified to.  On May 10, 2021, Defendant objected to the majority of the demands. As noted in the May 12, 2021 status letter to This Honorable Court, which indicated that Post EBT demands were being addressed, on May 20, 2021, Defendant first provided the name of the inspector, did not provide their address, or their company. Defendant indicated they would voluntarily produce him for deposition.  It was not until May 20, 2021 that another deposition was then contemplated.

Since the status letter, the parties have met and conferred by telephone and email on numerous dates with regard to the contractor between Roundhill Express and Union Mutual and Defendant has maintained that they would not produce the contract, and offered alternatives, such as a letter confirming the agency.  However, Plaintiffs are entitled to the contract, as that agency agreement is material to the issues surrounding the inspection.

The issues and information surrounding the inspection of the Property in 2017 is dispositive on the issues in the matter.  Thus, Defendant's repeated failures with regard to the demands regarding inspection information, the inspector, and the contract which governs Roundhill's agency is relevant and probative. Defendant's failures and delays has thus prejudiced the Plaintiffs.  Moreover, Defendant has indicated to the undersigned their intention to move for summary judgment, notwithstanding the gamesmanship with regard to the foregoing and the clear law with regard to prior knowledge of a condition later utilized to form the basis for rescission.

*New York law is crystal clear on this point — when an insurer seeks to rescind a contract ab initio based on misrepresentations by the insured, it must promptly disaffirm the contract upon learning of the misrepresentations — and certainly it may not continue to derive benefit under it. See Sumitomo Marine Fire Ins. Co. v. Cologne Reinsurance Co. of America et al., 75 N.Y.2d 295; 552 N.Y.S.2d 891; 552 N.E.2d 139 (1990). The Second Circuit, moreover, has pointedly and "categorically stated that `[any] action for rescission must be initiated without unreasonable delay.'" Ballow, Brasted, O'Brien Rusin, P.C. v. Logan, 435 F.3d 235, 240 (2d Cir. 2006) (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 47 (2d Cir. 1991)). The Circuit's rule applies with even greater vitality in the insurance context due to the nature of the parties' obligations. Simply put, an insured has a compelling need to know whether it is covered under an existing insurance agreement. See Republic Ins. Co. v. Masters, Mates Pilots Pension Plan, 77 F.3d 48, 52 (2d Cir. 1996). An insured is therefore entitled to prompt notice of whether the insurer intends, upon gaining information of an alleged misrepresentation, to continue performance under the contract of insurance.*

*Guideone Specialty Mutual Insurance v. Congregation Adas Yereim*, 593 F. Supp. 2d 471,

483 (E.D.N.Y. 2009)

It is respectfully requested that the time period within which to complete fact discovery be extended *nunc pro tunc* for a period of 45 days, and all other deadlines be extended for the same period of time.  Defendant did not indicate an objection to such extension.  It is further respectfully

GREENBLATT & AGULNICK, P.C.
PAGE 3 OF 3

requested that a conference be scheduled to discuss the new discovery issues as set forth above, or alternatively for permission to move for sanctions based upon discovery violations.  Notably, the mediation with Richard Byrne, Esq. on June 8, 2021 remains scheduled and expected.

Sincerely,

Scott E. Agulnick

**CC VIA ECF**:cje@hurwitzfine.com
Charles Englert, III
Attorney for Defendant