

## HURWITZ & FINE, P.C.

### ATTORNEYS AT LAW

**Charles J. Englert**
cje@hurwitzfine.com

May 25, 2021

***VIA ECF***
Hon. Peggy Kuo
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE:    Fred Lee and Ann Lee v. Union Mutual Fire Insurance Co.
>         No. 1:20-cv-03191-RRM-PK

Dear Magistrate Judge Kuo:

We are counsel for Defendant Union Mutual Fire Insurance Company ("Union Mutual"), and write in response to the correspondence of Scott Agulnick, counsel for plaintiffs, dated May 24, 2021 (ECF Document 19).

Mr. Agulnick's letter seeking an extension of all deadlines set by the Scheduling Order in this case fails to meet his burden of establishing good cause for his request. Plaintiffs have not been diligent in obtaining discovery within the guidelines established by the Court. Mr. Agulnick has joined in the submittal of two joint status reports to the Court – neither of which raised any discovery issues to be addressed, despite the Court having advised the parties to bring discovery issues to the Court's attention in the joint status reports. Mr. Agulnick inexcusably waited until ten days after the close of fact discovery to write to the Court requesting an extension of all deadline dates in the Scheduling Order – including a retroactive extension of the already-passed deadline date for completion of all fact discovery. Accordingly, Union opposes Mr. Agulnick's request for an extension of all deadlines set by the Scheduling Order in this case.

Mr. Agulnick appeared for the plaintiffs before Your Honor at the October 22, 2020 Initial Conference in this action (Docket Text of October 22, 2020). Your Honor So-Ordered the parties' jointly proposed Discovery Plan/Scheduling Order that day (Document 13). The parties were directed to file a joint status report by January 15, 2021 reporting on the progress of discovery and raising any issues which needed to be addressed. The requested joint status report of the parties was filed January 13, 2021 (Document 16). By the time the joint status report of January 13, 2021 was filed, Mr. Agulnick had been served – on December 15, 2020 - Union's objections and responses to plaintiffs' initial requests for production of documents. On January 12, 2021,

**HURWITZ & FINE, P.C.**
Page 2

Union served its objections and responses to plaintiffs' interrogatories.  The joint status report of January 13, 2021 raised no discovery issues needing to be addressed.

Thereafter, on April 9, 2021 Union served its objections and responses to plaintiffs' supplemental requests for production, producing a copy of the limited property inspection report.  Despite plaintiffs having served no notice for a deposition of Union, Union produced its representative who was deposed May 4 in a lengthy deposition.  On May 10, 2021 Union served as its second supplemental production underwriting guidelines.  Notably, another joint status report was filed by the parties on May 14, 2021 – the deadline date for completing all fact discovery in this action.  No discovery issues needing to be addressed were raised in the May 14, 2021 joint status report.

Plaintiffs' belated request for an extension of the deadline date for completing fact discovery is untimely, and as such must be denied.  Your Honor's Individual Practice Rules state at their section IV, Extensions of Time, subsection D: **"**Absent an emergency, requests must be made at least two (2) business days prior to the deadline for which an extension is sought".  Here, plaintiffs inexcusably failed to request by May 12 an extension of the fact discovery deadline.  Moreover, plaintiffs have shown no existence of an "emergency" excusing their failure to comply with Your Honor's Individual Practice Rules.   In addition, plaintiffs have further failed to comply with the requirement set forth at subsection C of the same Extensions of Time rules requiring a revised Proposed Discovery Plan/Scheduling Order to be submitted.  Your Honor's Individual Practice Rules further require that if the parties are unable to resolve a discovery dispute, a joint letter is to be filed briefly setting out the disputed issue, and the pertinent discovery request or requests are to be attached to the joint letter.  Here again, plaintiffs have failed to comply with this condition precedent of Your Honor's rules for bringing discovery disputes to the Court's attention.

With regard to plaintiffs' demand for the contract between Union Mutual and its third-party administrator Roundhill Express LLC, Defendant has made meritorious objections to this demand.  Further, plaintiffs have failed to articulate how the entire contract between Union Mutual and Roundhill Express LLC has any bearing on the instant litigation.  This declaratory judgment action turns on whether plaintiffs materially misrepresented the risk to be insured on their applications for commercial insurance.  As such, the only relevant portion of the contract is the portion which concerns underwriting procedures.  Defendant has produced this portion of the contract.

It is well established that fact discovery in a matter should only be reopened after analyzing the following factors: 1) trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party will be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *See Pierre v. Hilton Rose Hall Resort & Spa*, 2016 WL 2745821, *3 (E.D.N.Y. 2016).

In the matter at hand Union Mutual opposes plaintiffs' request. Union Mutual will be prejudiced by any reopening of fact discovery because plaintiffs Union is ready to file its motion for summary judgment on liability in this action, and reopening fact discovery will delay Union

**HURWITZ & FINE, P.C.**
Page 3

getting a ruling resolving the plaintiffs' claim and this action.  Moreover, there is a court-ordered mediation scheduled in this matter for June 8, 2021 and a grant of plaintiffs' motion to reopen fact discovery will provide plaintiffs additional - albeit hollow - leverage in settlement negotiations at the mediation in two weeks.  Moreover, and notably plaintiffs were not diligent in obtaining discovery within the guidelines set forth by the Court.  Further plaintiffs have also failed to show the likelihood that the discovery sought will lead to relevant evidence.  As Mr. Agulnick states, plaintiffs had the opportunity to depose a representative of Union Mutual.  At that deposition Union Mutual's representative testified that had Union Mutual been informed that the subject premises contained three apartment units, rather than the two apartment units falsely declared on plaintiffs' applications for commercial insurance, Union Mutual would never have issued the subject policy to plaintiffs. Plaintiffs' have been in possession of a report from the underwriting inspection performed on the subject premises since April 9, 2021 and had the opportunity to extensively question Union Mutual's representative about the report, underwriting protocols, and inspection protocols during the May 4, 2021 deposition.  Importantly plaintiffs have not shown how any additional depositions or discovery will provide information which they were unable to gather within the timeline set forth in the Scheduling Order.

Defendant therefore respectfully requests that the Court deny Plaintiffs' request for a reopening of fact discovery. Defendants are prepared to fully participate in the June 8, 2021 mediation.

Very truly yours,

HURWITZ & FINE, P.C.

Charles J. Englert

cc:     *(via ECF only)*
        Scott Agulnick, Esq.