

## HURWITZ & FINE, P.C.

### ATTORNEYS AT LAW

**Charles J. Englert**
cje@hurwitzfine.com

June 15, 2021

*VIA ECF*
Hon. Peggy Kuo
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:    Fred Lee and Ann Lee v. Union Mutual Fire Insurance Co.
        No. 1:20-cv-03191-RRM-PK

Dear Magistrate Judge Kuo:

We represent the defendant Union Mutual Fire Insurance Company ("Union Mutual"). We write to request leave of Court to file a Union Mutual motion for a protective order.

## CERTIFICATION THAT WE HAVE IN GOOD FAITH CONFERRED WITH PLAINTIFFS' COUNSEL ATTEMPTING TO RESOLVE THE DISPUTE

We certify in compliance with FRCP Rule 26 (c) and EDNY Local Civil Rules 26.4 and 37.3 that we have in good faith conferred by phone and through emails with plaintiffs' counsel in an effort to resolve the dispute without court action.

## THE NATURE OF THE DISPUTE

The dispute arises from the refusal of Plaintiffs' counsel to sign the Confidentiality Order form that your Docket Text Minute Order of June 3, 2021 in this action references. Further, your Docket Text Minute Order of June 3, 2021 in this action directs Union Mutual to produce "the Roundhill Express contract" by June 16, 2021. Plaintiffs' counsel only today advised us that he refuses to consent to the use of your Confidentiality Order that would govern and protect confidentiality concerns critical to our client Union Mutual related to the production of the confidential business agreement between Union Mutual and its Third-Party Claims Administrator Roundhill Express LLC ("Roundhill"). Accordingly, Union Mutual is forced to make this application for leave to file a motion for a protective order.

## THE JUNE 2, 2021 HEARING BY TELECONFERENCE BRIEFLY CONSIDERED THIS ISSUE

Your Honor will recall that during the June 2, 2021 telephone conference there was brief discussion of our client Union Mutual's timely-served objection (on May 10, 2021) to producing a

HEADQUARTERS: 1300 LIBERTY BUILDING, BUFFALO, NEW YORK 14202 ▼ P: 716-849-8900 ▼ F: 716-855-0874 ▼ WWW.HURWITZFINE.COM

OFFICES IN ▼ BUFFALO, NEW YORK ▼ ALBANY, NEW YORK ▼ ALBION, NEW YORK ▼ AMHERST, NEW YORK ▼ MELVILLE, NEW YORK

NIAGARA FALLS, NEW YORK ▼ PALM BEACH GARDENS, FLORIDA ▼ TORONTO, ONTARIO ▼ FAX/E-MAIL NOT FOR SERVICE

**HURWITZ & FINE, P.C.**

Page 2

copy of the late-requested (on May 6, 2021) confidential business agreement between Union Mutual and its Third-Party Claims Administrator Roundhill (the "Contract"). Union Mutual objects to production of the Contract on relevance grounds. The Contract is of no relevance whatsoever to this action, excepting arguably the Underwriting Guidelines section of the Contract. <u>Notably, those Underwriting Guidelines have already been produced by Union Mutual in this action</u>.

Union Mutual has a valid relevance objection to producing the rest of the confidential business agreement between Union Mutual and its Third-Party Claims Administrator based upon the following:

- The plaintiffs' complaint in this action (see **Exhibit A** provided herewith, Document No. 2) asserts no facts concerning the confidential business agreement between Union Mutual and its Third-Party Claims Administrator Roundhill;
- Roundhill is not a party to this action;
- Plaintiffs' late-served supplemental request for production of the Contract dated May 6, 2021 was vaguely worded as follows: "3. The contract between Roundhill Express LLC and Union Mutual proving agency to Roundhill Express LLC with regards to certain underwriting and adjusting of certain claims, as testified to by James Lambert." (see **Exhibit B** provided herewith). Union Mutual objected to the request as being "overly broad, unduly burdensome, and seeking material not relevant to the litigation", but nevertheless, without waiving those objections, produced the Underwriting Guidelines on May 10, 2021 (see **Exhibit C** provided herewith).

## <u>LEGAL STANDARD</u>

"In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Nonetheless, a court has broad discretion to circumscribe discovery even of relevant evidence by making any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); see *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hallmark Licensing LLC v Dickens Inc.*, 2018 WL 6573435, at *1 (E.D.N.Y. 2018). The court must limit the frequency or extent of discovery when the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Here, plaintiffs deposed the President of Roundhill at length. There is no further relevant factual information to be discovered on the issue of the Union Mutual – Roundhill business relationship. Union Mutual is willing to stipulate as to the agency issue probed by plaintiffs' supplemental request for production.

Pricing and marketing information are widely held to be "confidential business information" that may be subject to a protective order. *Vesta Corset Co., Inc.*, 1999 WL 13257 at *2; citing *Sullivan Marketing, Inc., v. Valassis Communications, Inc.*, 1994 WL 177795, at *1 (S.D.N.Y.1994). Here, Plaintiff is seeking unfettered access to a document which contains as rating information, pricing information, and information related to compensation of brokers and the parties to the Contract. This type of information is irrelevant to the claims at issue. "In order to gain access to such protected information, assuming it is in fact protected, the party seeking the discovery must show that it is relevant and necessary." *U.S. v. Davis*, 131 F.R.D. 391, 400 (S.D.N.Y. 1990). Counsel for Plaintiffs has not been able to articulate any explanation as to the relevance of the entire Contract. In fact, counsel has represented that he needs to review the entire Contract because he does not know what is in it. These broad assertions of a need to review an entire business agreement just to determine what is in

**HURWITZ & FINE, P.C.**

Page 3

the demanded agreement are not sufficient to compel production of a document containing confidential business information. *See id.*

Union Mutual understands that it must establish good cause to warrant the entry of a protective order. *See Hallmark Licensing LLC v. Dickens Inc.*, 2018 WL 6373435, *6 (E.D.N.Y. 2018). "Whether information merits protection in a particular case depends upon: 1) the extent to which the information is known outside the business; 2) the extent to which information is known to those inside the business; 3) the measures taken to guard the secrecy of the information; and 4) the value of the information to the business and its competitors." *Firmode (Intern.) Co. Ltd. v. International Watch Group, Inc.*, 2009 WL 3698137 *2 (E.D.N.Y. 2009) (internal citations omitted). In this matter, no entity or person outside of the parties to the Contract has access to the Contract or its terms. The only parties inside both Union Mutual and Roundhill with knowledge of the complete terms of the Contract are the principals and/or executives of the organizations. Further, the Contract contains information related to the proprietary relationship between Union Mutual and Roundhill. Should the Contract be made available to the public, or any non-party, both Union Mutual and Roundhill may be irreparably harmed, thus a protective order is appropriate to prevent dissemination of the Contract. Protective orders are often warranted "when the dissemination of confidential business information will place a party at a competitive disadvantage." *Seigel v. Structure Tone Organization*, 2020 WL 6048787, *4 (S.D.N.Y. 2020) (internal citations omitted). The Contact contains information related to ratings information, risk profiles, premium calculation, broker reimbursement, and the operating agreement between Union Mutual and its third-party administrator Roundhill Should this information enter the public domain, a rival insurance company could utilize it to unfairly compete with Union Mutual or Roundhill.

Accordingly, Union Mutual respectfully requests an amendment of the current deadline for production of the Contract and leave to file a motion for a protective order.

Very truly yours,

HURWITZ & FINE, P.C.

Charles J. Englert

cc: *(via ECF only)*
Scott Agulnick, Esq.