

GREENBLATT AGULNICK PC

SCOTT E. AGULNICK^
MATTHEW W. GREENBLATT^

OF COUNSEL
BARRY W. AGULNICK+^
STEVEN A. KOTCHEK*

^ADMITTED IN NY
*ADMITTED NY & NJ
+ADMITTED NY & FL

55 NORTHERN BOULEVARD, SUITE 302
GREAT NECK, NEW YORK 11021

EMAIL: SEA@NYLAW1.COM

TEL: (718) 352- 4800
FAX: (718) 732- 2110

WWW.NYLAW1.COM

June 21, 2021

**VIA ECF**
Hon. Peggy Kuo
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East Brooklyn, New York 11201

> RE:       **Fred Lee and Ann Lee v. Union Mutual Fire Insurance Co.**
> Case No.    1:20-cv-03191-RRM-PK

Dear Honorable Kuo:

This office is counsel for the Plaintiffs in this matter. By way of background, this case pertains to the Defendant's improper rescission of Plaintiffs' Insurance Policy.  This letter is written in response to Defendant's motion for protective order with regard to Roundhill Express's contract with the Defendant Union Mutual.  This letter is also submitted in support of Plaintiff's request now for leave to file a motion to strike the answer of Defendant or preclusion, and for another extension of time within which to complete discovery in the event that Defendant's application is granted.

As this Honorable Court is aware, Defendant's motion comes after a hearing on the issue, coupled with a request for the extension of discovery, a motion by Defendant for reconsideration (ECF document 21), and the Defendant's failure to comply with the directives of This Honorable Court thereafter.

Following the hearing, on June 3, 2021, This Honorable Court ordered:

*MINUTE ORDER: Telephone discovery conference held before Magistrate Judge Peggy Kuo on June 2, 2021. Attorney Scott Agulnick appeared on behalf of Plaintiffs. Attorneys Charles Englert and Eric Boron appeared on behalf of Defendant. The parties were heard on the discovery disputes raised in [19] Plaintiffs' Letter Motion for a Hearing. For the reasons stated on the record, Defendant is directed to produce the Roundhill Express contract by June 16, 2021. Defendant may redact information related*

*to pricing. The parties are directed to Judge Kuo's standing confidentiality order, available at https://img.nyed.uscourts.gov/files/forms/FormConfidentialityOrder-PK.pdf. The parties agreed to complete the deposition of the contractor who performed the 2017 inspection by June 30, 2021, and Defendant is directed to provide the background information in its possession requested by Plaintiffs in advance of that deposition. Any additional discovery demands arising out of that deposition must be served by July 2, 2021. The parties are directed to file a joint status report certifying the close of fact discovery by July 14, 2021. The parties are further directed to exchange as soon as possible any additional documentation that will facilitate the June 8, 2021 Mediation Session. Ordered by Magistrate Judge Peggy Kuo on June 2, 2021. (FTR Log #10:03-10:55.) (Jochnowitz, David)*

Since that time, Defendant has failed to produce the Contract, and failed to provide full contact information in advance of the witness referenced therein, Mr. Harper, providing only an address on June 15, 2021, no telephone number, no company name, no other background. In response, Plaintiff immediately requested Mr. Harper's telephone number, to which counsel for Defendant responded on June 16, 2021. "At the is time, we will not be providing his telephone number. You will have the ability to ask him any relevant questions at his deposition." Notably, this information was not provided before the mediation on June 8, 2021, and Plaintiff requested the information again on June 9, 2021. The lack of this information at the mediation likely detracted from the potential of mediation.

With regard to Defendant's request for execution of the Confidentiality Order, Defendant first requested it on June 9, 2021 and Plaintiff declined to execute on June 15, 2021. Candidly speaking, the basis for Defendant's request at this stage is unclear, and the instant motion appears to be yet a further attempt to avoid discovery and gain a strategic advantage. To that end, Defendant already opposed Plaintiff's request for an extension of fact discovery and now seeks to prolong matters further.

With regard to Defendant's request for a protective Order, it is respectfully submitted that the issue has already been adjudicated by This Honorable Court, in that This Honorable Court ordered the production of the contract. While the Court's Order advised the parties of the availability of the Confidentiality Order, the Order did not require its execution. Notably, apart from pricing information, Defendant was unable to articulate any basis to assert that the contract is confidential between Round Hill Express and Union Mutual.

Plaintiff must take exception to the recitation of Defendant's counsel, as it clearly misstates and misrepresents material facts to This Honorable Court. Specifically, for example, Mr. Englert states in his letter motion of June 15, 2021 (ECF document #67):

*Here, Plaintiff is seeking unfettered access to a document which contains as rating information, pricing information, and information related to compensation of brokers and the parties to the Contract. This type of information is irrelevant to the claims at issue.*

Such a statement is truly perplexing, as both the hearing before This Honorable Court and the Court's resulting Order contemplate and articulate that the Defendant was permitted to redact such pricing information. It is thus unclear, and incorrect, to assert that Plaintiff is seeking "unfettered access" to such information. To this date, Defendant remains unable to articulate how the agency agreement between the parties is confidential, especially an agency relationship which appears to go to the very heart of the Defendant's operations as an insurance carrier. In fact, Defendant is quite vocal about the agency of Round Hill, but conveniently refuses to disclose any further details. The argument is that Plaintiff should in essence "take their word for it". Now however, the details of that relationship are proprietary.

While Defendant asserts the law on protective orders, their application appears to neglect that the movant bears the burden of establishing that a document, or at the very least Defendant fails to satisfy its burden. Defendant asserts that the agreement is proprietary because…it is proprietary. Defendant fails to recognize that the agency between Round Hill and Union Mutual goes to the heart of the issues here, the carrier's knowledge, imputed or otherwise, and the condition of the basement as noted by the inspector retained by Round Hill Express. The assertion that only executives have knowledge of the terms of the agreement is not a basis for confidentiality, nor has Defendant set forth any further specific details. Once again, pricing data is not being sought and already permitted to be redacted.

Defendant's request for an extension of time to comply with the Court's order to produce is also problematic, as the deposition of Mr. Harper is scheduled for June 24, 2021, and Plaintiff is entitled to production before the deposition. Once again, Defendant's conduct appears to amount more to gamesmanship than zealous representation.

To that end, Defendant has still refused to produce the telephone number of the witness Mr. Harper, and Plaintiff has repeatedly requested it. Upon receipt of Defendant's refusal to provide Mr. Harper's telephone number (an email was not provided either), the undersigned inquired specifically as to whether Hurwitz & Fine was retained to represent Mr. Harper as a witness. Defendant has failed and refused to respond, leading to the conclusion that Hurwitz & Fine is not counsel to Mr. Harper and Hurwitz & Fine is simply refusing to provide access to the witness. This is consistent with their failure and refusal to provide this information for the months preceding…this information should have been provided months ago, without issue, excuses, or delay.

Unfortunately, in the event that Defendant's application is granted, Plaintiff will likely be unable to complete discovery within the time period afforded by the last Order of This Honorable Court. Defendant's strategy in this regard is becoming more and more apparent, as the longer they delay production and withhold information from Plaintiff, the less time Plaintiff will have thereafter to complete its investigation and seek other information which may come to light from the contract.

The willful and contumacious manner in which Defendant has undertaken discovery in this matter cannot be overlooked. First, Defendant "inadvertently" neglected to produce the 2017 inspection report. Second, Defendant failed to produce the name of the inspector, instead claiming they were not in possession of it. Only after the deposition of Round Hill express was

it revealed that of course they had the information of the inspector. Defendant was to produce the contact information, ideally before mediation, which Defendant failed to do, and then Defendant only produced a name and address…no telephone number, and no email. Defendant refused to advise whether Hurwitz & Fine was counsel to Mr. Harper, which would affect Plaintiff's right to inquire directly, and Defendant made it clear that it would not permit any inquiry before the deposition. The basis for Defendant shielding Mr. Harper is unknown, although the attempt to stifle Plaintiff's ability to investigate is clear.

In sum, Defendant is repeatedly attempting to unilaterally declare what is "relevant" to the litigation in this matter, asserting that a stipulation as to the agency on its terms is a substitute for meaningful disclosure. Such an assertion, if valid, would serve to revolutionize disclosure in New York. It is also unclear as to how Defendant would stipulate as to the actual agency relationship when Defendant also asserts that the relationship is "proprietary." This leads one to believe that Defendant seeks to stipulate as to the agency relationship that it wishes to disclose, not the one which exists in reality.

It is thus, respectfully, that Defendant's request for leave to file for a protective order be denied, as moot and otherwise. It is disheartening that Defendant waited until the eve the discovery was due to make the instant motion, when the Order denying their request for reconsideration was made on June 3, 2021. Based upon the foregoing and the history of this matter, it is respectfully submitted that Plaintiffs have made a good faith effort to resolve the issues herein.

It is further respectfully requested that in the event that such leave is granted, that the time within which to complete discovery be extended to a date thirty (30) days from the date that the contract is produced along with full contact information for Mr. Harper. Plaintiffs further request leave to file a motion to strike the answer of Defendant or preclusion. So as to avoid issues at deposition, it is respectfully requested that Defendant be compelled to advise as to whether Hurwitz & Fine is retained as counsel for Mr. Harper. The foregoing is necessary to preserve the discovery rights of the Plaintiffs and to afford Plaintiffs a meaningful opportunity to obtain the discovery contemplated by the CPLR.

Very Truly Yours,

Scott E. Agulnick (SA1880)