# GREENBLATT AGULNICK PC

**SCOTT E. AGULNICK^**
**MATTHEW W. GREENBLATT^**

**OF COUNSEL**
BARRY W. AGULNICK+^
STEVEN A. KOTCHEK*

55 NORTHERN BOULEVARD, SUITE 302     TEL: (718) 352- 4800
GREAT NECK, NEW YORK 11021     FAX: (718) 732- 2110

EMAIL: SEA@NYLAW1.COM     WWW.NYLAW1.COM

*^ADMITTED IN NY*
*\*ADMITTED NY & NJ*
*+ADMITTED NY & FL*

July 14, 2021

**VIA ECF**
Hon. Peggy Kuo
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East Brooklyn, New York 11201

        **RE:**          <u>**Fred Lee and Ann Lee v. Union Mutual Fire Insurance Co.**</u>
        Case No.       1:20-cv-03191-RRM-PK

Dear Honorable Magistrate Judge Kuo:

This letter is jointly written per the directive of This Honorable Court, set forth in its Docket Text Orders dated June 28, 2021 and July 13, 2021. Union Mutual did produce the agreement on the afternoon of July 8, 2021 with redactions. On July 8, 2021, Defendant's attorneys provided Plaintiffs with a draft of the joint letter requested by the Court advising that the RoundHill Express and Union Mutual agreement had been produced. In response Plaintiffs' attorney issued the email of July 8, 2021 referenced below.

Plaintiffs have advised Defendant that Plaintiffs are not in agreement with all of the redactions, Plaintiffs immediately brought one redaction to the attention of Defendant, specifically the redaction of the dollar limit of Round Hills authorization. By email the same day, July 8, 2021 at 2:57 PM, Plaintiff emailed, in pertinent part:

*Counsellors,*

*So as to eliminate the need for further intervention by the court, please provide the limit of authority set forth in Exhibit D, or alternatively represent that this claim falls within that authority. That would resolve the issue.*

**CONTRACT LANGAUGE CITED IN EMAIL OMITTED HEREIN.**

A teleconference between the attorneys was held on this issue on July 12, 2021. Plaintiffs assert it is relevant and material to the case to know whether RoundHill's authority in this matter is limited by a dollar amount. Plaintiff believed that offering Defendant the option to make such a representation in lieu of providing the amount was a fair compromise. Defendant responds that if it is "relevant and material to the case to know whether RoundHill's authority in this matter is limited by a dollar amount," that much is evident from the redacted agreement produces. Defendant advises that RoundHill has all necessary monetary authority from Union Mutual to administer Plaintiffs' claim. Defendant will furnish such a statement acknowledging authority to Plaintiff by way of separate writing.

Plaintiff has served a Supplemental Demand for Discovery seeking communications to and from Fredrick V. Harper with regard to his inspection at the subject property. Plaintiff's position is that upon receipt of satisfactory responses, and the foregoing acknowledgement of authority, absent the receipt of information which reasonably leads to additional discovery, discovery shall be concluded. Plaintiff also notes that the requested information contained in the Supplemental Demand for Discovery and Inspection was required to be produced pursuant to prior demands, including both Plaintiff's March 26, 2021 demand and November 13, 2020 demand, and thus falls under Defendant's continuing obligation to produce. Plaintiff reserves all rights related thereto.

Defendant responds that, subject to and without waiving its right to object to the fact that Plaintiffs' supplemental request for production is untimely in that it was not served more than 30 days before the extended discovery deadline, it acknowledges, in the interest of progressing this case forward to the dispositive motion phase of the case, that it will produce a response to the Plaintiffs' supplement request for production dated July 13, 2021. Defendant asserts that it bases its acknowledgment upon the representation made to Defendant and this Court through this joint letter also dated July 13, 2021 that all discovery in this action will be complete upon Plaintiffs' receipt of Defendant's response to the Plaintiffs' supplemental request for production (unless further discovery is indicated by the documentation received), and upon Plaintiffs' receipt of defendant's statement in writing that RoundHill has all necessary monetary authority as third-party claims administrator to administer Plaintiffs' claim, and to pay it in the event a court determines there to have been no legal basis for the commercial property insurance policy at issue to have been rescinded *ab initio*, as it indeed was prior to this litigation ever commencing. Plaintiff takes exception to Defendant's reliance upon any such "representations" and contends that Defendant has always been and remains obligated to produce the documents demanded pursuant to the previous demands per the FRCP.

Thank you for your courtesies.

Very Truly Yours,

Scott E. Agulnick (SA1880)