

# GREENBLATT AGULNICK PC

SCOTT E. AGULNICK^
MATTHEW W. GREENBLATT^

OF COUNSEL
BARRY W. AGULNICK+^
STEVEN A. KOTCHEK*

^ADMITTED IN NY
*ADMITTED NY & NJ
+ADMITTED NY & FL

55 NORTHERN BOULEVARD, SUITE 302
GREAT NECK, NEW YORK 11021

EMAIL: SEA@NYLAW1.COM

TEL: (718) 352-4800
FAX: (718) 732-2110

WWW.NYLAW1.COM

August 26, 2021

**VIA ECF**
Hon. Judge Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **RE:**     **Fred Lee and Ann Lee v. Union Mutual Fire Insurance Co.**
> Case No.     1:20-cv-03191-MKB-PK

Dear Honorable Judge Brodie:

This office is counsel for the Plaintiffs in this matter, and respectfully submits this letter requesting a pre-motion conference pursuant to Section III (a) of Your Honor's "Individual Practice and Rules" for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment on the issue of liability against Defendant Union Mutual Fire Insurance Co. (hereinafter "Union").

By way of background, this is an action by Plaintiffs to recover benefits under a first party insurance policy from the Defendant Union Mutual Fire Insurance Company "Union Mutual") following a fire loss which occurred at the Plaintiffs' two family Property on March 2, 2020 (hereinafter "Loss"). More specifically, Defendant denied benefits and purported to rescind the subject policy based upon an alleged misrepresentation regarding the number of "apartment units" at the property. Plaintiffs interposed two causes of action, the first cause of action being breach of contract against Union Mutual and the Second Cause of Action pursuant to GBL § 349. The Loss occurred when the policy was in full force and effect.

Union wrongfully denied coverage, refused to make payment and rescinded the commercial policy in bad faith following the fire. Union alleged misrepresentations in the application regarding the number of "apartment units" notwithstanding the fact that the alleged "apartment unit" in the basement was nothing more than a finished basement as a matter of law, was never occupied by any tenant at any time during Plaintiffs' ownership, could not be legally occupied accordingly to code, there was no refrigerator, no stove in use, no legal bedrooms, nor

legal kitchens.  Moreover, there is no dispute whatsoever that the finished basement was used only for storage and never occupied while owned by Plaintiff.

Without yet even embarking on the ambiguity relevant to the terminology in the policy, dispositive on the impropriety of the rescission as a matter of law is the fact that an inspector from Union Mutual was actually present in the basement almost three (3) years prior to the fire in July, 2017 as part of its underwriting process. That inspector took photos of the heating system and hot water heater, gas meters, and electrical meters within in the basement itself and thus had actual and indisputably knowledge of the condition of the basement, its layout, fixtures, etc.,. Union Mutual not only issued the policy notwithstanding the inspection, but renewed the Policy twice and accepted nearly three years of premiums before the fire and Union Mutual's attempted post-loss rescission.

Based upon the well settled law in New York, Union Mutual's inspection and actual knowledge of the physical condition, layout, and characteristics of the basement in 2017 forecloses their right to rescind as a matter of law.

> *New York law is crystal clear on this point — when an insurer seeks to rescind a contract ab initio based on misrepresentations by the insured, it must promptly disaffirm the contract upon learning of the misrepresentations — and certainly it may not continue to derive benefit under it. See Sumitomo Marine Fire Ins. Co. v. Cologne Reinsurance Co. of America et al.,* 75 N.Y.2d 295*; 552 N.Y.S.2d 891; 552 N.E.2d 139 (1990). The Second Circuit, moreover, has pointedly and "categorically stated that `[any] action for rescission must be initiated without unreasonable delay.'" Ballow, Brasted, O'Brien Rusin, P.C. v. Logan,* 435 F.3d 235, 240 *(2d Cir. 2006) (quoting Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 47 *(2d Cir. 1991)). The Circuit's rule applies with even greater vitality in the insurance context due to the nature of the parties' obligations. Simply put, an insured has a compelling need to know whether it is covered under an existing insurance agreement. See Republic Ins. Co. v. Masters, Mates Pilots Pension Plan,* 77 F.3d 48, 52 *(2d Cir. 1996). An insured is therefore entitled to prompt notice of whether the insurer intends, upon gaining information of an alleged misrepresentation, to continue performance under the contract of insurance.*
>
> *Guideone Specialty Mutual Insurance v. Congregation Adas Yereim*, 593 F. Supp. 2d 471, 483 (E.D.N.Y. 2009).

That alone is dispositive on the issue of coverage…"an insurer "cannot close its eyes to the obvious" and then void a contract based on misrepresentations . *Variety Homes, Inc. v. Postal Life Ins. Co.*, 287 F.2d 320, 323(1961)" *Am. Gen. Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Trust*, 08-cv-06843 (NSR), at \*18 (S.D.N.Y. Nov. 25, 2014).

It is anticipated Defendant will attempt, albeit unsuccessfully, to assert that somehow Union Mutual is absolved from its prior knowledge since the policy was subsequently renewed, based upon the same application and same information. However, such an argument defies credulity, and is logically flawed, in that, as the Courts' have held "*an insured has a compelling need to know whether it is covered under an existing insurance agreement".*  While Plaintiffs

have always maintained that the finished basement is not an "apartment unit", Union Mutual's renewal of the policy twice notwithstanding their actual knowledge of the physical condition, layout, and characteristics of the basement in 2017 renders that issue academic, and serves only to further support Plaintiffs' entitlement to coverage, not the other way around.

In addition to the foregoing, there exists an ambiguity with regard to the undefined term "apartment unit" as it relates to this context, a finished basement and the policy application. For a space to be an apartment unit from the reasonable perspective of the Plaintiffs, it has to be a space that is actually an apartment unit capable of being lawfully occupied, and not a space which, if modified and renovated and brought to comply with the code and law, could be a lawful apartment.

Moreover, the finished basement does not even fall within the definition of an apartment pursuant to New York City codes, rules, and regulations, creating an ambiguity in the policy and prevents a reasonable insured from reconciling the application question with reality, or even knowing that there is any question.  In other words, although the City of New York considers the basements space a finished basement uninhabitable as an apartment unit, and does not consider it an apartment unit, and it does not comply with the code requirements of an apartment unit, and it has no certificate of occupancy as such, and no person is occupying the space as an apartment unit, Defendant asserts otherwise. Since the term "apartment unit" is indeed undefined, an ambiguity exists.

The law is well settled with regard to ambiguity as well and when there is no defined term, that ambiguity must be interpreted in favor of the insured.  "[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case and that they are subject to no other reasonable interpretation" (*Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 311 [1984] [internal citations omitted]). "[A]mbiguities in an insurance policy are to be construed against the insurer" *(Breed v. Insurance Co. of N. Am.*, 46 N.Y.2d 351, 353 [1978]).  (Resolving the ambiguity against the insurer who drafted the contract is the doctrine of *contra preferentem).* See also *Morgan Stanley Grp. v. New England Ins. Co.,* 225 F.3d 270, 276 (2nd Cir. 2000).

It is respectfully submitted that there are no material issues of fact which would preclude a finding of summary judgment in favor of Plaintiffs. Therefore, Plaintiffs request that a conference by schedule prior to the filing for summary judgment.

Respectfully Submitted,

Scott E. Agulnick (SA1880)