

## HURWITZ & FINE, P.C.
### ATTORNEYS AT LAW

**Charles J. Englert**
cje@hurwitzfine.com

August 31, 2021

<u>*Via Electronic Filing Only*</u>
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *Fred Lee and Ann Lee v. Union Mutual Fire Insurance Company*
              Case No.:       1:20-cv-03191-MKB-PK

Dear Judge Brodi:

Defendant Union Mutual Fire Insurance Company seeks Summary Judgment dismissing this action pursuant to Rule 56(a). We ask for a pre-motion conference on behalf of Union Mutual pursuant to section 3. A. of the Court's Individual Rules.

On June 8, 2020, Plaintiffs filed a Complaint in this declaratory judgment action in New York State Supreme Court, Queens County. Based upon the diversity of the parties and the amount in controversy being in excess of $75,000, Defendant removed this matter to this Court. *(see Document 1 and 1a)* Defendant interposed its Answer on July 17, 2020. *(see Document 4)* At this time, all fact discovery has been completed. Union Mutual is entitled to Summary Judgment on both causes of action alleged in the plaintiffs' complaint. Plaintiffs cannot prove Union Mutual's disclaimer of coverage of plaintiff's building fire damage breached the commercial insurance policy at issue. The commercial policy is void *ab initio* due to the plaintiffs' material misrepresentation on their application for commercial insurance that the building contained only two apartment units when it clearly had three. That one of the three units was not being rented out at the time of the application misrepresentation is no defense to Union Mutual's rescission of the commercial policy it would never have made had it known the building had three rather than two apartment units in it. Moreover, plaintiffs have no grounds for their second cause of action alleging an actionable violation of New York General Business Law § 349 because, among other things, this is a private contract dispute unique to the parties.

**HURWITZ & FINE, P.C.**
Page 2

## DEFENDANT HAS GROUNDS FOR MAKING

## A SUCCESSFUL RULE 56 MOTION

Discovery closed August 13, 2021.  Union Mutual's summary judgment grant will make moot the damage allegations, which is the only issue the parties would call experts to testify on. Thus, summary judgment is appropriate at this time.

At all times, Union Mutual acted in good faith.  Plaintiffs are the ones who materially misrepresented on their application for the commercial insurance that there were only two apartment units in the building, which, if true, would result in a lower premium for the commercial insurance policy.  Plaintiff Fred Lee testified that the basement of the subject premises contained a bathroom, multiple living spaces, an independent point of ingress and egress, and a kitchen. Photographs introduced at Mr. Lee's deposition, which Mr. Lee confirmed were of the basement of the subject premises show an oven/stove in the basement of the subject premises.

Union Mutual issues policies of commercial insurance in New York through an automated application process and relies on the prospective insured's representations on the electronically submitted application for insurance in writing a policy of insurance and determining the correct premium to be charged.  Had Union Mutual known that the subject premise contained three apartment units, it would not have issued the same exact policy to Plaintiffs.  *Scottsdale Ins. Co. v. Priscilla Properties, LLC*, 254 F. Supp 3d 476, 481 (EDNY 2017)  (In order to rescind a policy of insurance, an insurer must only prove that it would not have issued the same exact policy of insurance has the material misrepresentation not been made.) (internal quotations omitted).  A misrepresentation is considered material "if the insurer would not have issued the policy had it known the facts misrepresented."  *Morales v. Castlepoint Ins. Co.*, 125 A.D. 3d 947, 948 (2nd Cir. 2015). See also 866 E. 164th St., LLC v Union Mut. Fire Ins. Co., 16-CV-03678 (SN), 2017 WL 4444334, at *4 (SDNY Oct. 3, 2017)  Further is well settled that even innocent misrepresentations are grounds for rescinding a policy where the insurer would not have made it had the insurer known the real facts.  "Even an innocent misrepresentation, if material, will support rescission." *In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 465 (S.D.N.Y. 2005).  *See also 866 E. 164th St., LLC v Union Mut. Fire Ins. Co.*, 16-CV-03678 (SN), 2017 WL 4444334, at *4 (SDNY Oct. 3, 2017).  Here, Union Mutual would not have issued the same exact policy to Plaintiffs, had it known there were three apartment units at the subject premises.

Plaintiffs' complaint fails to allege facts sufficient to maintain a GBL 349 claim.  A private contract dispute unique to the parties does not constitute an actionable GBL 349 cause of action. Plaintiffs' second cause of action constitutes nothing more than labels, conclusions, and/or formulaic recitation of the elements of a cause of action, for a violation of New York State General Business Law § 349.  The second cause of action does not state claims for relief that are plausible on their face. Furthermore, in neither Plaintiffs' response to Defendants' interrogatories nor in the deposition of Fred Lee, has any information been provided which would support a claim for recovery under NY GBL § 349.

It is well established under New York law that to succeed in making a claim under GBL § 349 a plaintiff must show: (1) acts or practices that are "consumer oriented;" (2) that such acts or practices are deceptive or misleading in a material way and; (3) that plaintiff has been

**HURWITZ & FINE, P.C.**

Page 3

injured by reason of those acts. *Gaidon v. Guardian Life Ins. Co. of Am.,* 94 N.Y.2d 330 (1999). In connection with the character of General Business Law § 349 as a broad consumer protection statute and the requirements that the complained of conduct have a "broad impact on consumers at large," the statute does not apply to private contract disputes unique to the parties. *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 163 (2nd Dep't 2010). Critically, private contract disputes, unique to the parties, do not satisfy that standard. *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320 (1995); *see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, (1995).

Here, Plaintiffs' Verified Complaint fails to set forth allegations, and to date Plaintiffs have failed to provide any evidence that Union Mutual's alleged acts or claims handling practices have an impact beyond the Plaintiffs' contractual dispute with Union Mutual. Plaintiffs' Verified Complaint makes allegations not of widespread or consumer-oriented conduct, but of a contractual dispute between two individual parties, an insurance company and an individual insured. In their Verified Complaint Plaintiffs allege that "Defendant's retained adjuster interposed his own unqualified opinion as to the manner in which the Loss took place." (Doc. 1a, ¶ 72) This conclusory allegation completely ignores that the nature of the instant action is not whether or not Union properly adjusted Plaintiffs' claim, but whether or not Plaintiffs made a material misrepresentation on their application for commercial insurance. Further, to state a claim under GBL § 349, Plaintiffs' must make a *prima facie* showing that "defendant is engaging in an act or practice that is deceptive or misleading in a material way, ... that plaintiff has been injured by reason thereof." *State Farm Mut. Auto. Ins. Co. v. Malleia*, 175 F. Supp 2d 401, 420 (EDNY 2001) (internal quotations omitted). Plaintiffs' fail to allege Union Mutual engaged in any deceptive or misleading conduct and therefore fail to establish a viable claim under NY GBL § 349, and their second cause of action set forth in Plaintiffs' Verified Complaint must be dismissed.

For the foregoing reasons Defendant respectfully requests a pre-motion conference pursuant to Your Honor's Individual Practices and Rules, Rule 3.A., and subsequent leave to file a Rule 56 Motion for Summary Judgment dismissing the Causes of Action set forth in Plaintiff's Verified Complaint, as well as the demand for an award of punitive damages against our client the Defendant insurer, Union.

Very truly yours,

HURWITZ & FINE, P.C.

Charles J. Englert

cc:    *(via e-mail only)*
       Scott Agulnick, Esq.