UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRED LEE and ANN LEE,

                Plaintiffs,                         Case No. 1:20-cv-3191 (MKB)(PK)

    -against-

UNION MUTUAL FIRE INSURANCE COMPANY

                Defendant.
-------------------------------------------------------------------X

---

## MEMORANDUM OF LAW
### IN SUPPORT OF PLAINTIFFS FRED LEE AND ANN LEE'S
### MOTION FOR SUMMARY JUDGMENT

---

GREENBLATT AGULNICK KREMIN P.C.
55 Northern Boulevard, Suite 302
Great Neck, New York 11021

*Counsel for Plaintiffs Fred Lee and Ann Lee*

## TABLE OF AUTHORITIES

**Cases**

*Admiral Ins. Co. v. Brookwood Mgmt. #10, LLC*,
No. 16-CV-0437(SJF)(SIL), 2018 U.S. Dist. LEXIS 234894 (E.D.N.Y. Mar. 30, 2018) ................... 8

*Alkholi v. Macklowe*,
No. 20-1961-cv, 2021 U.S. App. LEXIS 13025 (2d Cir. May 3, 2021) .............................. 3

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ................................................................................ 3

*Ashkenazi v. AXA Equit. Life Ins. Co.*,
2016 N.Y.Misc. LEXIS 3656 (1st Dep't 2016) ............................................. 4, 5

*Breed v. Insurance Co. of N. Am.*,
46 N.Y.2d 351 (N.Y. 1978) ..................................................................... 8

*Fanger v. Manhattan Life Ins. Co.*
of New York, N.Y., 273 A.D.2d 438, 709 N.Y.S.2d 622 (2d Dep't 2000) ......................... 8

*Guideone Specialty Mut. Ins. Co. v. Congregation Adas Yereim*,
593 F. Supp. 2d 471 (E.D.N.Y. 2009) ..................................................... 10, 11

*Kohli v. Indep. Recovery Res., Inc.*,
No. 17-cv-03154 (DLI)(RLM), 2021 U.S. Dist. LEXIS 67911 (E.D.N.Y. Mar. 31, 2021) ................. 3

*Koloski v. Metro. Life Ins. Co.*,
5 Misc. 3d 1028(A), 799 N.Y.S.2d 161 (Sup. Ct. N.Y. County Nov. 3, 2004) .................... 8

*Kroski v. Long Island Sav Bank FSB*,
261 A.D.2d 136, 689 N.Y.S.2d 92 (1st Dep't, 1999) ....................................... 4, 5

*Lax v. City Univ. of N.Y.*,
No. 16-CV-799 (LDH) (VMS), 2020 U.S. Dist. LEXIS 195687 (E.D.N.Y. Oct. 21, 2020) ............... 3

*Leading Ins. Group Ins. Co., Ltd. v. Xiao Wu Chen*,
150 A.D.3d 977, 55 N.Y.S.3d 299 (2d Dep't 2017) ....................................... 10

*Morgan Stanley Grp. v. New England Ins. Co.*,
225 F.3d 270 (2d Cir. 2000) ..................................................................... 8

*Salazar-Limon v. City of Hous.*,
137 S. Ct. 1277 (2017) ............................................................................. 3

*Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*,
7 F.3d 1091 (2d Cir. 1993) ................................................................. 8, 9

*Seaboard Sur. Co. v. Gillette Co.*,
 64 N.Y.2d 304 (N.Y. 1984) ......................................................................................... 8

*U.S. Life Ins. Co. in City of New York v. Blumenfeld*,
 92 A.D.3d 487, 938 N.Y.S.2d 84 (1st Dep't 2012) ..................................................... 10, 11

*Variety Homes, Inc. v. Postal Life Ins. Co.*,
 287 F.2d 320 (2d Cir. 1961) ......................................................................................... 12

**Statutes**

Fed. R. Civ. P. 56 ............................................................................................................... 3

NYC Administrative Code § 27-2004 ................................................................................ 6, 7

NYC Administrative Code § 27-2062 ................................................................................ 6

NYC Administrative Code § 27-2087 ................................................................................ 7

Plaintiffs Fred Lee and Ann Lee ("Plaintiffs" or "Lee") submit this memorandum of law in support of their motion, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and the Local Rules of this Court, in granting partial summary judgment against Union Mutual Fire Insurance Company ("Union Mutual") on Plaintiffs' first cause of action of its Verified Complaint [DE 1].

**PRELIMINARY STATEMENT**

This case involves an insurer who seeks to rescind an insurance policy. In this matter, Plaintiffs seek to enforce the fire insurance policy (the "Policy") issued to them by Union Mutual. Plaintiffs suffered a fire loss on March 2, 2020 at their property located at 39-11 27th Street, Long Island City, New York (the "Property") and sought coverage under the Policy.  Rather than pay the Claim, Union Mutual sought to shirk its coverage obligation by purportedly rescinding the Policy because, according to Union Mutual, the Property had three apartments and was only insured for two.  The recission, however, was improper for three distinct reasons.

*First,* Union Mutual cannot rescind as a matter of law because it did not have any implemented underwriting guidelines for what constituted an apartment.  It is settled law that an insurer is required to provide evidence by either affidavit or testimony and by either underwriting guidelines, underwriting manual, or some other written guidance that establishes that it would not have issued the Policy under the circumstances.  Based on Union Mutual's agent's testimony, it cannot establish that it had any guidelines in place that established what constituted an apartment under the Policy.  Accordingly, Union Mutual cannot rescind the Policy as a matter of law on this ground alone.

*Second*, the Property only contained two apartment units.  Although Union Mutual has

1

concocted a novel theory that the cellar was also a separate apartment, the record conclusively establishes that there were only two apartments at the Property. The Policy does not define the term "apartment" and thus the term must be interpreted in favor of the insured and against the insurer. When interpreting the term apartment in favor of Plaintiffs, Union Mutual cannot meet its burden to rescind the Policy by establishing that the Property contained three separate apartments. Therefore, Union Mutual should not be permitted to rescind the Policy based on a fiction it created out of an ambiguous policy it drafted.

*Third*, Union Mutual is estopped from seeking rescission because it accepted premium payments after having actual knowledge of the facts upon which it relies to support rescission. Indeed, Union Mutual conducted an inspection of the Property before it issued the Policy where it photographed the basement, which it now claims it did not know about. There is no dispute that Union Mutual had photographs of the basement in its underwriting file and accepted premiums for years afterwards. It is beyond cavil that an insurer is estopped from rescinding when it had knowledge of facts sufficient to rescind, yet accepted premiums after it learned of those facts. Here, estoppel is warranted as a matter of law.

As explained in greater detail below, Union Mutual's recission fails as a matter of law and as a matter of fact. Accordingly, the Court should grant summary judgment in favor of Plaintiffs on Plaintiffs' first cause of action for breach of contract.

## FACTUAL BACKGROUND

A full recitation of the undisputed material facts supporting summary judgment in Plaintiffs' favor are set forth in the Rule 56.1 Statement of Material Facts ("SOF") in Support of Plaintiffs' motion.

2

## **ARGUMENT**

Summary judgment is properly granted where the "movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Alkholi v. Macklowe,* No. 20-1961-cv, 2021 U.S. App. LEXIS 13025, at *4 (2d Cir. May 3, 2021). "A fact is 'material' if it 'might affect the outcome of the suit under governing law.'" *Kohli v. Indep. Recovery Res., Inc.,* No. 17-cv-03154 (DLI)(RLM), 2021 U.S. Dist. LEXIS 67911, at *10 (E.D.N.Y. Mar. 31, 2021) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)).  In evaluating a motion for summary judgment, the Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Salazar-Limon v. City of Hous.*, 137 S. Ct. 1277, 1280 (2017).  The movant "bear[s] the initial burden of demonstrating the absence of a genuine issue of material fact." *Lax v. City Univ. of N.Y.*, No. 16-CV-799 (LDH) (VMS), 2020 U.S. Dist. LEXIS 195687, at *1 (E.D.N.Y. Oct. 21, 2020).  "Once the movants meet that burden, the non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial." *Id*.

When measured against this standard, and as set forth below, Plaintiffs are entitled to summary judgment because the basement is not an apartment, and Union Mutual is estopped from rescinding the Policy in any event.  Each issue is addressed in turn.

A.      **UNION MUTUAL CANNOT RESCIND THE POLICY BECAUSE IT CANNOT ESTABLISH THAT IT HAD ANY UNDERWRITING GUIDELINES CONCERNING WHAT CONSTITUTES AN APARTMENT**

To establish its right to rescind as a matter of law, an insurer must present two categories of evidence: (1) An affidavit or testimony from the insurer's underwriter who testifies that the insurer would not have issued the particular contract if the facts had been disclosed; and (2) the

insurer's underwriting manual, guidelines, or rules. *Ashkenazi v. AXA Equit. Life Ins. Co.,* 2016 N.Y.Misc. LEXIS 3656, at *15 (1ˢᵗ Dep't 2016), citing *New England Life Ins. Co. v. Taverna,* 2002 U.S.Dist. LEXIS 10747, 2002 WL 718755 (E.D.N.Y. 2002); *Kroski v. Long Island Sav Bank FSB,* 261 A.D.2d 136, 689 N.Y.S.2d 92 (1ˢᵗ Dep't, 1999). The Court may not rely merely on statements by the insurer that it would not have issued the policy but for the insured's misrepresentation. *See Ashkenazi,* 2016 N.Y.Misc. LEXIS 3656, at *15-16. Rather, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, to establish that it would not have issued the same policy if the correct information had been disclosed in the application. *See Ashkenazi,* at *15-16.

The record is devoid of any underwriting manuals, guidelines, set of rules, or some other documentation establishing what Union Mutual would consider an apartment. Rather, the record is clear that Union Mutual's underwriter conceded that Union Mutual did not utilize any definition. This failure, standing alone, prevents Union Mutual from rescinding the Policy.

Union Mutual's designated underwriting agent, Mr. James Lambert, conceded that Union Mutual did not have a definition for "apartment" or "apartment unit" for purposes of applying for insurance. *See* SOF, ¶ 12. Mr. Lambert testified as follows:

> Q:    Does Union Mutual or Roundhill Express have guidelines or memorandum of documentation which relate to the definition of an apartment unit as the term is utilized in an application for insurance?
>
> A:    No.

(Ex. D, Lambert Tr. 33:15-20)

> Q:    Well, what constitutes the definition of an apartment"
>
> A:    Do you want my definition; do you want the most recent court decision definition? I mean my definition doesn't really matter here.

4

> Q:    Okay. Well, what is the definition that is utilized by Roundhill Express in connection with applications?
>
> A:    We don't have a definition. We ask how many apartments are there.

(Ex. D, Lambert Tr. 34:12-22)

> Q:    *But what consistutes an apartment as far as Roundhill and Union Mutual are concerned?*
>
> A:    *I personally consider places in which people reside to be apartments, but my personal definition is not material here, it's how the courts define apartments.*

(Ex. D, Lambert Tr. 35:21-25)

The law does not permit Union Mutual to write its own rules as it goes along. Rather, the law states that without any guidelines or rules on what constitutes an "apartment" or "apartment unit" for purposes of underwriting a Policy, Union Mutual cannot rescind the Policy as a matter of law. *See Ashkenazi,* 2016 N.Y.Misc. LEXIS 3656, at *15; *Kroski,* 261 A.D.2d at 136.

**B.    THE TERM "APARTMENT" AS USED IN THE POLICY IS AMBIGUOUS AND THE CELLAR WAS NOT AN APARTMENT IN ANY EVENT**

There is no dispute that the Property is a legal two-family dwelling, and has been used as a two-family dwelling at all times by Plaintiffs. *See* Ex. C . Indeed, Union Mutual has not and does not suggest otherwise, nor is there any evidence that the Property was ever occupied as a three-family dwelling by Plaintiffs. *See* Ex. I. Notwithstanding the foregoing, Union Mutual purportedly rescinded the Policy and refused to pay Plaintiffs' claim because "there were actually three apartments at the [Property]" *See* Ex. L [DISCLAIMER]. This is simply not true and Union Mutual's basis for recission fails as a matter of law in any event because the term "apartment" or "apartment unit," as used in the application for insurance, is ambiguous.

5

As a threshold matter, Union Mutual cannot escape its agents' admission that an apartment is a "place[] in which people reside,*"* (Ex. D, Lambert Tr. 35:21-25), and there is no dispute that no one resided in the basement of the Property. *See* Ex. C ¶  18.   In fact, no one could.  The basement is not legally habitable as an apartment or a dwelling unit in the City of New York.  There is no legally habitable bedroom, no legal bathroom or kitchen, no kitchenette, stove, oven, microwave or a cooking gas connection, nor does it contain a legal living room. *See* Ex. C, ¶ 12. It is also undisputed that the basement has only been used for storage purposes. Notably, the restoration company who performed work at the premises indicated the space and the rooms as storage.  *See* Ex. C.

Section 27-2004(a)(14) of the Housing Maintenance Code of the City of New York, defines "apartment" as "one or more living rooms, arranged to be occupied as a unit separate from all other rooms within a dwelling, with lawful sanitary facilities and a lawful kitchen or kitchenette for the exclusive use of the family residing in such unit."  NYC Administrative Code § 27-2004(a)(14). The basement space at the Property, does not comply with the requirements of the code for rooms for living.  It does not contain windows in compliance with the law (*see* NYC Administrative Code § 27-2062(a))[1] which is a condition precedent to occupancy or habituality, nor it does not comply with legal natural light requirements.  *See*  NYC Administrative Code § 27-2062(b); *See also* Ex. P [Picture from Production Bates Stamped 33].

In fact, the "basement" as Union Mutual calls it, is in fact a cellar in that more than half of the height is below grade.  *See*  Ex. C; *see also* § 27-2004(a)(28) (defining "cellar" as "an enclosed space having more than one-half of its height below the curb level.").   In this regard, the Housing

---

[1]       Section 27-2062(a) of the Housing Maintenance Code provides that "[e]very living room shall have at least one window open to a street, public place or an open and unobstructed yard, court or other required open space on the same lot as the dwelling."  NYC Administrative Code § 27-2062(a).

Maintenance Code further specifies that a cellar shall not be rented and no member of a family occupying a one or two-family dwelling may use the cellar "for sleeping, eating or cooking purposes, except that a secondary kitchen for accessory cooking may be located in the cellar." NYC Administrative Code § 27-2087.   Thus, the presence of cabinets and a sink does not make it an "apartment unit" or "living unit" as the law is clear that secondary kitchen may be located in the cellar anyway.   Accordingly, as a matter of law, the Plaintiffs' cellar space at the property was not permitted to be rented or occupied for sleeping, eating or cooking purposes nor was it used for those purposes.   Union Mutual's underwriting agent conceded that an apartment is a "place[] in which people reside."   It follows that, as a matter of law, the cellar was not an "apartment unit." Ex. ?

Based upon the foregoing, at best, there is an ambiguity with regard to the term "apartment unit," or "living unit" as it is referred to in Union Mutual's underwriting guidelines as it relates to this context, a finished basement.   Here, the term "apartment" and "apartment unit" is undefined in the application (and the Policy) and, as demonstrated, subject to multiple interpretations which renders those terms ambiguous. Union Mutual's denial based on the description of the "full basement apartment" is inaccurate and misleading at best and is more likely a position taken in bad faith.   Illustrative of the ambiguities is the testimony of Union Mutual's underwriting agent who was unable to provide a definition of apartment unit, ultimately conceding that, a definition is not utilized.   *See* Ex. D, Lambert Tr. 34:12-22)

The law is well settled with regard to ambiguity as well and when there is no defined term, that ambiguity must be interpreted in favor of the insured. "[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case and that they are subject to no other

7

reasonable interpretation" *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 311 (N.Y. 1984) (internal citations omitted). "[A]mbiguities in an insurance policy are to be construed against the insurer" *Breed v. Insurance Co. of N. Am.*, 46 N.Y.2d 351, 353 (N.Y. 1978) (Holding that resolving the ambiguity against the insurer who drafted the contract is the doctrine of *contra preferentem*); *See also*, *Morgan Stanley Grp. v. New England Ins. Co.,* 225 F.3d 270, 276 (2d Cir. 2000). "Ascertaining whether or not a writing is ambiguous is a question of law for the trial court." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1094 (2d Cir. 1993).

The law is equally well settled as to ambiguities in an insurance application. This court held:

> [B]ecause insurance contracts are inevitably drafted by insurance companies, New York law construes insurance contracts in favor of the insured and resolves all ambiguities against the insurer. This latter rule applies to questions on insurance applications where the insurance company seeks to avoid liability by citing the answers thereto as misrepresentations.

*Admiral Ins. Co. v. Brookwood Mgmt. #10, LLC*, No. 16-CV-0437(SJF)(SIL), 2018 U.S. Dist. LEXIS 234894, at *61 (E.D.N.Y. Mar. 30, 2018). The New York Court of Appeals similarly held that "An insurer is held to a strict standard when it is endeavoring to avoid payment on its insurance contract because of answers to inquiries or declarations which it has framed." *Fanger v. Manhattan Life Ins. Co. of New York, N.Y.*, 273 A.D.2d 438, 439, 709 N.Y.S.2d 622 (2d Dep't 2000), *lv. dismissed*, 96 N.Y.2d 754, 725 N.Y.S.2d 279, 748 N.E.2d 1075 (N.Y. 2001); *see also Koloski v. Metro. Life Ins. Co.,* 5 Misc. 3d 1028(A), 1028A, 799 N.Y.S.2d 161, 161 (Sup. Ct. N.Y. County Nov. 3, 2004).

Here, Plaintiffs had no reason to believe that the finished cellar space in his legal two-family dwelling, never used by during his tenure as an apartment, and which lacked the physical

characteristics permitting lawful use as an apartment, should have been listed as an apartment on the application for insurance. Although some may have a difference of opinion, the measure is whether Plaintiffs' interpretation of the application question is a reasonable one. *See Sayers*, 7 F.3d at 1095 (Holding a term in an insurance policy is ambiguous if it "is susceptible to more than one reasonable interpretation."). Further, a review of Mr. Lambert's testimony itself requires the conclusion that had Mr. Lambert been answering the question in Mr. Lee's shoes, the response would likely have been the same, requiring the determination that the subject question is ambiguous and the rules of *contra preferentem* must be applied. Given Plaintiffs reasonably perception of the question as pertaining to actual lawful apartment units utilized as such, that conclusion is inescapable.

For the foregoing reasons, the Court should grant summary judgment in favor of Plaintiffs on their cause of action for breach of contract because the Property only had two apartments, and the application was ambiguous which requires the same holding.

**C.      DEFENDANT UNION MUTUAL IS ESTOPPED FROM CLAIMING MISREPRESENTATION BASED UPON THE BASEMENT/CELLAR SPACE AS IT IS UNDISPUTED THAT UNION MUTUAL INSPECTED THE SPACE IN JULY, 2017 AND TOOK NO ACTION TO CANCEL, NON-RENEW, OR RESCIND, AND ACCEPTED PREMIUMS**

Even if Union Mutual could establish that the basement was an apartment, which it cannot, Plaintiffs are still entitled to summary judgment because Union Mutual is estopped from rescinding the Policy. It is well established that "[a]n insurer's failure to rescind a policy promptly after obtaining sufficient knowledge of alleged misrepresentations by an insured constitutes ratification of the policy. . .[m]oreover, an insurer that accepts premiums after learning of facts that it believes entitles it to rescind the policy has waived the right to rescind." *U.S. Life Ins. Co. in City of New*

*York v. Blumenfeld*, 92 A.D.3d 487, 938 N.Y.S.2d 84 (1st Dep't 2012); *See also, Security Mut. Life Ins. Co. of New York v. Rodriguez*, 65 A.D.3d 1, 8, 880 N.Y.S.2d 619 (1st Dep't 2009) ("an insurer's claimed attempt to both accept premiums and reserve its right to rescind is unenforceable for lack of mutuality and timeliness"); *Continental Ins. Co. v. Helmsley Enterprises, Inc.,* 211 A.D.2d 589, 622 N.Y.S.2d 20 (1st Dep't 1995) ("Plaintiff waived its right to seek rescission of the contract of insurance when it knowingly accepted premium payments for several months following discovery of the alleged misrepresentations upon which it claimed to have relied when it issued the policies"); *Leading Ins. Group Ins. Co., Ltd. v. Xiao Wu Chen*, 150 A.D.3d 977, 978, 55 N.Y.S.3d 299 (2d Dep't 2017) ("The continued acceptance of premiums by an insurer after learning of facts which would allow for rescission of an insurance policy may constitute waiver of, or estoppel against, the insurer's right to rescind.").

This Court's holding in *Guideone Specialty Mut. Ins. Co. v. Congregation Adas Yereim*, 593 F. Supp. 2d 471, 483 (E.D.N.Y. 2009) is clear on the standard.  In *Guideone*, this Court stated:

> New York law is crystal clear on this point-- when an insurer seeks to rescind a contract *ab initio* based on misrepresentations by the insured, it must promptly disaffirm the contract upon learning of the misrepresentations--and certainly it may not continue to derive benefit under it. The Second Circuit, moreover, has pointedly and categorically stated that [any] action for rescission must be initiated without unreasonable delay. The Circuit's rule applies with even greater vitality in the insurance context due to the nature of the parties' obligations. Simply put, an insured has a compelling need to know whether it is covered under an existing insurance agreement.  An insured is therefore entitled to prompt notice of whether the insurer intends, upon gaining information of an alleged misrepresentation, to continue performance under the contract of insurance.

*Guideone Specialty Mut. Ins. Co.*, 593 F. Supp. 2d at 483 (Internet citations and quotations omitted, alterations in original); *accord, United States Life Ins. Co. in the City of N.Y. v.*

10

*Blumenfeld*, 92 A.D.3d 487, 489, 938 N.Y.S.2d 84 (1st Dep't 2012) ([A]n insurer that accepts premiums after learning of facts that it believes entitles it to rescind the policy has waived the right to rescind.)

It is hard to imagine a clearer case for estoppel. The evidence that Union Mutual accepted premiums after it became aware of the purported basis to rescind is irrefutable. The Inspection Report makes clear that the inspector photographed the mechanical room, the two gas meters, the electrical meters, all of which were in the basement. *See* Ex. F. In addition, Union Mutual had actual knowledge of the basement before the Policy was issued in July of 2017. Thus, Union Mutual had the opportunity to walk the property, inspect it, take relevant notes, and photograph the property as a pre-requisite for issuing the Policy. With full knowledge of the existence of the two upstairs apartments and the separate basement, Union Mutual issued the Policy. After the inspection, Plaintiffs were lulled into inactivity and reasonably believed that they had the coverage for the entirety of the Property because Union Mutual approved the risk and issued the Policy *after* the inspection. *See* Ex. C, ¶ 16.

Plaintiffs continued to pay, and Union Mutual continued to accept, premiums from 2017 until after Plaintiff submitted a claim years later. Indeed, Union Mutual conveniently did not seek to Rescind the policy until after a Claim was submitted in. There is nothing Union Mutual learned or could have learned following its second inspection that it did not or could not have learned during the first inspection performed before the Policy was issued. Furthermore, Plaintiffs were prejudiced by Union Mutual's delay because, had they known Union Mutual's position regarding the basement at the time of the inspection – albeit an untenable position – Plaintiffs could have procured insurance from a different insurer that would have covered the Property without the flimsy excuses now being propounded by Union Mutual.

11

Based upon Defendant's actual knowledge of the condition of the basement in July, 2017, and casting aside the fact that a finished cellar/basement is not an apartment unit, Union Mutual was required to rescind the Policy, at the latest, within a few months of its underwriting inspection in July 2017. Indeed, the Second Circuit has specifically stated that an insurer "cannot close its eyes to the obvious" then seek to void a contract based on purported misrepresentations in the application. *Variety Homes, Inc. v. Postal Life Ins. Co.*, 287 F.2d 320, 323 (2d Cir. 1961). Union Mutual's failure to timely rescind, and continue to collect premiums, is dispositive.[2]

## CONCLUSION

Based upon the foregoing, Summary Judgement on liability should be granted in favor of the insured Plaintiffs on its first cause of action. Union Mutual is foreclosed from rescinding the Policy because it did not have any underwriting guidelines defining the term "apartment", "apartment unit", or "living unit". Even if it could rescind, the record establishes that there was only two apartments at the Property and the terminology utilized in Union Mutual's application itself is fraught with ambiguity under the circumstances. And even if Union Mutual could overcome the two foregoing insurmountable hurdles, it would still be prohibited from doing so because Union Mutual had actual knowledge of the grounds for rescission in July, 2017 when it performed its underwriting inspection yet renewed the Policy the following year without objection, and accepted premiums for the renewal terms.

---

[2]     To resuscitate its fatally-flawed attempt to rescind the Policy, we anticipate that Union Mutual will assert that the renewal of the Policy in 2018 excuses or extinguishes the knowledge it obtained during the July 2017 inspection of the Property. Such an argument, although creative, fails miserably as a matter of law. Indeed, the record is devoid of any evidence that the condition of the Property changed in any way from the time of the July 2017 inspection to the date of the fire.

Based on the foregoing, Plaintiffs have set forth prima facie case of entitlement to summary judgment as a matter of law on their first cause of action for breach of contract.  Union Mutual cannot offer any admissible evidence to create any genuine issue of fact, beyond mere speculation or conjecture, and no amount of discovery will change the outcome.

Dated: Great Neck, New York
       October 25, 2021

Respectfully Submitted,

By:_____/s/_____

Scott Agulnick, Esq.
Todd D. Kremin, Esq.
GREENBLATT AGULNICK KREMIN P.C.
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
Tel: (718) 352-4800
Email: sagulnick@GAKlawfirm.com

*Attorneys for Plaintiffs*