# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRED LEE and ANNE LEE,

      Plaintiffs,      **ANSWER**

vs.               Civil No. 1:20-3191

UNION MUTUAL FIRE INSURANCE COMPANY,

      Defendant.

---

    Defendant, UNION MUTUAL FIRE INSURANCE COMPANY ("Union"), by its attorneys, HURWITZ & FINE, P.C., as and for its answer to Plaintiffs' complaint, upon information and belief, states:

    1.  Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1.

    2.  As to paragraph 2, admits that Union is incorporated under the laws of the State of Vermont and that it maintains its principal place of business in Vermont, and denies the remainder of the allegations in paragraph 2.

    3.  As to paragraph 3, admits that Union is authorized to issue liability and casualty insurance within the State of New York, and denies the remainder of the allegations in paragraph 3.

    4.  Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4.

    5.  Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5.

6. As to paragraph 6, admits that the Union Mutual issued a commercial insurance policy, policy number 314PK-49300-03, to Plaintiffs Fred and Anne Lee that was in effect on or about March 2, 2020 (the "policy"), refers the Court to the Declarations, terms, conditions, and exclusions of the policy, and denies the remaining allegations contained in paragraph 6.

7. As to paragraph 7, admits that the policy was for a one-year term and that it was in effect on or about March 2, 2020, refers the Court to the Declarations, terms, conditions, and exclusions of the policy, and denies the remaining allegations contained in paragraph 7.

8. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9.

10. As to paragraph 10, admits that Union was notified of the loss, refers the Court to the Declarations, terms, conditions, and exclusions of the policy, and denies the remaining allegations contained in paragraph 10.

11. As to paragraph 11, admits that Union conducted a thorough investigation of Plaintiffs' claim, refers the Court to the Declarations, terms, conditions, and exclusions of the policy, and denies the remaining allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12.

13. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. As to paragraph 15, admits that the denial of coverage was due to material misrepresentations made by Plaintiffs, refers the Court to the Declarations, terms, conditions, and

exclusions of the policy, and Union's disclaimer of coverage, and denies the remaining allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

21. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. As to paragraph 23, Defendant defers all conclusions of law and interpretations of law to the Court. To the extent a response is required, the allegation is denied.

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26.

27. As to paragraph 27, Defendant defers all conclusions of law and interpretations of law to the Court. To the extent a response is required, the allegation is denied.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

3

33. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 33.

34. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 34.

35. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35.

36. As to Paragraph 36, Defendant defers all conclusions of law and interpretations of law to the Court. To the extent a response is required, the allegation is denied.

37. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 37.

38. As to paragraph 38, Defendant defers all conclusions of law and interpretations of law to the Court. To the extent a response is required, the allegation is denied.

39. As to paragraph 39, Defendant defers all conclusions of law and interpretations of law to the Court. To the extent a response is required, the allegation is denied.

40. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 42.

43. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

4

45. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies having knowledge and information sufficient to form a belief as to the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50.

51. As to paragraph 51, Defendant defers all conclusions of law and interpretations of law to the Court. To the extent a response is required, the allegation is denied.

52. As to paragraph 52, Defendant defers all conclusions of law and interpretations of law to the Court. To the extent a response is required, the allegation is denied.

53. Denies the allegations contained in paragraph 53.

54. As to paragraph 54, admits that Union is governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department, defers all conclusions of law and interpretations of law to the Court, and to the extent a response is required, the allegation is denied.

55. As to paragraph 55, defers all conclusions of law and interpretations of law to the Court, and to the extent a response is required, the allegation is denied.

56. As to paragraph 56, admits that a claim for coverage was made, refers the Court to the Declarations, terms, conditions, and exclusions of the policy, and Union's disclaimer of coverage, and denies the remaining allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57.

5

58. Denies the allegations contained in paragraph 58.

59. Denies the allegations contained in paragraph 59.

60. Denies the allegations contained in paragraph 60.

## AS AND FOR AN ANSWER
## TO THE FIRST CAUSE OF ACTION:

61. Incorporates the other allegations of this answer by reference in response to paragraph 61 of the complaint.

62. Denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66.

## AS AND FOR AN ANSWER
## TO THE SECOND CAUSE OF ACTION:

67. Incorporates the other allegations of this answer by reference in response to paragraph 67 of the complaint.

68. As to paragraph 68, admits that Union is governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department, defers all conclusions of law and interpretations of law to the Court, and to the extent a response is required, the allegation is denied.

69. As to paragraph 69, defers all conclusions of law and interpretations of law to the Court, and to the extent a response is required, the allegation is denied.

70. As to paragraph 70, defers all conclusions of law and interpretations of law to the Court, and to the extent a response is required, the allegation is denied.

71. Denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75.

76. Denies the allegations contained in paragraph 76.

77. Denies the allegations contained in paragraph 77.

78. Denies the allegations contained in paragraph 78.

79. Denies the allegations contained in paragraph 79.

80. Denies the allegations contained in paragraph 80.

81. Denies the allegations contained in paragraph 81.

82. Deny each and every other allegation not heretofore controverted.

## AFFIRMATIVE DEFENSES

Without altering the burdens of proof or assuming any burden that it would not otherwise have, defendant asserts the following affirmative and other defenses upon information and belief:

### AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UNION ALLEGES, UPON INFORMATION AND BELIEF:

83. Plaintiffs are not entitled to coverage under the Union policy because the policy is void *ab initio* based upon material misrepresentations made by Plaintiffs on their insurance application.

7

Case 1:20-cv-03191-MKB-PK Document 4 Filed 07/16/20 Page 8 of 10 PageID #: 36

**AS AND FOR A SECOND, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, UNION ALLEGES,
UPON INFORMATION AND BELIEF:**

84. Plaintiffs' claims against Union should be dismissed, in whole or in part, because Union did not breach any legal or contractual duty owed to Plaintiffs.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, UNION ALLEGES,
UPON INFORMATION AND BELIEF:**

85. Plaintiffs' claims are barred by accord and satisfaction.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, UNION ALLEGES,
UPON INFORMATION AND BELIEF:**

86. Plaintiffs' claims against Union should be dismissed, in whole or in part, because Union acted in good faith and in accordance with the Policy at all times.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, UNION ALLEGES,
UPON INFORMATION AND BELIEF:**

87. Plaintiffs allege a private contractual dispute and fails to allege any injury to the general public at-large.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, UNION ALLEGES,
UPON INFORMATION AND BELIEF:**

88. Plaintiffs' Complaint fails to state a cause of action for which relief may be granted.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, UNION ALLEGES,
UPON INFORMATION AND BELIEF:**

89. Plaintiffs' action is barred by the applicable statute of limitations.

### AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UNION ALLEGES, UPON INFORMATION AND BELIEF:

90. Plaintiffs have not sufficiently served Defendant with process.

### AS AND FOR A NINTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UNION ALLEGES, UPON INFORMATION AND BELIEF:

91. This Honorable Court lacks personal jurisdiction over Defendant.

### AS AND FOR A TENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, UNION ALLEGES, UPON INFORMATION AND BELIEF:

92. Plaintiffs are not entitled to coverage under the Union policy based upon the doctrines of waiver, laches, estoppel, and unclean hands.

**WHEREFORE**, Defendant, UNION MUTUAL FIRE INSURANCE COMPANY, demands judgment as follows:

1. Dismissing the Complaint in its entirety;

2. Such other and further relief as this Court may deem just, equitable, and proper, together with the costs and disbursements in connection with this action.

DATED:   Buffalo, New York
July 16, 2020

HURWITZ & FINE, P.C.

*/s/ John R. Ewell*

John R. Ewell, Esq.
*Attorneys for Defendant*
*Union Mutual Fire Insurance Company*
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900

9

To: Greenblatt & Agulnick, P.C.
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
Attn: Scott E. Agulnick, Esq.