# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FRED LEE and ANNE LEE,                                  Case No.: 1:20-cv-03191

                              Plaintiffs,

                                                        **AFFIDAVIT OF**
                    -against-                           **PLAINTIFF**

UNION MUTUAL FIRE INSURANCE COMPANY,

                              Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK           )
                            )ss.:
COUNTY OF QUEENS            )

FRED LEE, being duly sworn, deposes, and says:

1.      I am one of the Plaintiffs in the above-captioned matter and as such am fully familiar with the facts and circumstances set forth herein.

2.      I respectfully submit this Affidavit in Support of mine and my wife, Anne Lee's, motion for summary judgment against Union Mutual Fire Insurance Company ("Union Mutual").

3.      By way of background, my wife, Anne Lee, and I own and have an insurable interest the real property located at 39-11 27th Street, Long Island City, New York (the "Property").

4.      We brought this lawsuit to recover insurance proceeds from Union Mutual to cover damages resulting from a fire loss which occurred at the Property.

5.      On or about March 2, 2020, a catastrophic fire in the second floor of the Property (the "Fire") occurred which caused significant damaged to the Property, including, but not limited to, fire, smoke, water damage and structural damage, and resulted in extensive damages to building and further resulted in lost rents.

6.     I was insured under an insurance Policy issued by Union Mutual under  policy number 314PK-49300-03 (the "Policy"), which insured the dwelling at the Property in the amount of $400,000.00 for, among other this, damages caused by fire.

7.     After the fire, I contacted Union Mutual as soon as practicably possible and informed them of the Fire, and I filed a claim under the Policy (hereinafter the "Claim").

8.     On or about May 19, 2020, Union Mutual wrongfully denied coverage for the damages caused by the fire, refused to make payment under the Policy, and rescinded the Policy in bad faith, alleging that my wife and I made material misrepresentations as to the number of "apartment units" at the Property.

9.     There were no material misrepresentations and certainly not with respect to the number of apartment units at the Property.  Indeed, the Property is a legal two-family dwelling under the laws of the City of New York and contains only two dwelling units, apartments, or units, and was rented in the same manner.  Therefore, all of my answers on the application for the Policy were accurate to the best of my knowledge.

10.     The basement at the home -- technically a cellar since it is almost entirely below street level -- is nothing other than what I consider a finished basement.

11.     A visual inspection of the basement reveals that the space cannot lawfully be used as an apartment or for a family to reside.  Although the partitioned spaces are used for storage only, they cannot lawfully be used as bedrooms for a number of reasons under the law of the City of New York.

12.     In addition to the above, at the time of the Fire, there was no stove connected. Although there was a stove in the basement that I stored there, it that was moved from one of the apartments but was not connected in the basement at the time of the Fire or any time prior to the

Fire. Similarly, there is no legally habitable bedroom, and no kitchen, no kitchenette, no cooking-gas connection, or other utility to make it a habitable apartment under the laws of the City of New York.

13.     Moreover, after the application was submitted and before Union Mutual issued the Policy, Union Mutual's inspector visited with me at the Property and inspected the dwelling, including the basement which Union Mutual now claims is an "apartment."

14.     I was present during the inspection when the inspector inspected the premises. When he inspected the basement, he took photos of the two gas meters, two electric meters (labeled 1st Fl and 2nd Fl), the heating equipment and hot water heater, the stairs, and two mailboxes. The inspector was able to view the Property as is, on his schedule.

15.     I am advised that Union Mutual now asserts that I reaffirmed the answers on my application for the renewal of the Policy in 2018 prior to the Fire. This is not true because I never completed or signed any renewal application. In fact, I was under the belief that the renewal of the Policy was automatic.

16.     However, I never had any reason to believe that Union Mutual thought that the answers on my application for the Policy were not accurate, and the fact that Union Mutual had physically viewed and inspected the Property led me to believe that there could not be any issues with the coverage under the Policy, and that no additional action was required on my part to obtain coverage under the Policy in the event we incurred a loss. I relied upon Union Mutual's inspection and was led to believe that Union Mutual would take some action promptly if my Property was not, in their opinion, accurately reflected in the application.

17.     At no time prior to the fire did Union Mutual cancel or refuse to renew the Policy even though they knew exactly what the basement consisted of.

18.     In sum, the basement (cellar) is not an apartment, and I affirm that the space was

never used as a residence, never occupied, and is not a lawful apartment. The basements space has

never been used as a dwelling or occupied by me, any member of my family, and has not been

used or a dwelling or occupied by any tenants, guests or otherwise.

FRED LEE

Sworn to before me this
20th day of October, 2021

Notary Public

SCOTT EVAN AGULNICK
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02AG6336553
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES 02-08-2024