# EXHIBIT K

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
FRED LEE and ANN LEE

                Plaintiffs,

    -against-

UNION MUTUAL FIRE INUSRANCE COMPANY,

               Defendant
_____

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST DEMAND FOR INTERROGATORIES**

Case No.: 1:20-cv-03191

Defendant, Union Mutual Fire Insurance Company, by and through its attorneys, Hurwitz & Fine, P.C., as and for its Objections and Responses to Plaintiffs' First Demand for Interrogatories states:

## PRELIMINARY STATEMENT

As used herein, "plaintiffs" refers, collectively, to plaintiffs Fred Lee and Ann Lee. "Union Mutual" or "defendant" refers to defendant Union Mutual Fire Insurance Company.

Union Mutual objects to each of plaintiffs' "DEFINITIONS" that are broader than the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3(c) and (d). Further, Union Mutual objects to plaintiffs' improper and unfounded demand that Union Mutual serve answers to plaintiffs' interrogatories within twenty days, when Rule 33(b)(2) of the Federal Rules of Civil Procedure provides answering parties thirty days to respond.

By providing or referencing documents and information herewith, Union Mutual neither admits nor concedes the authenticity, relevance or admissibility of documents or information produced or referenced. Admissibility of evidence proffered by plaintiffs or any party is for the Court's determination, and by responding to plaintiffs' First Demand for Interrogatories, dated December 8, 2020, Union Mutual in no way waives objections it may have to the authenticity,

relevance, or admissibility of documents or information produced or referenced or objections it may have to the authenticity, relevance, or admissibility of evidence plaintiffs or any other party intends to proffer and/or move on before or at trial.

## SPECIFIC RESPONSES AND OBJECTIONS

1. State the name, address and title of the person who is answering these interrogatories.

**RESPONSE:**

James Lambert, President of Roundhill Express LLC, PO Box 611 Ardsley, New York 10502.

2. With regard to the preparation of these interrogatory answers, identify the following:

   a. all persons you consulted, spoke with or discussed concerning the answers to these interrogatories, with the exception of your counsel;

   b. any documents you consulted or reviewed concerning the answers to these interrogatories with, the exception of your counsel.

**RESPONSE:**

   a. None other than counsel.

   b. None.

3. Set forth the name, title, employer of the person who rendered any coverage determination with regard to the Subject Claim.

**RESPONSE:**

James Lambert, President of Roundhill Express LLC.

4. The names, titles, and employer of any other individuals who assisted, advised, consulted, or participated in the coverage determination of the Subject Claim.

**RESPONSE:**

Ernestine Gorham, Property Claims Adjuster, Roundhill Express, LLC.

Harry Beltrani, Independent Adjuster, Beltrani Consultants Inc.

5. Identify any reports which aided in in the process of rendering the coverage decision in the instant matter, whether prepared by insurance investigators, adjusters, or attorneys before the decision was made to pay or reject a claim, including "mixed/multi-purpose" reports, motivated in part by the potential for litigation with the insured, and annex a copy of each to this response.

**RESPONSE:**

Union Mutual objects to this interrogatory as being unduly vague and ambiguous, because of its inclusion of the undefined term "mixed/multi-purpose".  Subject to and without waiving this objection, Union Mutual provides the following response . The reports previously produced to plaintiffs in this action contain the requested information. All reports relied upon in the process of rendering the coverage decision in the instant matter have been previously produced as exhibits to Union Mutual's response to Plaintiffs' First Demand for Documents on December 15, 2020.

6. Set forth the factual basis upon which Defendant relied to deny or decline any portion of the Subject Claim.

**RESPONSE:**

Plaintiffs misrepresented facts.

7. Set forth whether Defendant adjusted the loss, irrespective of the coverage determination.  If so, set forth each Coverage A, B, C, and D:

    a.       The replacement cost adjusted by Defendant;

    b.       The actual cash value adjusted by the Defendant;

    c.       The recoverable depreciation adjusted by the Defendant.

**RESPONSE:**

Union Mutual objects to this interrogatory on the basis of it being unduly vague and ambiguous. It is unclear what the interrogatory's reference to "Coverage A, B, C, and D" concerns. Subject to and without waiving this objection, Union Mutual provides the following response.

Adjustment was made only under the Commercial Property Coverage:

    a.       $113,001.5

    b.       $108,640.87

    c.       $4,360.18

8.     Set forth whether Defendant consulted with, reviewed, or otherwise relied upon any rules, regulations, statutes, memorandum, guidelines, definitions, or other documents in connection with the underwriting of the Plaintiffs' policy which referenced the terms "dwelling unit", "apartment unit", or "unit". Annex a true and complete copy to the response.

**RESPONSE:**

Union Mutual objects to this interrogatory on the basis of it being overly broad, unduly vague and ambiguous. This interrogatory is written so broadly that it extends to information not relevant to the claims or defenses in the matter, such as whether Defendant "consulted with, reviewed, or otherwise relied upon...any rules, regulations, statutes, etc." in underwriting the

plaintiffs' policy. In addition, Union Mutual objects to this interrogatory on the basis of it being unduly vague and ambiguous. The alphabetized "DEFINITIONS" preceding the setting forth of Plaintiffs' numbered interrogatories define the phrase "Subject Policy"; however, in this interrogatory the undefined phrase "Plaintiffs' policy" rather than "Subject Policy" is vaguely and ambiguously used. As such, it is unclear whether this interrogatory is referencing a policy other than the defined "Subject Policy".

Subject to and without waiving this objection, Union Mutual provides the following response: No.

9. Identify any memorandum, guidelines, communications, or other documentation reflecting any deliberation, discussion, determination, or position by Defendant as to what constitutes a "dwelling unit", "apartment unit", or "unit" as it relates to insurance policies issued by Defendant and/or applications related thereto.

**RESPONSE:**

Union Mutual objects to this interrogatory on the basis of it being overly broad. This interrogatory is overly broad for multiple reasons. First, this interrogatory is not limited in time to events relevant to the plaintiffs' complaint. Further, this interrogatory is written so broadly that it extends to information not relevant to the claims or defenses in the matter because it purports to inquire about any kind of insurance policy ever issued by Union Mutual and/or any applications for any kind of insurance policy ever issued by Union Mutual. Subject to and without waiving this objection, Union Mutual provides the following response: None.

10. Set forth the definition of "dwelling unit" employed by the Defendant as it relates to insurance policies issued by Defendant and/or applications related thereto.

**RESPONSE:**

Union Mutual objects to this interrogatory on the basis of it being overly broad. This interrogatory is overly broad for multiple reasons. First, this interrogatory is not limited in time to events relevant to the plaintiffs' complaint. Further, this interrogatory is written so broadly that it extends to information not relevant to the claims or defenses in the matter because it purports to inquire about any kind of insurance policy ever issued by Union Mutual and/or any applications for any kind of insurance policy ever issued by Union Mutual.

11. Set forth the definition of "apartment unit" employed by the Defendant as it relates to insurance policies issued by Defendant and/or applications related thereto.

**RESPONSE:**

Union Mutual objects to this interrogatory on the basis of it being overly broad. This interrogatory is overly broad for multiple reasons. First, this interrogatory is not limited in time to events relevant to the plaintiffs' complaint. Further, this interrogatory is written so broadly that it extends to information not relevant to the claims or defenses in the matter because it purports to inquire about any kind of insurance policy ever issued by Union Mutual and/or any applications for any kind of insurance policy ever issued by Union Mutual.

12. Set forth the definition of "unit" employed by the Defendant as it relates to insurance policies issued by Defendant and/or applications related thereto.

**RESPONSE:**

Union Mutual objects to this interrogatory on the basis of it being overly broad. This interrogatory is overly broad for multiple reasons. First, this interrogatory is not limited in time to events relevant to the plaintiffs' complaint. Further, this interrogatory is written so broadly that it extends to information not relevant to the claims or defenses in the matter because it purports to

inquire about any kind of insurance policy ever issued by Union Mutual and/or any applications for any kind of insurance policy ever issued by Union Mutual.

13. Set forth whether the legality of a space to be occupied as either a "dwelling unit", "apartment unit" or "unit" has any bearing or impact on Defendant's designation of a space to be any one or more of the foregoing.

**RESPONSE:**

Union Mutual objects to this interrogatory on the basis of it being unduly vague and ambiguous because it is, respectfully, unintelligble. Union Mutual also objects to this interrogatory on the basis of it being overly broad. This interrogatory is overly broad because it is is written so broadly that it extends to information not relevant to the claims or defenses in the matter.

14. Set forth whether Defendant provided Plaintiffs with any definitions of any terms utilized in the application for the Subject Policy. If so, furnish a true and complete copy of same.

**RESPONSE:**

No.

15. Set forth whether Defendant claims there was a stove connected in the basement of the Subject Premises.

**RESPONSE:**

Yes.

16. Set forth whether Defendant ever investigated and ascertained whether the basement of the Subject Premises could lawfully be utilized as either a "dwelling unit", "apartment unit" or "unit". If so, set forth the results of that investigation.

**RESPONSE:**

No.

17.  Set forth the date of each inspection of the Subject Premises by Defendant, including before, during, or after the issuance of the Policy, setting forth:

   a. The name and company of the individual who performed the inspection.

   b. Identify and annex a copy of any and all inspection reports or other documented generated in connection with any inspection.

**RESPONSE:**

Union Mutual objects to this interrogatory on the basis of it being unduly vague and ambiguous. The alphabetized "DEFINITIONS" preceding the setting forth of Plaintiffs' numbered interrogatories define the phrase "Subject Policy"; however, in this interrogatory the undefined phrase "Plaintiffs' policy" rather than "Subject Policy" is vaguely and ambiguously used. As such, it is unclear whether this interrogatory is referencing a policy other than the defined "Subject Policy". Subject to and without waiving this objection, Union Mutual provides the following responses:

   a. The Subject premises was inspected by an inspector retained by Roundhill Express LLC to perform a limited underwriting inspection on July 17, 2017. The Subject Premises was inspected by Harry Beltrani of Beltrani Consultants Inc. multiple times after the fire at the Subject premises. The Subject Premises was also inspected by Michael Cummings of TJ Russo Consultants after the fire at the Subject Premises.

   b. Copies of all inspection reports are included within the exhibits to Union Mutual's response to Plaintiffs' First Demand for Documents on December 15, 2020.

Dated: Buffalo, New York
~~January ___, 2021~~
March 16, 2021

HURWITZ & FINE, P.C.

_____
Charles J. Englert, Esq.
*Attorneys for Defendant*
*Union Mutual Fire Insurance Company*
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900
cje@huwitzfine.com

To: Greenblatt & Agulnick, P.C.
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
Attn: Scott E. Agulnick, Esq.

## VERIFICATION OF INTERROGATORY ANSWERS

STATE OF NEW YORK           )
COUNTY OF WESTCHESTER  )   ss:

JAMES LAMBERT, being duly sworn, deposes and says: that he is the President of Roundhill Express, LLC, third-party administrator for, and agent of, Defendant Union Mutual Fire Insurance Company; that he has read the foregoing Objections and Responses to Plaintiffs' First Demand for Interrogatories and knows the contents thereof; and verifies the responses contain the responsive information available to the defendant.

_____
JAMES LAMBERT

Sworn to me before this
16 day of March, 2021

_Ana Moreno-Harper_

ANA MORENO-HARPER
Notary Public, State of New York
Reg. No. 01MO6361029
Qualified in Westchester County
Commission Expires July 3, 2021