UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

FRED LEE and ANNE LEE,

                        Plaintiffs,

vs.

UNION MUTUAL FIRE INSURANCE COMPANY,

                        Defendant.
_____

**UNION MUTUAL'S RESPONSE TO RULE 56.1 STATEMENT OF MATERIAL FACTS**

Case No.: 1:20-cv-03191- MKB-PK

**I.    The Application and Underwriting Inspection'**

1.    For each new policy that Union Mutual Fire Insurance Company ("Union Mutual") issues, it performs an underwriting inspection of the subject property proposed for insurance within sixty (60) days of the effective date of the policy. (See Ex. M, Program Managers Agreement, p. 20).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

2.    The purpose of the inspection is to ascertain if the risk is suitable for inclusion in the program. (See Ex. M, Program Managers Agreement, p. 20).

**RESPONSE:**
Undisputed and admitted by Union Mutual. However, Plaintiffs fail to represent that the inspection is not "designed to verify the accuracy of all the answers provided by the insured in response to the Preliminary application Questions listed on the Roundhill Express Website at the time of binding and at any subsequent renewal. (Declaration of Scott Agulnick ("Agulnick Dec.") Ex. M., p. 20). Further the inspection is limited to inspect the heating system, electrical, public access stairs, and any sidewalks at a property. (Agulnick Dec., Ex. D, p. 21).

3.    Round Hill Express ("Round Hill"), acting as an agent of Union Mutual, binds insurance policies on behalf of Union Mutual (See Ex. D, Lambert Tr. 7:5; Ex M, Program Managers Agreement).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

**II.    The Application, Inspection, and the Policy**
4.    On or about June 27, 2017, the Lees applied for a home insurance policy (the "Application") to cover their property located at 39-11 27th Street, Long Island City, New York 11101 (the "Property"). (See Ex. H, Policy Binder, p. 4)

1

**RESPONSE:**
The Lees did not apply for a "home insurance policy." The Lees applied for a policy of commercial insurance through Roundhill Express, LLC ("Roundhill"), as evidenced by page 3 of Exhibit H to the Agulnick Dec., titled "Application for Commercial Insuance."

5. The Application asked several questions about the Lees' property, including "How many apartment units are there?" (See Ex. H, Policy Binder, p. 5)

**RESPONSE:**
Undisputed and admitted by Union Mutual.

6. In response to the foregoing question, the Application states "2". (See Ex. H, Policy Binder, p. 5).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

7. According to the Lees, all of the answers were accurate to the best of their knowledge. (See Ex. C, Plaintiff's affidavit, ¶ 9)

**RESPONSE:**
Union Mutual is unable to comment on mental state of Plaintiffs when responding the preliminary questions on their Application for Commercial Insurance.

8. The application contains no definition of the term "apartment unit". (See Ex. H, Policy Binder).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

9. Union Mutual has no definition of apartment it utilizes. (See Ex. D., Lambert Tr. At pp. 36:1-37-20)

**RESPONSE:**
Undisputed and admitted by Union Mutual.

10. Union Mutual conceded that the term "apartment unit" can be interpreted in a number of ways. (See Ex. D., Lambert Tr. At pp. 36:1-37-20)

**RESPONSE:**
Defendant does not concede that the term "apartment unit" can be interpreted in a number of ways, but that there are a number of elements which determine the description of a portion of any property.

11. Union Mutual did not have an understanding as to the difference between a finished basement and apartment. (See Ex. D., Lambert Tr. At pp. 36:1-37-20; See Ex. D, Lambert Tr. At pp 40, lines 7 — 11).

**RESPONSE:**
Union Mutual denies this statement.

12. Union Mutual's underwriting guidelines is based upon "living units" and not "apartment units". (See Ex. M, Bates Stamp 000021)

**RSPONSE:**
Union Mutual's underwriting guidelines are based on the number of apartment units. The term "living units" is used by the Insurance Service Office in describing its class codes.

13. Union Mutual's underwriting guidelines state:
> There is limited pre-underwriting with the primary focus of the underwriting review involving reviewing the loss control inspection for acceptability. All properties are subject to an on-site physical inspection within 60 days of inception. The loss control inspection is the means by which the account is underwritten. If the loss control inspection reveals unacceptable or uncontrolled hazards the account is cancelled by issuance of a Notice of Cancellation for Underwriting reasons within the first 60 days of binding.
> (See Ex. M Bates Stamp 000019).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

14. On July 11, 2017, Union Mutual conducted an underwriting inspection of Property. (See Ex. F, Underwriting Report; Ex. G., Harper Tr. 21:14-16; Ex. H, Union Mutual's Discovery Responses).

**RESPONSE:**
Union Mutual did not conduct an underwriting inspection of the Property. The underwriting inspection was conducted by an independent contractor on behalf of Union Mutual. (Agulnick Dec., Ex. G., p. 7)

15. Inspector Frederick Harper (the "Inspector"), an agent for Round Hill, conducted the inspection of Property. (See Ex. G, Harper Tr. 11:14)

**RESPONSE:**
The underwriting inspection was conducted by an independent contractor on behalf of Union Mutual. (Agulnick Dec., Ex. G., p. 7). Mr. Harper is not an agent of Union Mutual.

3

16.     The underwriting inspection included an inspection of the heating system, electrical system, and public access stairs. (See Ex. D, Lambert Tr. 21:21)

**RESPONSE:**
Undisputed and admitted by Union Mutual.

17.     The Inspector took Photographs of the Property, including the exterior of the house, the back and front, sidewalk, stairs, electrical meters, gas meters, and heating equipment, and included those photos in his inspection report. (See Ex. F, Inspection Report).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

18.     As part of the underwriting inspection, the Inspector conducted an inspection of basement. (See Ex. G, Harper Tr. 22:21, 24:25; see also Ex. F, Inspection Report).

**RESPONSE:**
The Inspector did not conduct an inspection of the basement but testified that he was in the basement to inspect the boiler and hot water heater. (Agulnick Dec., Ex. G., p. 21)

19.     The two gas meters, two electrical meters, and the heating equipment that the Inspector inspected are located in the basement. (See Ex. C, Lee Aff.; Ex: G Harper Tr. 22:16).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

20.     Notably, the two electrical meters located in the basement were labeled "1St Floor" and "2nd Floor". (See Ex. C, Lee Aff.; Harper Tr. Page 21 lines 2-16).

**RESPONSE:**
Defendant admits this fact as uncontroverted.

21.     Round hill noted that the Property passed the Underwriting inspection on July 12, 2017 (See Ex. N)

**RESPONSE:**
Undisputed and admitted by Union Mutual.

22.     Defendant did not decline to issue Policy or change terms upon completing and passing the underwriting inspection. (See Ex. H Policy Binder).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

23. On June 27, 2017, after Union Mutual confirmed the underwriting inspection, Union Mutual issued the Policy covering the Property. (See Ex. H, Policy Binder).

**RESPONSE:**
Union Mutual could not have "confirmed the underwriting inspection" on June 27, 2017 as alleged, as the underwriting inspection did not occur until July 12, 2017. (Agulnick Dec., Ex. N).

24. On July 28, 2017, Policy came into effect. (See Ex. H, the Policy Binder).

**RESPONSE:**
The Policy was effective on July 8, 2017. (Agulnick Aff., Ex. H).

25. The Policy provides coverage for direct physical loss or damages to Property. (See Ex. H, Policy Binder).

**RESPONSE:**
Union Mutual denies this allegation. The Policy only provides coverage for direct physical loss or damages to property pursuant to the terms, conditions, and limitations set forth in the policy.

26. Union Mutual did not non-renew, cancel, or otherwise change terms of the Policy at any time subsequent to its inspection of the basement in July, 2017. (See Ex. C, Plaintiff's Affidavit If 17).

**RESPONSE:**
Union Mutual renewed the Policy based upon the procedures set forth in it Program Managers Agreement and the Plaintiffs' responses to the questions set forth in the Renewal Application for Commercial Insurance.

27. The Lees relied on the underwriting inspection and were led to believe that Union Mutual would take some action promptly after the Underwriting Inspection, if the Property was not, in Union Mutual's opinion, accurately reflected in the Application. (See Ex. C, Plaintiff s Affidavit, ¶ 16).

**RESPONSE:**
Union Mutual denies this allegation as Plaintiffs have proffered no evidence that they were induced to believe that Union Mutual would take some action promptly after the Underwriting Inspection, if the Property was not, in Union Mutual's opinion, accurately reflected in the Application other than the self-serving affidavit of Plaintiff Fred Lee.

### III.   Property

28.   The Property is a legal two-family dwelling according to the Department of Buildings. (See Ex. P, Production Docs, Defendant Bates Stamp 000038)

**RESPONSE:**
Union Mutual does not dispute that the premises located at 39-11 27th Street, Long Island City, New York (the "Premises") is a "legal" two-family dwelling. Union Mutual asserts that matter at issue is the physical layout of the Premises.

29.   The Property contains a finished basement which cannot lawfully be occupied as a dwelling or "apartment". (See Ex. C, Plaintiff's Affidavit ¶ 11-12).

**RESPONSE:**
The lawful occupancy of the Premises is not at issue in this matter. Union Mutual asserts that matter at issue is the physical layout of the Premises.

30.   There was no connected stove in the basement at the time of the Loss. (See Ex. I, Lee Tr. 31:14; Ex. C, Plaintiff's Affidavit If 12).

**RESPONSE:**
Union Mutual can neither confirm nor deny this allegation, however whether or not a stove was connected in the basement is inconsequential as the only matter at issue is the physical layout of the Premises.

### IV. Renewal

29.   The Policy was in effect on March 2, 2020 (See Ex. B, Defendant's Answer, ¶ 7).

**RESPONSE:**
Union Mutual Policy number 314PK-49300-03 was in effect on March 2, 2020. However, Policy 314PK-49300-03 was rescinded by Union Mutual on May 19, 2020.

30.   Plaintiff took no action in connection with the renewal, and did not execute any additional documentation in connection with the renewal. (See Ex. C, Plaintiffs Affidavit., ¶ 15)

**RESPONSE:**
Plaintiffs or their agent completed a renewal application for commercial insurance.

### V.   The Fire

31.   On March 2, 2020, the Property was extensively damaged by a fire that started on the second floor. (See Ex. J, NYS Fire Claim Form)

**RESPONSE:**
Undisputed and admitted by Union Mutual.

6

32. Beltrani Consultants did the investigation; however they were not provided with the claim file and did not review it. (See Ex. D, Lambert Tr. 30:1-20)

**RESPONSE:**
Undisputed and admitted by Union Mutual.

33. Following the Fire, Union Mutual adjusted the fire loss under the commercial property coverage, and provided its estimate of the loss as $113,001.50. (See, Ex. K, Union Mutual's Discov. Responses, ¶ 7).

**RESPONSE:**
Undisputed and admitted by Union Mutual.

### VI.   Union Mutual Denial and Purported Rescission

34. By letter dated May 19, 2020, Union Mutual disclaimed coverage and refused to pay for the loss caused by the fire, and purported to rescind the Policy. (See Ex. L, Denial Letter).

**RESPONSE:**
By correspondence dated May 19, 2020 Union Mutual rescinded the Policy based upon Plaintiffs' material misrepresentations of the property to be insured on their initial and renewal applications for commercial insurance.

DATED:   Buffalo, New York
         November 19, 2021                    HURWITZ & FINE, P.C.

                                              *Eric T. Boron*

                                              _____
                                              Eric T. Boron, Esq.
                                              Charles J. Englert III, Esq.
                                              *Attorneys for Plaintiff,*
                                              *Union Mutual Fire*
                                              *Insurance Company*
                                              1300 Liberty Building
                                              Buffalo, New York 14202
                                              (716) 849-8900