UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

FRED LEE and ANNE LEE,

      Plaintiffs,

vs.

UNION MUTUAL FIRE INSURANCE COMPANY,

      Defendant.

_____

---

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS' MOTION
## FOR SUMMARY JUDGMENT

Case No.: 1:20-cv-03191- MKB-PK

---

HURWITZ & FINE, P.C.
Eric T. Boron, Esq.
Charles J. Englert, III, Esq.
*Attorneys for Defendant,*
*Union Mutual Fire Insurance Company*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
cje@hurwitzfine.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. i3

PRELIMINARY STATEMENT ......................................................................... 1

ARGUMENT ...................................................................................................... 2

POINT I    PLAINTIFFS HAVE FAILED TO CARRY THEIR INITIAL
BURDEN ON THEIR SUMMARY JUDGMENT MOTION ........................ 2

    A.   Summary Judgment Standard ........................................................ 2

    B.  Court's Responsibility When Assessing
    Summary Judgment Motions ........................................................ 3

    C.  Determining Whether There Is A Genuine Issue For Trial ........................ 3

    D.  The Movant's Initial Burden.......................................................... 4

    E.  Movant's Failure To Carry Initial Burden Requires
    Denial of Motion.......................................................................... 4

    F.  Defendants Have Failed to Carry Their Initial Burden.............................. 5

POINT II    PLAINTIFFS' ESTOPPEL AND WAIVER
ARGUMENTS ARE UNFOUNDED................................................................ 6

    A.  Plaintiffs Proffer No Admissible Evidence Proving
    Union Mutual Knew At Any Point In Time Before
    The Claim Investigation That There Was An
    Apartment Unit In The Basement.............................................. 6

    B.  Plaintiffs Proffer No Admissible Evidence Proving
    Union Mutual Somehow Waived Its Right to Rescind
    The Policies................................................................................ 8

POINT III    THE NUMBER OF APARTMENT UNITS IS IN DISPUTE,
PRECLUDING SUMMARY JUDGMENT FOR THE
PLAINTIFFS ...................................................................................... 9

    A.  The Number of Apartment Units Is a Material Fact, Upon
    Which Union Mutual Wrote Plaitniffs' Policies of Insurance .................... 9

B.  The Term Apartment As Used In The Policy Is Unambiguous................... 11

C.  Union Mutual Did Not Have Knowledge That There
    Were Three Apartments At The Premises Until After
    the March 2, 2020 Fire Loss ....................................................... 14

CONCLUSION        ....................................................................................... 15

# TABLE OF AUTHORITIES

*Amaker v. Foley*,
274 F.3d 677 (2d Cir. 2001)....................................................................................................4

*Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*,
568 U.S. 455 (2013)................................................................................................................2

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)...................................................................................................... 2 *passim*

*Banque Arabe Et Internationale D'Investissement v. Md. Nat'l Bank,*
850 F.Supp. 1199 (S.D.N.Y.1994) .........................................................................................7

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)......................................................2, 4

*Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*,
868 F.3d 104 (2d Cir. 2017).....................................................................................................3

*Chi. Ins. Co. v. Kreitzer & Vogelman* (*Kreitzer & Vogelman III* ),
265 F.Supp.2d 335 (S.D.N.Y.2003).....................................................................................7, 8

*Cont. Cas. Co. v. Marshall Granger & Co., LLP,*
6 F Supp 3d 380 (S.D.N.Y. 2014), *affd sub nom.*
*Cont. Cas. Co. v. Boughton,* 695 Fed Appx 596 (2d Cir .2017)..........................................8, 9

*Cubby v. CompuServe, Inc.,* 776 F. Supp. 135, 144-43 (S.D.N.Y. 1991) ...................................14

*Davis-Garett v. Urban Outfitters, Inc.*,
921 F.3d 30 (2d Cir. 2019)......................................................................................................3

*Giannullo v. City Of N.Y.*,
322 F.3d 139 (2d Cir. 2003).....................................................................................................4

*GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim,*
593 F.Supp.2d 471 (E.D.N.Y.2009) .......................................................................................8

*Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund,*
778 F.3d 593 (7th Cir. 2015) ..................................................................................................4

*Knight v. U.S. Fire Ins. Co.,*
804 F.2d 9 (2d Cir. 1986)......................................................................................................3, 5

*Leach v. Kaykov,*
2011 WL 1240022 *10 (E.D.N.Y. 2011) ..............................................................................15

*New England Life Ins. Co. v. Taverna*,
2002 WL 718755 *9 (E.D.N.Y. 2002) ....................................................................10

*Nick's Garage, Inc. v. Progressive*,
875 F.3d 107 (2d Cir. 2017)....................................................................................4

*Ortiz v. Jordan*, 562 U.S. 180 (2011) ................................................................2, 4

*Principal Life Ins. Co. v. Locker Grp.,*
869 F.Supp.2d 359 (E.D.N.Y.2012) .......................................................................8

*Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan,*
77 F.3d 48 (2d Cir.1996)......................................................................................8, 9

*Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*,
7 F.3d 1091 (2d Cir. 1993) ...................................................................................13

*St. Paul Mercury Ins. Co. v. Pepsi-Cola Bottling Co. of New York, Inc.*,
2007 WL 2262889 at *5 (E.D.N.Y. 2007)...........................................................3, 5

*Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*,
373 F.3d 241 (2d Cir. 2004)....................................................................................4

Statutes and Other Citations

Fed. R. Civ. P. Rule 56 ..........................................................................................16

Fed. R. Civ. P. Rule 56(a).........................................................................................4

N.Y. Ins. Law § 3105...............................................................................................9

Merriam-Webster (2021).........................................................................................12

## **PRELIMINARY STATEMENT**

Defendant Union Mutual Fire Insurance Company ("Union Mutual") cannot be required to provide insurance coverage for a risk of which it was unaware. Plaintiffs' memorandum of law in support of their motion for summary judgment ignores the plain facts before them, namely that the property insured under the Union Mutual commercial package insurance policy contained three apartment units, not two apartment units as represented to Union Mutual on Plaintiffs' application for commercial insurance. The record before this Court shows, without question, that at all times pertinent to this action, Plaintiffs' property located at 39-11 27th Street, Long Island City, New York (the "Premises") contained three apartment units. Plaintiffs' attempts to distract the Court with discussions of the legal habitability of the basement apartment unit have no bearing on the fact that, physically, the basement of the building at the Premises contained a kitchen, bathroom with shower, and partitioned living space.

The Union Mutual Underwriting Guidelines in force at the time Plaintiffs applied for commercial insurance clearly set forth that the premium for any policy issued by Union Mutual will be calculated based partly upon the number of apartments units at the premises to be insured. Therefore, and as shown more fully below, it is without question that Union Mutual would not have issued the *same exact* commercial package policy to Plaintiffs had it known there were three apartment units at the Premises.

Further, Plaintiffs' attempts to impute the knowledge of an independent contractor to Union Mutual is baseless. The law on this issue is clear; the knowledge of an independent contractor cannot be imputed on the entity which retained that contractor. As the only knowledge imputable on Union Mutual is that which an independent contractor explicitly provides, Union Mutual can only be held to have knowledge of what was in the independent contractor's report. The record

1

clearly shows that the independent contractors report makes no reference or inference to a basement apartment.

Union Mutual's Response to Plaintiffs' Statement Pursuant to Local Civil Rule 56.1 is provided herewith. Union Mutual relies upon and incorporates by reference herein all of the facts and clarifications set forth in Union Mutual's Response to Plaintiffs' Statement Pursuant to Local Civil Rule 56.1 provided herewith, including the numerous instances where Union Mutual's Response sets forth objections, clarifications and/or corrections to Plaintiffs' Statement of Facts.

## ARGUMENT

### POINT I - PLAINTIFFS HAVE FAILED TO CARRY THEIR INITIAL BURDEN ON THEIR MOTION FOR SUMMARY JUDGMENT

#### A.  Summary Judgment Standard

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Conversely, if the non-moving party succeeds in showing a genuine, material dispute (or otherwise demonstrates why the moving party is not entitled to a judgment), the court must deny the motion. *Id*.; See also *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). These well-established legal principles reflect what has been termed a "relatively lenient standard for avoiding summary judgment". *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 479-480 (2013).  "Summary judgment will not lie if…the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  As shown below, it is clear that a reasonable jury could certainly return a verdict for Union Mutual in this action.

**B. Court's Responsibility When Assessing Summary Judgment Motions**

"[W]hen considering a motion for summary judgment, 'the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party'." *St. Paul Mercury Ins. Co. v. Pepsi-Cola Bottling Co. of New York, Inc.*, 2007 WL 2262889 at *5 (E.D.N.Y. 2007), citing *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir. 1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). As discussed below, with respect to plaintiffs' unsupported summary judgment motion, even if the Court did not resolve ambiguities and draw reasonable inferences against plaintiffs there nonetheless is no basis to grant plaintiffs' summary judgment motion because there has been a complete failure of the plaintiffs' motion to show by admissible evidence why they would be entitled to judgment as a matter of law against Union Mutual in this action.

**C. Determining Whether There Is A Genuine Issue For Trial**

In reviewing the summary judgment motion record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party" *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017). Further, in determining if there is a genuine issue for trial the Court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019). As shown below, when the Court construes the evidence in the light most favorable to Union Mutual, as it must while analyzing plaintiffs' motion for summary judgment, and resolves all ambiguities and credits all factual inferences in Union Mutual's favor, it is

3

undeniable that there exist genuine material issues of fact in this matter that plaintiffs' motion for summary judgment does not resolve. As such, there is no basis for this Court to grant plaintiffs' summary judgment motion.

### D.  The Movant's Initial Burden

"It is the movant's burden to show that no genuine factual dispute exists".  *Celotrex Corp. v. Catrett*, at 323; *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  This requires more than an empty, unparticularized assertion that the opponent has produced no evidence.  *Nick's Garage, Inc. v. Progressive*, 875 F.3d 107, 114-17 (2d Cir. 2017).  As shown below, plaintiffs have entirely failed to carry their initial burden. Plaintiffs have failed to show their motion has resolved all genuine factual issues in dispute. Indeed, it is indisputable, as discussed in detail below, that plaintiffs base their motion for summary judgment on nothing more than empty, unparticularized assertions and speculation.

### E.  Movant's Failure To Carry Initial Burden Requires Denial of Motion

If the moving party fails to carry its initial prima facie burden of showing the absence of a genuine, material dispute, or entitlement to judgment, the court is obligated to deny the motion. *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011); *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601-02 (7th Cir. 2015).  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden…then 'summary judgment must be denied even if no opposing evidentiary matter is presented'." *Amaker v. Foley*, 274 F.3d 677, 680 (2d Cir. 2001). See also *Giannullo v. City Of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003); *Vermont Teddy Bear Co., Inc.* v. *1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  As shown below, plaintiffs have failed to carry their initial burden. Thus, under the law plaintiffs' motion for summary judgment

4

would have to be denied even if Union Mutual presented no opposing evidentiary matter. Here, however, Union Mutual has concurrently filed its own competing summary judgment motion and incorporates herewith the entirety of the Union Mutual summary judgment motion's evidentiary matter in opposition to the plaintiffs' summary judgment motion.

### F.  Defendants Have Failed to Carry Their Initial Burden

Under the well-established legal standard, summary judgment cannot be granted to a party unless the record before the Court shows that: (1) there is no genuine dispute; (2) as to any material fact, and (3) the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, at 322. Here, the plaintiffs' motion falls far short of showing this Court that the pre-requisite grounds delineated as "1", "2", and "3" in the sentence above have been met by plaintiffs.

Plaintiffs' speculative, unsupported, and conclusory assertions are insufficient grounds upon which to move for summary judgment.  Plaintiffs' unfounded factual contentions are not supported by admissible evidence, and moreover, not supported by logic or reason.  Notably, it is well established that "[W]hen considering a motion for summary judgment, 'the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party'." *St. Paul Mercury Ins. Co. v. Pepsi-Cola Bottling Co. of New York, Inc.*, 2007 WL 2262889 at *5 (E.D.N.Y. 2007), citing *Knight v. U.S. Fire Ins. Co,* 804 F.2d 9, 11 (2d Cir. 1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).  Here, as discussed in detail below, plaintiffs are clearly not entitled to judgment as a matter of law.  Plaintiffs' flawed motion improperly asks this Court to resolve disputed issues of fact.  One such material fact concerns the Union Mutual inspection report, and the issue of whether Union Mutual's 2017 inspection, documented by seven photographs, none of which is of "the basement" of the plaintiffs' building,

somehow miraculously provides Union Mutual with (purported) "actual knowledge of the basement.before the Policy was issued in July of 2017" (see plaintiffs' Memorandum of Law in support of Plaintiffs Motion for Summary Judgment arguing this point, at its page 11, first full paragraph).    Indeed, plaintiffs' motion for summary is so unsupported that plaintiffs' Memorandum of Law in support of Plaintiffs Motion for Summary Judgment, at its page 7 is unable to cite to anything in their motion papers in support of plaintiffs' contention that "as a matter of law, the cellar was not an 'apartment unit'", other than to indicate, "Ex. ?", indicative of just how completely unfounded the plaintiffs' motion for summary judgment is.    Plaintiffs' motion falls far short of showing this Court that plaintiffs are entitled to judgment as a matter of law against Union Mutual.

**POINT II – PLAINTIFFS' ESTOPPEL AND WAIVER ARGUMENTS ARE UNFOUNDED**

 A. **Plaintiffs Proffer No Admissible Evidence Proving Union Mutual Knew At Any Point In Time Before The Claim Investigation That There Was An Apartment Unit In The Basement**

Plaintiffs' estoppel argument is completely unfounded.    In feeble support of their estoppel argument, plaintiffs' Memorandum of Law in support cites the Exhibit "F" to Attorney Agulnick's Declaration in Support, as purportedly showing that Union Mutual supposedly "had actual knowledge of the basement before the Policy was issued in July of 2017". Exhibit "F" to the Agulnick Declaration is a photocopy of what is described by plaintiffs as "Round Hill Express' July 12, 2017 inspection report".    The Exhibit "F" inspection report consists of 7 photographs. None of the photographs depicts the entirety of the basement, nor even any significant portion of the basement.    Certainly, the photocopied report relied upon by plaintiffs is pure hearsay. Plaintiffs' motion proffers no admissible evidence showing that the Exhibit "F" inspection report proves or even suggests Union Mutual knew as of 2017 that the basement had an apartment unit

6

in it.  The Court need not even construe this inadmissible hearsay report in the light most favorable to Union Mutual to see for itself that there is nothing in the Exhibit "F" inspection report putting Union Mutual on notice of anything about the finished basement of the premises.  Plaintiffs' baseless argument that Union Mutual purportedly closed its eyes to the obvious when it issued the initial policy to plaintiffs is similarly unsupported by any admissible evidence.

Plaintiffs argue that Union Mutual waited too long to rescind the policies after it had knowledge that the finished basement constituted a third apartment unit.  First, as noted above plaintiff have not proved and cannot prove Union Mutual had any meaningful knowledge about the finished basement as a result of the inspection. Resolving all ambiguities and crediting all factual inferences that could rationally be drawn, in favor of Union Mutual, the party opposing plaintiffs' summary judgment motion, the deposition testimony of plaintiff Fred Lee shows that the finished basement was in fact a third apartment unit.  See Agulnick Decl., Exhibit "I", deposition testimony of plaintiff Fred Lee, at page 9, line 16 through page 11, line 4, showing the finished basement had a full bath and kitchen, and its own independent means of ingress and egress.  The inspection report did not put Union Mutual on notice of these facts.  It was only the investigation of the March 2020 fire that put Union Mutual on notice of these facts.  Union Mutual's Disclaimer of Coverage and Notice of Rescission was timely issued after the claim investigation, on May 19, 2020.  See Agulnick Decl., Ex. L. "An insurer need not, however, make a rushed and uninformed decision; it is entitled to a reasonable period of time in which to investigate the potential basis for rescission. *Chi. Ins. Co. v. Kreitzer & Vogelman* (*Kreitzer & Vogelman III* ), 265 F.Supp.2d 335, 344 (S.D.N.Y.2003); *see Banque Arabe Et Internationale D'Investissement v. Md. Nat'l Bank,* 850 F.Supp. 1199, 1211 (S.D.N.Y.1994) ("[T]he party need not raise the claim *immediately* upon notice of the fraud but is afforded a reasonable period after

7

notice of the fraud within which to consider whether or not to rescind.") (emphasis in original), *aff'd,* 57 F.3d 146 (2d Cir.1995). Only if the insurer delayed *unreasonably* in seeking rescission will it be found to have forfeited its right to do so. *See Principal Life Ins. Co. v. Locker Grp.,* 869 F.Supp.2d 359, 365–67 (E.D.N.Y.2012) (seven-month investigation is reasonable); *Kreitzer & Vogelman III,* 265 F.Supp.2d at 344 (six-month investigation into basis for rescission is reasonable); *see also Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan,* 77 F.3d 48, 53 (2d Cir.1996) (more than one-year investigation not unreasonable where non-movant policyholder failed to show insurer had full knowledge of facts, as opposed to mere allegations, supporting rescission); *cf. GuideOne Specialty Mut. Ins. Co. v. Congregation Adas Yereim,* 593 F.Supp.2d 471, 484 (E.D.N.Y.2009) (ten-month delay *after* insurer had full knowledge of facts justifying rescission is unreasonable)." *Cont. Cas. Co. v. Marshall Granger & Co., LLP*, 6 F Supp 3d 380, 394 (S.D.N.Y. 2014), *affd sub nom. Cont. Cas. Co. v. Boughton,* 695 Fed Appx 596 (2d Cir. 2017). Here, plaintiffs have failed to prove through admissible evidence that Union Mutual ever knew of the existence of the basement apartment unit at the premises until after the fire loss claim arising from the March 2, 2020 fire at the premises was investigated by Union Mutual.  The subsequently issued Disclaimer of Coverage and Notice of Rescission, dated May 19, 2020, was issued within a reasonable time of Union Mutual learning through its investigation of the fire loss claim that there was a third (basement) apartment unit at the premises.  See Agulnick Decl., Ex. L – "Denial Letter".

## B. Plaintiffs Proffer No Admissible Evidence Proving Union Mutual Somehow Waived Its Right to Rescind The Policies

Under New York law, "waiver" is the voluntary and intentional relinquishment of a known right. *Cont. Cas. Co. v. Marshall Granger & Co., LLP*, 6 F Supp 3d 380, 394 (S.D.N.Y.2014), *affd*

*sub nom. Cont. Cas. Co. v. Boughton,* 695 Fed Appx 596 (2d Cir. 2017).   Plaintiffs proffer no evidence showing Union Mutual voluntarily or relinquished any rights.

As shown above, plaintiffs wholly fail to show by admissible evidence that Union Mutual ever knew, prior to the time it investigated the plaintiffs' March 2, 2020 fire loss claim, that there was a basement apartment unit at the premises.  Thus, there is no basis for this Court to determine that there was any voluntary or intentional relinquishment by Union Mutual of its right to rescind plaintiffs' policies based upon the material misrepresentation by plaintiffs of there being two apartment units at the premises rather than three.  Plaintiffs' waiver argument is simply unfounded.

## POINT III – THE NUMBER OF APARTMENT UNITS IS IN DISPUTE, PRECLUDING SUMMARY JUDGMENT FOR THE PLAINTIFFS

### A. The Number of Apartment Units Is a Material Fact, Upon Which Union Mutual Wrote Plaintiffs' Policies of Insurance.

Union Mutual's rescission of Plaintiffs' commercial package policy of insurance was proper as the commercial package policy was issued in reliance on a material misrepresentation, that is that there were only two apartment units at the premises to be insured when there was actually three. *See Republic Ins. C. v. Masters, Mates & Pilots Pension* Plan, 77 F.3d 48, 52 (2d Cir. 1996); *see also* N.Y. Ins. Law § 3105. The record in this matter clearly shows that at all times pertinent the Premises contained three apartment units. Specifically, Plaintiff, Fred Lee, testified at his deposition that he had not made any changes to the Premises since it was purchased, and that the basement of the Premises contained, at all times pertinent to this action, a full bathroom, partitioned living space, and an area with a stove and sink. (See Declaration of Scott Agulnick ("Agulnick Dec."), Ex. I). Therefore, it is without question that the response to the question on Plaintiffs' application for commercial insurance asking "[h]ow many apartment units are there" was false. Further, it is without question that Union Mutual issued the subject commercial package policy based upon that representation, and that it would not have issued the *same exact* policy had

9

it known the Premises actually contained three apartment units, as shown by the October 22, 2021 Affidavit of James Lambert in support of Union Mutual's competing motion for summary judgment, incorporated by reference herein, and re-filed herein as "Union Mutual Opposition Exhibit 1" in support of Union Mutual's opposition to plaintiffs' motion for summary judgment.

Union Mutual does not dispute that in support of its own motion for summary judgment and the May 19, 2020 rescission *ab initio* of plaintiffs' commercial insurance policies with Union Mutual as referenced in the Disclaimer of Coverage and Notice of Rescission correspondence sent to the plaintiffs, the law is clear that Union Mutual must provide an affidavit or testimony of an underwriter showing that Union Mutual would not have issued the same exact policy had it known the misrepresented facts and that Union Mutual must produce its underwriting rules, manual, or guidelines. *See New England Life Ins. Co. v. Taverna*, 2002 WL 718755 *9 (E.D.N.Y. 2002) (to determine materiality of a misrepresentation as a matter of law courts look to testimony of an insurer's underwriter and the insurers' underwriting guidelines or rules). Plaintiff's motion papers notably - and in complete contrast to plaintiffs' unsupported assertions - contains the testimony of Union Mutual's chief underwriter in New York State, James Lambert, and a copy of the underwriting guidelines in use at the time Plaintiffs applied for and were issued a commercial package policy of insurance through Union Mutual. (see Agulnick Decl., Exs. D and M).

At his deposition in this matter, Mr. Lambert testified that when underwriting a risk to be insured "[Union Mutual does] not draw a distinction between legal and illegal units. The Premiums we are required to charge by New York State is a function of the number of apartments." (Agulnick Decl., Ex. D at p. 34). When asked what defines an apartment Mr. Lambert testified that "[i]f it's capable of someone residing there, it's an apartment," and that the legality of the space in question has no bearing on whether or not a person can reside in that space. (*Id.* at p. 35). Mr. Lambert's

10

deposition testimony serves to satisfy the first category of evidence relied on by courts to find a material misrepresentation as a matter of law, testimony of the insurer's underwriter. *See Taverna*, 2002 WL 718755 at*9.

Furthermore, the Program Manager's Agreement entered into between Union Mutual and its third-party administrator in New York State, Roundhill Express, LLC ("Roundhill"), provides the underwriting guidelines utilized by Roundhill when issuing commercial package insurance policies through Union Mutual. (See Agulnick Dec. Ex. M at p. 000019-000022). These underwriting guidelines clearly provide that "[t]he apartment and dwelling liability classes listed above base their premium on the number of living units; with a higher premium being charged for each additional unit." (*Id.* at p. 000021). Accordingly, based upon both the testimony of Mr. Lambert and the underwriting guidelines in use at the time of Plaintiffs' application for a commercial package policy of insurance and renewal of the same, it is without question that Union Mutual would not have issued the same exact policy to Plaintiffs had they not misrepresented the number of apartment units at the Premises.

**B.  The Term Apartment As Used In The Policy Is Unambiguous**

The term "apartment unit" as used in the policy unambiguously refers to any portion of a property where a person can reside. (See Agulnick Decl.., Ex. D at p. 34). The application for commercial insurance used by Roundhill to underwrite commercial package insurance policies for Union Mutual does not ask about the legal status of the property to be insured. The application for commercial insurance seeks information related to the physical features of the property to be insured. Accordingly, Plaintiffs' arguments that the basement apartment at the Premises is not "legally habitable as an apartment or a dwelling unit in the City of New York" has no bearing on the meaning of the term "apartment".

11

Merriam-Webster defines apartment as "a room or set of rooms fitted especially with housekeeping facilities and usually leased as a dwelling." (Merriam-Webster 2021). Nowhere in the definition of apartment the legality of the space mentioned or contemplated. In response to the property damage claim asserted by Plaintiffs, Union Mutual initiated an investigation into the cause an origin of the fire at the Premises. As part of that investigation photographs of the basement apartment were taken. These photographs are attached to James Lambert's Affidavit in Support of Union Mutual's simultaneously filed motion for summary judgment as Exhibit 5 ("Lambert Aff., Ex. 5). Photographs of the Premises included as part of plaintiffs' motion papers show a kitchen area with a stove, a bathroom, and partitioned living spaces in the basement. (See Agulnick Decl., Ex. P, Bates numbered page 000033 – photo of basement kitchen; 000036 and 000154 – photos of separate means of ingress and egress to and from the basement to the outdoors; 000149 – photos of basement living room; 000150 photos of basement bedroom and bathroom; 000151 photos of basement bathroom and kitchen); see also, James Lambert Aff., Ex. 5, p. 16-20).  Moreover, the Agulnick Declaration's Exhibit "E" repair estimate at its pages numbered 22-39 shows numerous basement repairs needed in the basement's kitchen (see for example, Item #280 – "clean range hood"), bathroom,,and other rooms of the finished basement.  In addition, the Agulnick Declaration's Exhibit "P" offered in support of  plaintiffs' motion for summary judgment shows that the tenant for the 1st Floor apartment at the premises was leased only the use of the first floor by the plaintiffs; the lease does not show that the1st Floor apartment lease included the use of the finished basement. (See Agulnick Decl., Ex. P,  bates numbered pages 000171 to 000175) Resolving all ambiguities, and crediting all factual inferences that could rationally be drawn, in favor of Union Mutual, the party opposing summary judgment, it is clear the finished basement of the premises is an apartment.

In determining whether or not contract language is ambiguous a court must determine if "it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *See Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993) (internal quotations omitted). Plaintiffs attempt to use the reasoning of *Sayers* to posit that if Plaintiffs' differing interpretation of the insurance contract is reasonable and that ambiguity exists. This is not the test a court must apply. When determining ambiguity, a court must look to the way a "a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business" would interpret the insurance contract. *Id.* Here, when reviewing all of the evidence on this record, and taking into consideration the way "a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business" would interpret the insurance contract, it is impossible to conclude that apartment is an ambiguous term and that the basement of the Premises is not an apartment. *Id.*

Plaintiffs attempt to confuse the Court by questioning the legal status of the basement at the Premises ignoring the fact that whether or not the basement of the building at the Premises is legally defined as an apartment does not change the plain meaning of the term as used in the application and renewal applications for commercial insurance. The application and renewal applications simply ask "[h]ow many apartment units are there?" (Lambert Aff., Exs. 1, 2, and 3). No mention is made of the legal standing of the apartment units, whether or not the apartment units are occupied, or whether or not the prospective insured intends to have the apartment units leased

13

or occupied. (Lambert Aff., ¶ 21). Therefore, when interpreting this application question, giving the term "apartment unit" the meaning ordinarily ascribed to it, the only reasonable definition of the term apartment unit is a living space within a building that can be occupied by one or more persons.

**C. Union Mutual Did Not Have Knowledge That There Were Three Apartments At The Premises Until After the March 2, 2020 Fire Loss.**

Plaintiffs wrongly contend that Union Mutual had knowledge of the basement apartment prior to its rescission of the Policy by ignoring the fact that no employee or agent of Union Mutual has ever been to the Premises. After a policy of insurance applied for through Roundhill is issued by Union Mutual, a limited inspection of certain areas of the insured premises is scheduled and conducted, by an independent contractor, to inspect the heating system, electrical, public access stairs, and any sidewalks at a property. (Agulnick Dec. Ex. D, p. 21). The only report Union Mutual receives of the inspection are a series of photographs automatically uploaded to Roundhill's web-based system when they are taken. (*Id*. at p. 18-19).

Plaintiffs ignore the fact that the inspector is an independent contractor and not an employee of Union Mutual. "[A]n independent contractor is one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer, except as to the product or result of his work." *Cubby v. CompuServe, Inc.,* 776 F. Supp. 135, 144-43 (S.D.N.Y. 1991) (internal quotations omitted). The inspector in the matter at hand, Mr. Fred Harper, testified at his non-party deposition in this action that the only instructions he ever received regarding conducting inspections of properties insured by Union Mutual were "blanket instructions" at the time he began inspecting properties on behalf of Union Mutual. (Agulnick Dec., Ex. G, p. 13). He testified he does not receive specific

14

instructions for each property he inspects. Importantly, the actual manner by which he conducts the inspections is not controlled by Union Mutual.

Plaintiffs repeatedly, and incorrectly, refer to the limited underwriting inspection in a way designed to mislead the Court into believing that Union Mutual itself inspected the Premises. Mr. Harper is an independent contractor, not an employee of Union Mutual, his personal knowledge, outside of the information he explicitly communicates to Union Mutual, cannot be imputed on Union Mutual. *See Leach v. Kaykov*, 2011 WL 1240022, *10 (E.D.N.Y. 2011) (the liability of an independent contractor cannot be imputed to the principal, because the principal has no control over the independent contractor's manner of completing its work). Plaintiffs have not, and cannot, submit any evidence proving that Union Mutual asked or directed Mr. Harper to identify the number of apartment units at the Premises. Further, Plaintiffs have not, nor can they, produce any evidence that Mr. Harper provided Union Mutual with the number of apartment units at the Premises. Accordingly, Plaintiffs claims that Union Mutual must be estopped from rescinding the Policy are unfounded and will never be supported by admissible evidence.

## CONCLUSION

**WHEREFORE** on the motion record before this Honorable Court defendant UNION MUTUAL FIRE INSURANCE COMPANY respectfully requests the Court deny Plaintiffs', FRED LEE and ANNE LEE's, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and providing in favor of Union Mutual such other, further and/or different relief as this Court may find just, proper and equitable, together with the costs and disbursements of this action.

DATED:        Buffalo, New York
              November 19, 2021

HURWITZ & FINE, P.C.

*Eric T. Boron*

Eric T. Boron, Esq.
Charles J. Englert, Esq.
*Attorneys for Defendant,*
*Union Mutual Fire Insurance Company*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
etb@hurwitzfine.com
cje@hurwitzfine.com