UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRED LEE and ANN LEE,

               Plaintiffs,                                    Case No. 1:20-cv-3191 (MKB)(PK)

     -against-

UNION MUTUAL FIRE INSURANCE COMPANY

               Defendant.
-------------------------------------------------------------------X

---

## MEMORANDUM OF LAW
### IN SUPPORT OF PLAINTIFFS FRED LEE AND ANN LEE'S
### MOTION FOR SUMMARY JUDGMENT

---

GREENBLATT AGULNICK KREMIN P.C.
55 Northern Boulevard, Suite 302
Great Neck, New York 11021

*Counsel for Plaintiffs Fred Lee and Ann Lee*

## TABLE OF AUTHORITIES

### Cases

*Cubby v. CompuServe, Inc.,* 776 F. Supp. 135, 144-43 (S.D.N.Y. 1991) ......................................3

*Great Minds v. FedEx Office & Print Servs., Inc.*, 886 F.3d 91, 95 (2d Cir. 2018) .......................6

*Leach v. Kaykov*, 2011 WL 1240022 (E.D.N.Y. 2011) ..............................................................3

*Paguirigan v. Prompt Nursing Emp't Agency LLC*, No. 17-cv-1302 (NG) (JO), 2019 U.S. Dist. LEXIS 165587 (E.D.N.Y. Sep. 23, 2019) .................................................................................5

*Seward Park Housing Corp. v. Cohen*, 287 A.D.2d 157, 167, 734 N.Y.S.2d 42, 51 (1st Dep't 2001) ..............................................................................................................................5, 6

*Variety Homes, Inc. v. Postal Life Ins. Co.*, 287 F.2d 320, 323 (2d Cir. 1961) .............................6

### Statutes

NYC Admin. Code § 27-2004 ......................................................................................................8

NYC Admin. Code § 27-2062 ......................................................................................................8

NYC Admin. Code § 27-2087 ......................................................................................................8

### Other Authorities

Lambert Dep. (2021) ....................................................................................................................7

Defendant's 56.1 Counterstatement .......................................................................... 4, 5, 7, 8, 9

Agulnick Decl.(2021) ...................................................................................................................7

Defendants Mot. for Summary Judgment .....................................................................................9

Lambert Aff. (2021) .....................................................................................................................9

Lee Affidavit (2021) .....................................................................................................................9

Lee Dep. (2021) ...........................................................................................................................9

### Rules

Rule 56(a) of the Federal Rules of Civil Procedure ......................................................................3

**STATEMENT IN REPLY AND FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Fred Lee and Ann Lee ("Plaintiffs" or "Lee") submit this memorandum of law in reply and further support of their motion, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and the Local Rules of this Court, in granting partial summary judgment against Union Mutual Fire Insurance Company ("Union Mutual") on Plaintiffs' first cause of action of its Verified Complaint (Exhibit A).

As set forth in the motion papers, Union Mutual cannot avoid the consequences of its 2017 inspection, where it remains undisputed that their inspector was physically present in the basement, in a position where a reasonable person with all of their faculties would clearly see the condition and layout of the basement (See Exhibit G and Exhibit F). Union Mutual's repeated attempts to distance themselves from the knowledge imputed upon them, by way of characterizing their 2017 inspection as a "limited" one, or referring to their inspector as an "independent contractor", fail as a matter of law.

Putting aside rhetoric and gamesmanship,[1] the disingenuous manner in which Union Mutual asserts a lack of knowledge of the layout of the basement almost defies credulity, as though Union Mutual has instituted a strategy of willful ignorance, and a process seemingly calculated to

---

[1] Union Mutual's citation of *Cubby v. CompuServe, Inc.,* 776 F. Supp. 135, 144-43 (S.D.N.Y. 1991) amounts to gamesmanship, as that case pertains to the liability for the torts of an independent contractor, issues entirely irrelevant to the proceedings here. Similarly, Union Mutual cites *See Leach v. Kaykov*, 2011 WL 1240022, *10 (E.D.N.Y. 2011) (the liability of an independent contractor cannot be imputed to the principal, because the principal has no control over the independent contractor's manner of completing its work)

avoid their coverage obligations for coverage while absolving themselves from responsibility for their own underwriting process.

Plaintiff has set forth a prima facie case of entitlement to summary judgement, establishing, as a matter of fact that Union Mutual's agent physically inspected the basement in July, 2017, and thus had knowledge; that Union Mutual is estopped from rescinding the policy which was affirmatively renewed; and that the basement was not a "living unit" and/or that the term as used is ambiguous.  Although the Inspection Report was produced by Union Mutual itself as part of its document production and discussed at length at two depositions, Union Mutual's opposition inexplicably hinges upon its argument that its own photographic report and memorialization of their own inspection is "hearsay" (See Boron MOL, p. 6).

Union Mutual blanket declaration of hearsay fails to articulate exactly which aspect of the report would constitute hearsay, and in any event such an argument fails, as the photographic report is not offered to prove the truth of the matter asserted therein, but rather the photos are to corroborate that Union Mutual had knowledge of the basement and its inspector was physically present in the basement.  Union Mutual conceded the inspector was in the basement, conceded that the Report contained the photographs taken of the gas meters and electrical meters located in the basement, and conceded that the heating equipment was in the basement as well (See 56.1 Defendants Counterstatement 14-21).

Union Mutual has not, and cannot, raise a genuine issue of fact by admitting that its inspector was in the basement taking photographs, and then deny that the inspector had knowledge of the basement in next breath.  Union Mutual cannot raise an issue of fact by conceding on the one hand that Union Mutual performs an underwriting inspection within 60 days of the effective date of a policy and then denies that the person who performs such an inspection is their agent.

(See Defendant's 56.1 Counterstatement 1).  Such feigned issues of fact are insufficient to overcome Plaintiff's entitlement to summary judgment, and illustrates the disingenuous nature of Union Mutual's opposition.

"As a general matter, knowledge that an agent acquires in the scope of his agency is imputed to the principal, meaning that the latter is bound by that information even if he never actually received it." *Paguirigan v. Prompt Nursing Emp't Agency LLC*, No. 17-cv-1302 (NG) (JO), 2019 U.S. Dist. LEXIS 165587, at *57 (E.D.N.Y. Sep. 23, 2019). Unless there is evidence that the agent acted outside the scope of his agency, such knowledge is imputed to the principal. *Id; see also Seward Park Housing Corp. v. Cohen*, 287 A.D.2d 157, 167, 734 N.Y.S.2d 42, 51 (1st Dep't 2001) ("The general rule is that knowledge acquired by an agent acting within the scope of his agency is imputed to his principal and the latter is bound by such knowledge although the information is never actually communicated to it.") "[T]he imputation of knowledge, and its concomitant responsibility, may not be avoided by the simple expedient of closing one's eyes, covering one's ears, and holding one's breath." *Seward Park Hous. Corp.,* 287 A.D.2d at 168-69.

Union Mutual's argument in opposition asserting a lack of knowledge, notwithstanding their inspection of the basement, is belied by the well settled law, and once again sheds a light on the manner and length to which Union Mutual attempts to avoid its responsibility by "the simple expedient of "closing one's eyes, covering one's ears, and holding one's breath." *Seward Park Hous. Corp.,* 287 A.D.2d at 168-69.  Union Mutual offers no authority or precedent which would cast doubt upon the "'mundane ubiquity of lawful agency relationships' closing one's eyes,

covering one's ears, and holding one's breath." *Great Minds v. FedEx Office & Print Servs., Inc.*, 886 F.3d 91, 95 (2d Cir. 2018)[2] .

Union Mutual's assertion that Plaintiff has offered no "admissible evidence" to establish waiver or estoppel is equally unavailing.  Again, this argument is entirely founded upon Union Mutual's repeated cries of ignorance or lack of knowledge.  The law is long and well settled, and Second Circuit has specifically stated that an insurer "cannot close its eyes to the obvious" then seek to void a contract based on purported misrepresentations in the application. *Variety Homes, Inc. v. Postal Life Ins. Co.*, 287 F.2d 320, 323 (2d Cir. 1961).  This is precisely what Union Mutual is desperately attempting to assert here, that it be permitted to close its eyes to the obvious, that it be permitted to selectively view, selectively process, take no action, and deny what would obviously be seen by their inspector being physically present in the basement years before the subject fire.

Union Mutual has also failed to establish that there was an "apartment unit" or "living unit" in the basement as a matter of law, and that there is no other reasonable interpretation of the application question.  While counsel takes their opinion as gospel, the testimony of James Lambert itself reveals the large chasm which constitutes the gray area at issue within which the ambiguity lies.   He testified:

Q: Well, what constitutes the definition of an apartment?

A: Do you want my definition; do you want the most recent court decision definition? I mean my definition doesn't really matter here.

---

[2] An exception to the long-standing rule of imputing an agent's knowledge to the principal is where the agent has interests adverse to the principal. There is not the case here, nor is alleged.

A: We don't have a definition. We ask how many apartments are there.

(Ex. D, Lambert Tr. 34:12-22)

Q: Okay. Well, what is the definition that is utilized by Roundhill Express in connection with applications?

A: We don't have a definition. We ask how many apartments are there.

(Ex. D, Lambert Tr. 34:12-22)

Q: But what constitutes an apartment as far as Roundhill and Union Mutual are concerned?

A: I personally consider places in which people reside to be apartments, but my personal definition is not material here, it's how the courts define apartments.

(Ex. D, Lambert Tr. 35:23-35:4)

In fact, Lambert has a differing opinion as to what constitutes an apartment than their Union Mutual counsel does, in that there is no dispute that no person can reside lawfully in the basement. See (See Defendant's 56.1 Counterstatement 14-21)..   Union Mutual does not dispute that there were no occupants of the basement, nor does Union Mutual cast any doubt on Plaintiff's own testimony that the basement could not be occupied.  (See Exhibit C and I).  Thus, Union Mutual's overly confident assertion that the term "apartment unit" is not ambiguous is quite tenuous.  Union Mutual cites Plaintiff's motion, that the "term "apartment unit" as used in the policy unambiguously refers to any portion of a property where a person can reside. (See Agulnick Decl.., Ex. D at p. 34)". (See  Boron MOL, p. 11).  Yet in the next sentence Union Mutual asserts that legal status is irrelevant. Id. Union Mutual then cites Merriam-Webster, stating that it "defines apartment as "a room or set of rooms fitted especially with housekeeping facilities and usually leased as a dwelling." (Merriam-Webster 2021)" (See See  Boron MOL, p. 11).  Again, a "dwelling" requires lawful occupancy.

Such arguments are a classic example of missing the forest for the trees. Terms like "reside" and "usually leased as a dwelling" require lawful occupancy, or at least they would indicate such to a reasonable person. Lawful occupancy of the basement is a material and essential component for an "apartment unit" to be such and there is no dispute that the basement could not be lawfully occupied as an apartment or a dwelling. (See NYC Admin. Code § 27-2004; NYC Admin. Code § 27-2062; NYC Admin. Code § 27-2087).

A reasonable person would not conclude that the term "apartment unit" is an abstract, theoretical, or hypothetical designation, or refers to a space that, only with compliance, construction, and renovation, could potentially be used as such, after NYC certification. A reasonable person would conclude that the term "apartment unit" refers to an actual "apartment unit", or actual "living unit." Here, at best, the basement was a finished basement, which could theoretically could have been occupied illegally, unsafely, and violation of Plaintiff's duties and standard of care, and subjecting Plaintiff to fines, liability, and punitive action. Then again, the attic could have been so occupied as well. The subject house is conceded to be a "legal two-family" but for Union Mutual's purposes (See Defendant's 56.1 Counterstatement 28), that doesn't matter. Union Mutual's argument requires that the insured think and possess the mindset of a criminal.

Arguments regarding the existence of a kitchen are equally unavailing, as a kitchen does not make an "apartment unit" or "living space". In fact, Housing Maintenance Code further specifies that a cellar shall not be rented and no member of a family occupying a one or two-family dwelling may use the cellar "for sleeping, eating or cooking purposes, except that a secondary kitchen for accessory cooking may be located in the cellar." (See NYC Administrative Code § 27-2087). Certainly, the presence of a kitchen in a cellar (whether containing an actual connected

stove[3] or not) is not dispositive here, and Union Mutual has failed to reconcile its position with lawful reality[4].

What is dispositive here is that in Union Mutual's entire opposition, Union Mutual does not once address the material term in their underwriting guidelines, which properly shifts the material discussion from "apartment unit" to "living unit". Notably, while Union Mutual asserts in its 56.1 Counterstatement that 12 that **"**Union Mutual's underwriting guidelines are based on the number of apartment units. The term "living units" is used by the Insurance Service Office in describing its class codes" (See Defendant's 56.1 Counterstatement 28). However, Union Mutual's written underwriting guidelines clearly state, in black and white, that the premium is based upon the number of "living units." There can be no genuine dispute in this regard:

> *The apartment and dwelling liability classes listed above base their premium on the number of living units; with a higher premium being charged for each additional unit.*

> (See Ex. M, and Lambert Aff., filed with Defendants Motion for SJ ¶ 66)

---

[3] See Lee Affidavit Exhibit C, as the stove present was not connected and merely stored in the basement.

[4] See 56.1 Defendant Counterstatement

30. There was no connected stove in the basement at the time of the Loss. (See Ex. I, Lee Tr. 31:14; Ex. C, Plaintiff's Affidavit If 12).

**RESPONSE:**

Union Mutual can neither confirm nor deny this allegation, however whether or not a stove was connected in the basement is inconsequential as the only matter at issue is the physical layout of the Premises.

Union Mutual's concerted effort at avoiding the operative term, "living unit" amounts to a deafening silence, a silence which confirms as a matter of law that Union Mutual cannot credibly assert that it would not have issued the subject policy had it known about the basement layout, as it remains undisputed that the basement was not a living unit. Union Mutual argues not any increase of risk, or any other rationale behind counsel's conclusory assertion that it would not have issued the policies in any event. This is because it would have.

**CONCLUSION**

Plaintiff is entitled to summary judgment as a matter of law. As a preliminary matter, estoppel controls where, as here, an insurance carrier has knowledge, whether actual, imputed, or otherwise, of a condition, and fails to rescind within a reasonable period of time, and accepts premiums and renews. An inspection of the basement was held in July 2017, years prior to the subject loss. Transparent strategy to distance itself from the knowledge imputed upon it fails, as do contradictory positions regarding Union Mutual inspecting risks and then denying their inspector is their agent. Thus, Union Mutual is estopped from rescinding.

In addition to the foregoing, the finished basement, was not an "apartment unit", was not a "living unit" and could not be lawfully occupied as such. Neither the Plaintiff, nor the City of New York, nor any other authority considered the finished basement an "apartment unit", or a "living unit", yet Union Mutual claims no ambiguity. Union Mutual's own witness offered a contrary definition, and Merriam-Webster's definition similarly supports summary judgment for Plaintiff and at the very least requires that the rules of *contra preferentem* applies. Similar to its position regarding lawful occupancy, when confronted with facts which support coverage (such as

the stove not being connected), Union Mutual declares them irrelevant, and returns to the mantra that it is not about the details, but rather the "layout".

Union Mutual is arguing that since a table can be used to sit on, it is a chair.  Although it may have a platform and four legs, and one can sit on a table, it is still a table.   Here, the finished basement is still just a finished basement and Plaintiff's motion should respectfully be granted.

Dated: Great Neck, New York
       December 3, 2021

Respectfully Submitted,

By:_____/s/_____
        Scott Agulnick, Esq. (SA1880)
        Todd D. Kremin, Esq.
        **GREENBLATT AGULNICK KREMIN P.C.**
        55 Northern Boulevard, Suite 302
        Great Neck, New York 11021
        Tel: (718) 352-4800
        Email: sagulnick@GAKlawfirm.com

        *Attorneys for Plaintiffs*