UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────

FRED LEE and ANNE LEE,

                Plaintiffs,

vs.

UNION MUTUAL FIRE INSURANCE COMPANY,

                Defendant.
───────────────────────────────────────

Case No.: 1:20-cv-03191- MKB-PK

# UNION MUTUAL'S LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 56.1 of the Rules of the United States District Courts for the Southern District of New York, defendant UNION MUTUAL FIRE INSURANCE COMPANY ("Union Mutual"), by its attorneys, Hurwitz & Fine, P.C., provides the following statement of material facts to which Union Mutual contends there is no genuine issue to be tried.

Evidence in support of the material facts discussed below is available within the accompanying Declaration of Charles J. Englert, Esq. dated October 25, 2021 ("Englert Dec."), including documents and exhibits provided therein, the Affidavit of James Lambert, sworn to October 25, 2021 ("Lambert Aff."), including documents and exhibits provided therein.

## Procedural History

1.     Plaintiffs, Fred and Anne Lee, commenced this action by filing a Summons & Complaint in the Supreme Court of the State of New York, Queens County, on June 8, 2020, against defendant Union Mutual. (Englert Dec., Ex. A) (Dkt. 1a).

2. Defendant Union Mutual filed a Notice of Removal, removing this action to the United States District Court, Eastern District of New York on July 16, 2020. (Englert Dec., Ex. B) (Dkt. 1).

3. Defendant Union Mutual then filed an Answer on July 16, 2020. (Englert Dec. Ex. C) (Dkt. 3).

4. On August 31, 2021, Union Mutual filed a letter motion pursuant to Section 3.A. of this Court's Individual Rules of Practice, requesting the scheduling of a pre-motion conference in order for Union Mutual to move for summary judgment pursuant to Fed. R. Civ. P. Rule 56. (Dkt. 30).

5. On September 14, 2021, the parties submitted a proposed joint briefing schedule, directing that "the parties' respective motions shall be filed on or before October 22, 2021. Opposition shall be filed on or before November 19, 2021. Reply shall be filed by December 3, 2021." (Dkt. 31).

## Uncontroverted Material Facts

### A. Underlying Claim and Investigation

6. On or about March 2, 2020, an agent of plaintiffs, Jin Kim, notified Union Mutual, through its Third-Party Administrator Roundhill Express, LLC ("Roundhill") that a fire occurred, and a claim was being made under Union Mutual Policy 314PK-49300-03. (Lambert Aff. ¶ 40, Ex 4.)

7. Roundhill, on behalf of Union Mutual, immediately began to investigate the cause and origin of the March 2, 2020 fire. (Lambert Aff. ¶ 41).

8. Roundhill retained Beltrani Consultants, Inc. ("BCI"), to assist in its investigation. (Lambert Aff. ¶ 42)

9. BCI physically inspected the Premises on March 3, 2020 and produced a written report of the inspection. (Lambert Aff. ¶ 42-43, Ex. 5).

10. BCI's inspection revealed that there were three apartment units at the Premises. (Lambert Aff. Ex. 5).

11. BCI's report stated that the basement of the Premises contains a separate entrance, a living area, a bathroom, and a kitchen area. (Lambert Aff. ¶ 45, Ex. 5).

12. BCI inspected the Premises a second time on April 15, 2020. (Lambert Aff., ¶ 47, Ex. 6).

13. BCI's second inspection confirmed the existence of an apartment in the basement of the Premises. (Lambert Aff., ¶ 49-50, Ex. 6).

14. Plaintiff, Fred Lee, testified that the Premises is a two-story building with a finished basement. (Deposition of Fred Lee, Englert Dec., Ex. D (hereinafter "Lee Deposition," p. 9).

15. Mr. Lee has owned the Premises since July of 2013, and at all times pertinent to the instant action. (Lee Deposition, p. 8).

16. The building at the Premises has a two-bedroom apartment on the second floor and a two-bedroom apartment on the first floor. (Lee Deposition p. 9-10).

17. The basement of the building at the Premises has a bathroom with shower. (Lee Deposition p. 10-11).

18. The basement of the building at the Premises has an entrance that

19. Mr. Lee has never modified the layout of the Premises. (Lee Deposition p. 11).

20. Mr. Lee testified that the photographs taken by BCI accurately depicted the basement of the Premises. (Lee Deposition p. 31).

21. The photographs taken by BCI clearly depict a kitchen with a stove and a bathroom with a shower, in addition to living space. (Lambert Aff., Exs. 5 and 6).

22. At all times Mr. Lee has been owner of the Premises the basement could be accessed directly from outside the building at the Premises. (Lee Deposition p. 32-33).

**B. Plaintiffs' Applications for Commercial Insurance and the Union Mutual Insurance Policy**

23. Union Mutual issued a commercial package insurance policy to two named insureds, Fred & Anne Lee, policy number 314PK-43900-01, for the period from July 8, 2017 to July 8, 2018 (the "01 Policy"). The property located at 39-11 27th Street, Long Island City, New York 11101 (the "Premises") is the sole designated risk location on the 01 Policy. (Lambert Aff. ¶ 10, Ex. 1).

24. The 01 Policy was issued based upon an Application for Commercial Insurance (the "Application"), completed on June 27, 2017, and submitted by and/or on behalf of plaintiffs. (Lambert Aff. ¶ 13, Ex. 1)

25. The Application asks the prospective insured to provide the number of apartment units at the property to be insured. (Lambert Aff. ¶ 19, Ex. 1).

26. Plaintiffs represented that the building at the Premises contained only two apartment units. (Lambert Aff. ¶ 20, Ex 1).

27. During the application process Union Mutual is not concerned with whether or not a particular apartment unit is under lease or being held out for rent. (Lambert Aff., ¶ 21).

28. Union Mutual issued a renewal commercial package insurance policy to Fred & Anne Lee, policy number 314PK-49300-02, for the period from July 8, 2018 to July 8, 2019

(the "02 Policy"). The property located at 39-11 27th Street, Long Island City, New York 11101 (the "Premises") is the sole designated risk location on the 02 Policy. (Lambert Aff. ¶23, Ex. 2).

29. On the renewal application upon which coverage in the 02 Policy was based, plaintiffs again represented that the building at the Premise contained only two apartment units. (Lambert Aff. ¶ 28-29, Ex. 2).

30. Union Mutual issued a second renewal commercial package insurance policy to Fred & Anne Lee, policy number 314PK-49300-03, for the period from July 8, 2019 to July 8, 2020 (the "03 Policy"). The property located at 39-11 27th Street, Long Island City, New York 11101 (the "Premises") is the sole designated risk location on the 03 Policy. (Lambert Aff. ¶ 30, Ex. 3).

31. On the second renewal application upon which coverage in the 03 Policy was based, plaintiffs again represented that the building at the Premise contained only two apartment units. (Lambert Aff. ¶ 35-36, Ex. 3).

32. The 01, 02, and 03 Policies contain the following relevant conditions to coverage:

>  **6. Representations**
>
>  By accepting this policy, you agree:
>  **a.** The statements in the Declarations are accurate and    complete;
>  **b.** Those statements are based upon representations you made to us; and
>  **c.** We have issued this policy in reliance upon your representations.

(Lambert Aff., Ex. 1, 2, and 3).

**C.    Rescission and Disclaimer**

33. By correspondence dated May 19, 2020, Roundhill, on behalf of Union Mutual disclaimed coverage for the March 2, 2020 fire loss claim and rescinding the policies based upon

the plaintiffs' material misrepresentations on their Application for Commercial Insurance and the subsequent renewal applications. (Lambert Aff. ¶ 56, Ex. 8).

34. Union Mutual would not have issued the same exact policies of commercial insurance to plaintiffs if it had known that the Premises contained three apartment units, not the two units disclosed by plaintiffs. (Lambert Aff., ¶ 69)

35. The 01, 02, and 03 Policies were rescinded based upon the plaintiffs' material misrepresentation of the number of apartment units at the Premises. (Lambert Aff. ¶ 56, Ex. 8).

36. Policies issued by Union Mutual through Roundhill are underwritten though Roundhill's website. (Lambert Aff., ¶ 14-17).

37. Policies issued by Union Mutual must conform to underwriting guidelines agreed upon between Union Mutual and Roundhill. (Lambert Aff., ¶ 64, Ex. 9).

38. The underwriting guidelines provide that a higher premium is charged for each additional living unit. (Lambert Aff., ¶ 66, Ex. 66).

39. Brokers acting on behalf of prospective insureds answer a series of questions on the Roundhill website and provide information for the risks they are obtaining coverage for. (*Id.*)

40. The factual information input into the web-based application result in an automatic calculation and determination of the premise to be charged for the insurance requested. (Lambert Aff., ¶ 18).

41. Roundhill issues commercial package insurance policies through Union Mutual based upon the prospective insured's factual representations about the premises to be insured. (Lambert Aff., ¶ 57).

42. Roundhill calculates and collects premiums charged for Union Mutual commercial package insurance policies based only upon the prospective insureds certified factual representations made on the insurance application. (Lambert Aff., ¶ 68).

43. Roundhill does not physically inspect a prospective property to be insured prior to issuing a commercial package policy of insurance. (Lambert Aff., ¶ 57).

44. Roundhill does not need to physically inspect a prospective property to be insured because the application's "Binder Package Electronic Signature Page" states, in pertinent part, "I hereby certify that the information provided in this application is true and that I have read and understand the provisions below.  The proposed insured affirms that the information submitted to obtain this insurance coverage is true and agrees that the information shall constitute and application which shall constitute a part of any policy issued whether attached or not".  (Lambert Aff., ¶¶ 57 and 60).

45. Roundhill is only authorized to issue commercial package policies of insurance which conform with the underwriting guidelines agreed upon between Union Mutual and Roundhill. (Lambert Aff., ¶ 64, Ex. 9).

46. These underwriting guidelines provide that a higher premium is charged for each additional living unit. (Lambert Aff., 66).

47. Had Roundhill been accurately advised on the plaintiffs' applications that the Premises to be insured for the plaintiffs at 39-11 27th Street, Long Island City, New York 11101 actually contained three apartment units, rather than two apartment units, Roundhill would not have issued the Union Mutual commercial package policies it did to the plaintiffs. (Lambert Aff., ¶ 69).

48. After a policy is bound, an independent contractor inspects the premises to be insured. (Lambert Aff., ¶ 74).

49. The primary concerns of the inspection are that the inspector will photograph the building's heating system source, the building's electrical system boxes, and public access stairs if there are any, as well as sidewalks at the Premises, and not to verify the accuracy of the answers provided on an insured's application for commercial insurance. Lambert Aff., ¶ 74, 76, and 81, Ex. 9)

50. If the inspection does not identify any safety issues at the premises to be insured, no person at Roundhill or Union mutual physically reviews the inspection report. (Lambert Aff., ¶ 82).

51. The non-party Independent Contractor Fred Harper who performed the limited underwriting inspection on July 11, 2017, at the Premises was deposed on June 24, 2021. (Deposition of non-party, Independent Contractor Fred Harper).

52. Mr. Harper is not an employee of Roundhill but operates only as an independent contractor. (Deposition of non-party, Independent Contractor Fred Harper, p.7).

53. The underwriting inspection is limited to look "on the outside, front, back, sidewalk, and check for utilities on the inside, and stairs for safety reasons." (Deposition of non-party, Independent Contractor Fred Harper, p.9).

DATED: Buffalo, New York
October 25, 2021

                                                   HURWITZ & FINE, P.C.

By:                                
        Charles J. Englert, Esq.
        *Attorneys for Defendant*
        *Union Mutual Fire Insurance Company*
        1300 Liberty Building
        424 Main Street
        Buffalo, New York 14202
        (716) 849-8900