UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

FRED LEE and ANNE LEE,

       Plaintiffs,

vs.

UNION MUTUAL FIRE INSURANCE COMPANY,

       Defendant.

_____

---

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

Case No.: 1:20-cv-03191- MKB-PK

---

HURWITZ & FINE, P.C.
Eric T. Boron, Esq.
Charles J. Englert, III, Esq.
*Attorneys for Defendant,*
*Union Mutual Fire Insurance Company*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
cje@hurwitzfine.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND AND FACTS ................................................................................. 2

JURISDICTION ...................................................................................................... 3

LEGAL STANDARD.............................................................................................. 5

ARGUMENT .......................................................................................................... 6

POINT I      UNION MUTUAL DID NOT BREACH
             THE COMMERCIAL POLICIES AT ISSUE
             BUT RATHER PROPERLY RESCINDED THE POLICIES
             UNDER APPLICABLE NEW YORK LAW
             BASED UPON PLAINTIFFS' MATERIAL MISREPRESENTATION
             OF THE RISK TO BE INSURED.................................................... 8

POINT II     PLAINTIFFS' GBL § 349 CLAIMS MUST BE DISMISSED ...................... 14

CONCLUSION.......................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page (s)**

*866 E. 164th St., LLC v. Union Mut. Fire Ins. Co.*,
16-CV-03678 (SN), 2017 WL 4444334, at *4 (S.D.N.Y. Oct. 3, 2017) ..............................8, 10, 16

*Aetna Cas. & Sur. Co. v. Retail Local 906 of AFL-CIO Welfare Fund*,
921 F.Supp. 122, 131 (E.D.N.Y. 1996) ................................................................................9

*A.F.A. Tours, Inc. v. Whitchurch*,
937 F.2d 82 (2d Cir. 1991)....................................................................................................4

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)........................................................5

*Apex Oil Co. v. DiMauro*,
822 F.2d 246 (2d Cir.)...........................................................................................................6

*Arch Specialty Ins. Co. v Kam Cheung Constr., Inc.*,
104 AD3d 599 (1st Dept 2013)............................................................................................9

*Broome Cnty. v. Travelers Indem. Co.*,
125 A.D.3d 1241 (3d Dep't 2015)......................................................................................13

*Cantrade Private Bank Lausanne Ltd. v. Torresy*,
876 F.Supp. 564 (S.D.N.Y. 1995) ........................................................................................6

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)........................................................5

*City of Johnstown v. Bankers Standard Ins. Co.*,
877 F.2d 1146 (2d Cir. 1989)...............................................................................................8

*Cohen v. Mutual Ben. Life Ins. Co.*,
638 F.Supp. 695 (E.D.N.Y. 1986) ......................................................................................10

*Cragg v. Allstate Indem. Corp.*,
17 N.Y.3d 118 (2011) .........................................................................................................13

*Cubby v. CompuServe, Inc.*,
776 F. Supp. 135 (S.D.N.Y. 1991) .....................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page (s)**

DePasquale v. Allstate Ins. Co.,
179 F. Supp. 2d 51 (E.D.N.Y. 2002) ...................................................................................17

*DiTolla v. Doral Dental IPA of N.Y., LLC*,
469 F.3d 271 (2d Cir. 2006)................................................................................................4

*ExxonMobil Inter-America, Inc. v. Advanced Info. Eng'g Servs.*,
328 F. Supp. 2d 443 (S.D.N.Y. 2004)............................................................................16, 17

*Gottlieb v. Cnty. of Orange*,
84 F.3d 511 (2d Cir. 1996)..................................................................................................5

*Hicks v. Baines,*
593 F.3d 159 (2d Cir. 2010)................................................................................................5

*Holcomb v. Iona Coll.*,
521 F.3d 130 (2d Cir. 2008)................................................................................................5

*Hunt v. Wash. State Apple Advert. Comm'n*,
432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).......................................................4

*In re WorldCom, Inc. Sec. Litig.*,
354 F. Supp. 2d 455 (S.D.N.Y. 2005)................................................................................8

*Jaramillo v. Weyerhaeuser Co.,*
536 F.3d 140, 145 (2d Cir. 2008)........................................................................................5

*Koch v. Acker, Merrall & Condit Co.*,
18 N.Y.3d 940 (2012) .......................................................................................................15

*Konikoff v. Prudential Ins. Co. of Am.*,
234 F.3d 92 (2d Cir. 2000)..................................................................................................5

*Konstantakopoulos vs. Union Mutual Fire Insurance Company*,
194 A.D.3d 572 (1st Dept. 2021).......................................................................................9

*Leach v. Kaykov*,
2011 WL 1240022, *10 (E.D.N.Y. 2011).....................................................................12, 16

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*.,
475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)......................................................5

## TABLE OF AUTHORITIES

**Cases**                                                                          **Page (s)**

*McCostis v. Home Ins. Co. of Indiana,*
31 F.3d 110 (2nd Cir. 1994)...................................................................................13

*Morales v. Castlepoint Ins. Co.,*
125 A.D.3d 947 (2d Dep't 2015)...............................................................................8

*Morgan Stanley Grp. Inc. v. New England Ins. Co.,*
225 F.3d 270 (2d Cir. 2000)...................................................................................13

*Newmont Mines Ltd. v. Hanover Ins. Co.,*
784 F.2d 127 (2nd Cir. 1986)...................................................................................13

*Ocean Partners, LLC v. North River Ins. Co.,*
546 F.Supp.2d 101 (S.D.N.Y. 2008).........................................................................13

*Orlander v. Staples, Inc.,*
802 F.3d 289 (E.D.N.Y. 2015)...................................................................................15

*PB Ams., Inc. v. Contl. Cas. Co.,*
690 F. Supp. 2d 242 (S.D.N.Y. 2010)..................................................................16, 17

*PepsiCo, Inc. v. Winterthur Internat'l Am. Ins. Co.,*
13 A.D.3d 599 (3d Dep't 2004).................................................................................13

*Process Plants Corp. v. Beneficial Nat'l Life Ins. Co.,*
53 A.D.2d 214 (1st Dep't 1976)...............................................................................8

*Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan,*
77 F.3d 48 (2d Cir. 1996)...........................................................................................8

*Schering Corp. v. Home Ins. Co.,*
712 F.2d 4, (2d Cir. 1983)...........................................................................................6

*Scottsdale Ins. Co. v. Priscilla Properties, LLC,*
254 F. Supp 3d 476 (E.D.N.Y. 2017) .........................................................................9

*S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.,*
64 F.3d 629 (2nd Cir. 1996)......................................................................................15

*State Farm Mut. Auto. Ins. Co. v. Malleia,*
175 F. Supp 2d 401 (E.D.N.Y. 2001) ...............................................................7, 14, 15

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                              <u>**Page (s)**</u>

*Tongkook Am., Inc. v. Shipton Sportswear Co.*,
14 F.3d 781 (2d Cir. 1994).............................................................................................4

*Washington National Insurance Company v. OBEX Group LLC*,
958 F.3d 126 (2nd Cir. 2020)..........................................................................................4

*Wright v. Goord,*
554 F.3d 255 (2d Cir. 2009).............................................................................................5

## <u>Statutes and Other Citations</u>

28 U.S.C. §1332(a)(1).................................................................................................3, 4

Fed. R. Civ. P. 56(a) .......................................................................................................5

Fed. R. Civ. P. 56(c)(1)(A) .............................................................................................5

Mariam-Webster (2021)..................................................................................................14

N.Y. GBL § 349...............................................................................................................14

N.Y. Ins. Law § 3105 ................................................................................................1, 6, 8

**PRELIMINARY STATEMENT**

Defendant Union Mutual Fire Insurance Company ("Union Mutual") respectfully submits this memorandum of law in support of its motion for summary judgment against plaintiffs pursuant to Fed. R. Civ. P. Rule 56. As evidenced and conclusively shown by the Union Mutual motion papers provided herewith, including the Affidavit of James Lambert in support of Union Mutual's motion for summary judgment and its exhibits, Union Mutual did not breach any legal or contractual obligation or duty owed to Plaintiffs nor did Union Mutual violate in any way New York's General Business Law ("GBL") §349. Accordingly, Union Mutual should be granted summary judgment dismissing plaintiffs' First and Second Causes of Action, and indeed the entirety of plaintiffs' unfounded action against Union Mutual.

By statute in New York, an insurer may rescind an insurance policy if the policy was issued in reliance upon material misrepresentations. N.Y. Ins. Law § 3105. A misrepresentation is "material" if the insurer would not have issued the policy in question had it known of the misrepresented facts. Even an innocent misrepresentation, if material, will support rescission of a policy.

Here, Union Mutual's investigation of plaintiffs' fire loss claim determined that plaintiffs misrepresented on their application for the commercial insurance policy in question the number of apartment units at the rental property of plaintiffs to be insured. Union Mutual would not have issued the commercial insurance policy in question had the true number of apartment units at the rental property to be insured been disclosed on the plaintiffs' insurance application. Union Mutual exercised its statutory right to rescind the commercial insurance policy in question, and deny plaintiffs' fire loss claim, based upon the plaintiffs' material misrepresentation.

1

## BACKGROUND AND FACTS

On March 2, 2020, Union Mutual was notified by email that a fire had occurred, and plaintiffs were making a claim for benefits under their Union Mutual commercial Insurance Policy Number 314PK-49300-03. (Lambert Aff., ¶ 40). Roundhill Express LLC ("Roundhill"), Union Mutual's Third-Party Claims administrator, evaluated the claim and engaged an independent adjuster to investigate the cause and origin of the fire. (*Id.* ¶ 41). Union Mutual's independent adjuster investigating the claim advised Union Mutual the plaintiffs' rental property at 39-11 27th Street, Long Island City, New York 11101 (the "Premises") contained not only a first-floor apartment and a second-floor apartment, but moreover, there was a third apartment, in the basement of the Premises. (*Id.*, Ex. 5). The basement of the Premises could be accessed directly from outside of the building, and contained a living area, bedroom, bathroom with a shower, and a kitchen area. (*Id.* ¶ 45, Ex. 5). Plaintiff Fred Lee acknowledged during deposition testimony in this action that plaintiffs had not changed the layout of the Premises during the seven years plaintiffs have owned the building. (Englert Dec. Ex. Ex. D, p 11).

By way of background, Union Mutual issued three consecutive commercial package insurance policies to plaintiffs, each commercial package policy being effective for one year, beginning on July 8, 2017. Lambert Aff., ¶ 10, 23, and 32). These commercial package policies were issued upon factual representations about the building at the premises to be insured that plaintiff, or their agent on behalf of plaintiffs, made on applications submitted for the commercial package policies. (*Id.*, ¶ 13, 26, and 33). On their initial application and subsequent renewal applications, plaintiffs were asked "How many apartment units are there?" (*Id.* ¶ 19, 28, and 35, Exs. 1, 2, and 3). In response to this question, plaintiffs, or their agent on behalf of plaintiffs, responded "2," thus representing that there were only two apartment units at the Premises. (*Id.* ¶

20, 29, and 36, Exs. 1, 2, and 3). Roundhill on behalf of Union Mutual then issued these commercial package policies to plaintiffs based entirely upon the representations made on their application and renewal applications for commercial insurance. (*Id*. ¶ 57).

The Union Mutual policies issued to plaintiffs contain the following relevant conditions to coverage:

### 6. Representations

By accepting this policy, you agree:

**a.** The statements in the Declarations are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

(Lambert Aff., Exs. 1, 2, and 3).

It was during the investigation of plaintiffs' fire loss at the Premises after the March 2, 2020 fire that Union Mutual learned, for the first time, that the Premises contained not only an apartment on the second floor and an apartment on the first floor, but also an apartment in the basement. (Lambert Aff., Ex. 5).  Based upon its findings during its investigation of the March 2, 2020 fire, Roundhill, on behalf of Union Mutual, issued correspondence dated May 19, 2020, denying Plaintiffs' claim for damages related to the March 2, 2020 fire and rescinding the commercial policies issued to Plaintiffs as void *ab initio* based upon Plaintiffs material misrepresentations on their application and renewal applications for the commercial insurance. (*Id*. ¶ 56, Ex. 8).

### <u>JURISDICTION</u>

Under 28 U.S.C. §1332(a)(1), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between citizens of different States . . . ." Diversity of citizenship exists because both defendants are citizens of New York, where as Union Mutual is a foreign insurance company organized under the laws of and headquartered in the State of Vermont.

Regarding the amount in controversy requirement for declaratory judgment actions under 28 U.S.C. 1332(a), the Second Circuit in *Washington National Insurance Company v. OBEX Group LLC*, 958 F.3d 126 (May 1, 2020), provides that "[i]n actions for declaratory or injunctive relief, which are equitable in nature, 'the amount in controversy is measured by the value of the object of the litigation.'" (quoting *DiTolla v. Doral Dental IPA of N.Y., LLC*, 469 F.3d 271, 276 (2d Cir. 2006) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977))). "[T]he sum claimed by the [petitioner] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (quoting *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (internal quotation marks omitted)); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) (stating that if "the damages sought are uncertain, the doubts should be resolved in favor of the plaintiff's pleadings").

Here, Plaintiffs allege in their complaint that they have sustained physical loss to property in an amount believed to be in excess of $500,000. (Englert Dec., Ex. A.) Therefore, in accordance with the above, this Court is properly vested with subject matter jurisdiction pursuant to 28 U.S.C. §1332 due to the existence of diversity between the parties, as well as an amount in controversy exceeding the minimum $75,000 threshold due to the damages allege in Plaintiff's complaint.

## **LEGAL STANDARD**

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Court must view all facts "in the light most favorable to the non-moving party," *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008), and the movant bears the burden of demonstrating that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). It may not rely on "mere speculation or conjecture as to the true nature of the facts," *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted), or "on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted). Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), and demonstrating more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). If "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment shall be denied. *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9-10 (2d Cir. 1983). However,

5

"[t]he Court draws all reasonable inferences in favor of the nonmoving party only after determining that such inferences are reasonable, considering all the evidence presented. *Cantrade Private Bank Lausanne Ltd. v. Torresy*, 876 F.Supp. 564, 568 (S.D.N.Y. 1995) (citing *Apex Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2d Cir.), *cert. denied*, 484 U.S. 977, 108 S.Ct. 489, 98 L.Ed.2d 487 (1987) ("[S]ome assessing of the evidence is necessary in order to determine rationally what inferences are reasonable and therefore permissible . . . .")).

## ARGUMENT

The undisputed facts confirm that the Plaintiffs materially misrepresented the risk to be insured under three Union Mutual commercial package policies (policy numbers, 314PK-49300-01, 314PK-49300-02, and 314PK-49300-03 (hereinafter the "Policy")) on their application and renewal applications for commercial insurance. New York State Insurance Law § 3105 allows an insurer to void a contract of insurance if it is determined that the insured materially misrepresented the risk to be insured. A representation is deemed to be material if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such a contract." N.Y. Ins. Law § 3105(b)(1) (McKinney 2021). As shown through the deposition testimony of Plaintiff Fred Lee and the inspection report within Union Mutual's claim file, it is undisputed that the Premises contained three apartments at all relevant times. Additionally, the Affidavit of James Lambert, president of Roundhill Express, LLC and chief underwriter of Union Mutual policies issued in New York State, explaining and presenting a copy of the pertinent Union Mutual underwriting guidelines indisputably shows Union Mutual would not have issued the commercial policies of insurance to plaintiffs on their rental property that were issued, at the premiums charged, had Union Mutual known that there were three apartment units at the Premises, rather than the two as misrepresented by plaintiffs' applications for the commercial insurance policies. Accordingly,

6

with the policies rescinded ab initio, Union Mutual has no obligation to pay plaintiffs' fire loss claim and cannot be found to have breached a contractual obligation to do so, as alleged by plaintiffs' first cause of action.

Furthermore, plaintiffs' second cause of action, asserting violations by Union Mutual of provisions of New York General Business Law ("GBL") §349 must be similarly dismissed. Plaintiffs have not and indeed cannot make a *prima facie* showing that Union Mutual is "engaging in an act or practice that is deceptive or misleading in a material way, ... that plaintiff has been injured by reason thereof." *State Farm Mut. Auto. Ins. Co. v. Malleia*, 175 F. Supp 2d 401, 420 (E.D.N.Y. 2001) (internal quotations omitted). Plaintiffs make no cognizable allegations of deceptive or misleading conduct on the part of Union Mutual in handling their property damage claim, and therefore fail to establish a viable claim under N.Y. GBL § 349. For this reason alone, plaintiffs' second cause of action alleging violations of GBL §349. Plaintiffs' second cause of action also fails because plaintiffs have not shown and indeed cannot show this matter is anything more than a private contractual dispute between Plaintiffs and Union Mutual. Plaintiffs cannot show Union Mutual has engaged in consumer-oriented deceptive or misleading practices.

## POINT I

**UNION MUTUAL DID NOT BREACH THE COMMERCIAL POLICIES AT ISSUE
BUT RATHER PROPERLY RESCINDED THE POLICIES
UNDER APPLICABLE NEW YORK LAW
BASED UPON PLAINTIFFS' MATERIAL MISREPRESENTATION
OF THE RISK TO BE INSURED**

**A. The Number of Apartment Units Is a Material Fact, Upon Which Union Mutual
Wrote Plaintiffs' Policies of Insurance.**

"In New York, an insurer may rescind an insurance policy if it was issued in reliance on material misrepresentations. *See Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48, 52 (2d Cir. 1996); *Process Plants Corp. v. Beneficial Nat'l Life Ins. Co.*, 53 A.D.2d

7

214, 216 (1st Dep't 1976); *see also* N.Y. Ins. Law § 3105.  A misrepresentation in an insurance application is a false "statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof." N.Y. Ins. Law § 3105(a).  A policy may also be rescinded by the insurer "if the insured fraudulently concealed from or misrepresented a material fact to the insurer at the time the policy was issued." *City of Johnstown v. Bankers Standard Ins. Co.*, 877 F.2d 1146, 1153 (2d Cir. 1989). A misrepresentation is "material" if the insurer would not have issued the policy had it known of the facts concealed or misrepresented. *Morales v. Castlepoint Ins. Co.*, 125 A.D.3d 947, 947–48 (2d Dep't 2015). "Even an innocent misrepresentation, if material, will support rescission*." In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 465 (S.D.N.Y. 2005)." *866 E. 164th St., LLC v. Union Mut. Fire Ins. Co.*, 16-CV-03678 (SN), 2017 WL 4444334, at *4 (S.D.N.Y. Oct. 3, 2017).

The Policy was issued entirely based upon Plaintiffs' representations during the on-line application process employed by Roundhill, on behalf of Union Mutual. (Lambert Aff., ¶ 57). Roundhill requires that a prospective insured truthfully answer a series of application questions which provide information regarding the risk to be insured, if a policy is issued by Union Mutual, it is written and issued based only upon the prospective insureds responses to those questions. (Englert Dec., Ex. E, p. 9-10). In applying for commercial insurance through Roundhill to be issued by Union Mutual, Plaintiffs represented that the Premises contained only two apartment units. (Lambert Aff., Exs. 1, 2, and 3). Accordingly, Union Mutual issued the Policy and calculated the Policy's premiums based upon those representations. (Lambert Aff., ¶ 68).

Had Union Mutual known that the Premises contained three apartment units and not two, it would not have issued the *same exact* policy to Plaintiffs. *Scottsdale Ins. Co. v.*

*Priscilla Properties, LLC*, 254 F. Supp 3d 476, 481 (E.D.N.Y. 2017) (In order to rescind a policy of insurance, an insurer must only prove that it would not have issued the same exact policy of insurance has the material misrepresentation not been made); *see also Aetna Cas. & Sur. Co. v. Retail Local 906 of AFL-CIO Welfare* Fund, 921 F.Supp. 122, 131 (E.D.N.Y. 1996) (holding that the insurer need not prove that it would not have issued any policy at all, but that the policy in question would not have been issued) (internal quotations omitted).  By failing to correctly represent the number of apartment units at the Premises, Plaintiffs induced Union Mutual to issue the Policy by inaccurately describing the risk to be insured.  Earlier this year Union Mutual obtained a New York appellate court ruling confirming that where an underwriter's affidavit and excerpts from the underwriting guidelines show that the insurer would not have issued the policy if it had known the true nature of the risk, (i.e., a four-unit dwelling as opposed to a three-unit dwelling) the policy issued in reliance upon the misrepresentation as to the number of apartment units in the building can be rescinded *ab initio* by the insurer. *Konstantakopoulos vs. Union Mutual Fire Insurance Company*, 194 A.D.3d 572, 573 (1st Dept. 2021).  The court in *Konstantakopoulos* also held that Union Mutual was not required to submit evidence of its underwriting practices with respect to applicants with similar histories. S*ee Arch Specialty Ins. Co. v Kam Cheung Constr., Inc.*, 104 AD3d 599, 599 (1st Dept 2013).

Considering a similar factual situation involving material misrepresentations made on an application for commercial insurance, courts have recently ruled that Union Mutual was justified as a matter of law in voiding a commercial insurance policy *ab initio* and rescinding the commercial policy due to the insured's material misrepresentation made in the application for insurance.  In the same ruing, the court granted Union Mutual's motion for summary judgment with respect to the insured's breach of contract claim, finding "Union Mutual was justified as a

9

matter of law in voiding *ab initio* and rescinding the Policy due to plaintiff's material misrepresentation." *866 E. 164th St., LLC v Union Mut. Fire Ins. Co*., 16-CV-03678 (SN), 2017 WL 4444334, at *6 (S.D.N.Y. Oct. 3, 2017).

As shown by the Affidavit of James Lambert provided in support of Union Mutual's motion for summary judgment in the matter at hand, Union Mutual's underwriting guidelines effective at the time plaintiffs applied for the commercial package policies of insurance prove that the *same exact* policy would not have been issued to plaintiffs had they accurately represented the Premises on their application and subsequent renewal applications for commercial insurance. (Lambert Aff., Ex. 9). Thus proving, as a matter of law, that plaintiffs' application misrepresentations are material. *See Cohen v. Mutual Ben. Life Ins. Co.*, 638 F. Supp. 695, 697 (E.D.N.Y. 1986) (the determination of materiality as a matter of law may be based on evidence of the insurer's practice shown by such documents as the insurer's underwriting manuals, and by testimony of a qualified employee of the insurer that the insurer would not have issued the particular contract it did had the facts been disclosed). As Union Mutual's underwriting guidelines evidence that it would not have issued the same exact policy to plaintiffs had it known there were in fact three apartment units at the Premises, plaintiffs' representation of the number of apartment units was a material fact in Union Mutual's issuance of the Policy. Accordingly, Union Mutual's rescission of the Policy, upon finding that plaintiffs materially misrepresented the risk to be insured, was proper.

B. **Union Mutual Did Not Have Prior Knowledge of the Basement Apartment.**

After a policy of insurance applied for through Roundhill is issued by Union Mutual, a limited inspection of certain areas of the insured premises is scheduled and conducted, to inspect the heating system, electrical, public access stairs, and any sidewalks at a property.

10

(Englert Dec. Ex. E, p. 21). This limited underwriting inspection is performed by an independent contractor. (*Id*. at 13). Union Mutual's independent contractors perform between thirty to fifty inspections per week, with each inspection taking approximately ten minutes to complete. (Englert Dec., Ex. F, p. 11-12). The only report Union Mutual receives of the inspection are a series of photographs automatically uploaded to Roundhill's web-based system when they are taken. (Englert Dec. Ex. E, p. 18-19).

It is anticipated plaintiffs may assert that because the inspector is claimed by plaintiffs to have entered into the basement of the Premises, Union Mutual therefore (purportedly) had knowledge of the apartment in the basement at the time the Premises was inspected. However, such an argument fails for multiple reasons. First, it ignores the fact that the inspector is an independent contractor and not an employee of either Union Mutual or Roundhill. "[A]n independent contractor is "'one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer, except as to the product or result of his work." *Cubby v. CompuServe, Inc.,* 776 F. Supp. 135, 144-43 (S.D.N.Y. 1991). The inspector in the matter at hand, Mr. Fred Harper, testified at his non-party deposition in this action that the only instructions he ever received regarding conducting inspections of properties insured by Union Mutual were "blanket instructions" at the time he began inspecting properties on behalf of Union Mutual. (Englert Dec., Ex. F, p. 13). He testified he does not receive specific instructions for each property he inspects. Accordingly, the actual manner by which he conducts the inspections is not controlled by Union Mutual.

As the underwriting inspector is an independent contractor, whatever personal knowledge of the Premises the underwriting inspector has, outside of the photographs which make up his report, cannot be imputed upon either Roundhill or Union Mutual. *See Leach v. Kaykov*,

11

2011 WL 1240022, *10 (E.D.N.Y. 2011) (the liability of an independent contractor cannot be imputed to the principal, because the principal has no control over the independent contractor's manner of completing its work). Here, the inspection report Mr. Harper submitted to Roundhill advised the Premises is "clean" and says absolutely nothing about the number of apartment units in the plaintiffs' rental building nor anything communicating to Roundhill or Union Mutual that there was a basement apartment in the building. (Englert Dec. Ex. E, p. 17-18). Indeed, plaintiffs have not presented even a shred of evidence – because there is none - proving Union Mutual asked for, or directed, the underwriting inspector to identify the number of apartment units at the Premises, or that he did so. Any attempts to argue the contrary cannot withstand even the slightest scrutiny on the summary judgment motion record before this Honorable Court.

**C. The Term "Apartment Unit" is Unambiguous.**

It is anticipated plaintiffs may assert that because the terms "unit" and "apartment unit" are not defined by the commercial policy at issue, and the application itself is said to be part of the policy, those terms are (purportedly) subject to multiple interpretations, and therefore ambiguous. To determine whether policy language is ambiguous, "courts are guided by the reasonable expectations of the average insured upon reading the policy." *Broome Cnty. v. Travelers Indem. Co.*, 125 A.D.3d 1241, 1242 (3d Dep't 2015); see also *Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118, 122 (2011) (insurance contracts are interpreted in accordance with common speech). If the contract is ambiguous, "particularly the language of an exclusion provision," the ambiguity is interpreted in favor of the insured. See also *PepsiCo, Inc. v. Winterthur Internat'l Am. Ins. Co.*, 13 A.D.3d 599, 600 (3d Dep't 2004) ("if the language of the policy is doubtful or uncertain in its meaning, any ambiguity must be resolved in favor of the insured and against the insurer" (internal citation and quotation marks omitted)). "An ambiguity exists where the terms of an

insurance contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000) (internal citation and quotation marks omitted). Under New York law "an insurance contract is construed in the same manner as other contracts and must be read to give effect to the intent of the parties as expressed in the plain meaning of the words in the contract." *Ocean Partners, LLC v. North River Ins. Co.*, 546 F.Supp.2d 101, 104 (S.D.N.Y. 2008); *see also Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 134 (2nd Cir. 1986) ([u]nless otherwise indicated, words should be given the meanings ordinarily ascribed to them and absurd results should be avoided). It is also well understood that when interpreting an insurance contract an ambiguity in an insurance contract is resolved by application of the contra-insurer rule, "which states that any ambiguity in an insurance policy should be resolved in favor of the insured." *McCostis v. Home Ins. Co. of Indiana*, 31 F.3d 110, 113 (2nd Cir. 1994).

However, in the instant matter there is no circumstance in which the term "apartment unit" can be deemed ambiguous. Merriam-Webster's defines apartment as "a room or set of rooms fitted especially with housekeeping facilities." *Mariam-Webster* (2021). Plaintiffs will likely rely on the allegations set forth in their complaint that the basement of the Premises cannot legally be occupied. (Englert Dec. Ex. A, Dkt. 1a, ¶ 19, 22, 23, 24, 25, 26, 27, 28, and 36). Whether or not the basement of the building at the Premises is legally defined as an apartment does not however change the plain meaning of the term as used in the application and renewal applications for commercial insurance. The application and renewal applications simply ask "[h]ow many apartment units are there?" (Lambert Aff., Exs. 1, 2, and 3). No mention is made of the legal

13

standing of the apartment units, whether or not the apartment units are occupied, or whether or not the prospective insured intends to have the apartment units leased or occupied. (Lambert Aff., ¶ 21). Therefore, when interpreting this application question, giving the term "apartment unit" the meaning ordinarily ascribed to it, the only reasonable definition of the term apartment unit is a living space within a building that can be occupied by one or more persons.

## POINT II

### PLAINTIFFS' GBL § 349 CLAIMS MUST BE DISMISSED

**Plaintiff Cannot Make a Prima Facie Showing that Union Mutual Engaged in a Deceptive or Misleading Act or Practice.**

The second cause of action in Plaintiffs' complaint, alleging a violation of New York General Business Law § 349, must be dismissed as the complaint alleges only a private contractual dispute between Plaintiffs and Union Mutual; it does not allege that Union Mutual engaged in consumer oriented deceptive or misleading practices. Based on the allegations in the complaint Plaintiffs cannot make a *prima facie* showing that "defendant is engaging in an act or practice that is deceptive or misleading in a material way, ... that plaintiff has been injured by reason thereof." *State Farm Mut. Auto. Ins. Co. v. Malleia*, 175 F. Supp 2d 401, 420 (E.D.N.Y. 2001) (internal quotations omitted). Furthermore, in order to succeed on a claim that Union Mutual violated N.Y. GBL § 349, Plaintiffs must plead facts that suggest Union Mutuals acts and practices have a broad impact on consumers at large. *See S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.*, 64 F.3d 629, 636 (2nd Cir. 1996). A Successfully plead claim alleging a violation of N.Y. GBL § 349 must "allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300

14

(E.D.N.Y. 2015) *citing Koch v. Acker, Merrall & Condit Co.,* 18 N.Y.3d 940, 944 (2012) (internal quotation marks omitted).

While Plaintiffs' complaint makes general allegations that Union Mutual engages in deceptive acts or practices in adjusting claims, these allegations are completely irrelevant to the issues in this action. (*See* Englert Dec. Ex. A, Dkt. 1a, ¶ 71-73). As explained more fully above, Union Mutual rescinded the Policy issued to Plaintiffs based upon a material misrepresentation on Plaintiffs' application and renewal applications for commercial insurance. Union Mutual did not disclaim coverage based upon the application of any policy term or exclusions. In pleading their cause of action alleging Union Mutual's violation of N.Y. GBL § 349, Plaintiffs make no mention of rescission, but instead allege that "[Union Mutual's] retained adjuster interposed his own unqualified determination as to the manner in which the Loss took place." (*Id.*, at ¶ 72). Such an allegation neither reflects the plaintiffs being deceived or misled, nor does it in any other way support plaintiff's second cause of action, given it purports to concern the plaintiffs first (breach of contract) cause of action. Union Mutual does not dispute that, had the insured's policies not been issued based upon a material misrepresentation Plaintiffs' claim would fall within coverage.

It is anticipated plaintiffs may assert that they were somehow misled or deceived by oral statements made to Mr. Lee by the independent contractor, Fred Harper, who conducted the July 11, 2017 inspection. Such an assertion would be futile, given Mr. Harper's indisputable status as an independent contractor. He is not a spokesperson or agent for either Roundhill or Union Mutual. As noted earlier in this memorandum, the underwriting inspector Mr. Harper is an independent contractor, and whatever personal knowledge of the Premises the underwriting inspector has, outside of the photographs which make up his report, cannot be imputed upon either Roundhill or Union Mutual. The same would go for any oral statements he may have made to

15

Mr. Fred Lee at the time of the inspection. *Leach v. Kaykov*, 2011 WL 1240022, *10 (E.D.N.Y. 2011) (the liability of an independent contractor cannot be imputed to the principal, because the principal has no control over the independent contractor's manner of completing its work).

Further, under similar facts this Honorable Court has previously ruled that in order to prove their second cause of action alleging N.Y. GBL § 349 violations, plaintiffs must show that "there exist other commercial property-owners who answered the application in the same way and whose policies were subsequently voided based on Union Mutual's investigative findings." *866 E. 164th St., LLC*, 2017 WL 4444334 at *7. Here, like in *866 E. 164th St., LLC*, "plaintiff's…claims of consumer-oriented conduct are all with regards to Union Mutual's conduct in *this action against plaintiff itself.* There is no evidence of Union Mutual purposefully engineering a large-scale program of defrauding a broad population of insured parties." (*Id.*) As courts have consistently held that "a defendant will not be held liable under (New York's GBL) § 349 where the disputed private transaction does not have ramifications for the public at large," therefore, Union Mutual cannot be held liable for violating N.Y. GBL § 349 where the plaintiffs second cause of action alleges no consumer oriented conduct, and there has been no evidence or testimony presented to prove such consumer oriented conduct has occurred. *See PB Ams., Inc. v. Contl. Cas. Co.*, 690 F. Supp. 2d 242 (S.D.N.Y. 2010), *quoting*, *ExxonMobil Inter-America, Inc. v. Advanced Info. Eng'g Servs.*, 328 F. Supp. 2d 443, 449 (S.D.N.Y. 2004).

Plaintiffs' complaint in this action alleges nothing more than a disagreement between insureds and their insurer as to commercial insurance, and "Almost uniformly...courts have held that such disputes are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to Section 349." *DePasquale v. Allstate Ins. Co.*, 179 F. Supp. 2d 51, 60 (E.D.N.Y. 2002). Plaintiffs provide no substantive allegations proving that Union Mutual

16

engages in the same behavior with regard to the multitudes of claims it processes for its other insureds.  Based upon all of the above, it is clear that plaintiffs have not shown and cannot establish a viable claim under GBL § 349, and therefore plaintiffs' second cause of action any allegations referencing such an alleged violation must be dismissed.

## **CONCLUSION**

**WHEREFORE** on the motion record before this Honorable Court defendant UNION MUTUAL FIRE INSURANCE COMPANY respectfully requests the Court grant its motion for summary judgment against plaintiffs FRED LEE and ANNE LEE, pursuant to Federal Rule of Civil Procedure 56, declaring as a matter of law that the Union Mutual 01 Policy, 02 Policy and 03 Policy issued to plaintiffs are each void *ab initio* based upon plaintiffs material misrepresentations, and further declaring as a matter of law that Union Mutual has no obligation to indemnify plaintiffs concerning the March 2, 2020 fire loss at 39-11 27th Street, Long Island City, New York 11101, and in sum dismissing plaintiffs' first cause of action alleging breach of contract and plaintiffs' second cause of action alleging Union Mutual violated New York General Business Law § 349, and providing in favor of Union Mutual such other, further and/or different relief as to this court may find just, proper and equitable, together with the costs and disbursements of this action.

DATED:    Buffalo, New York
             October 25, 2021

HURWITZ & FINE, P.C.

*Eric T. Boron*

Eric T. Boron, Esq.
Charles J. Englert, Esq.
*Attorneys for Defendant,*
*Union Mutual Fire Insurance Company*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
etb@hurwitzfine.com
cje@hurwitzfine.com

18