UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

FRED LEE and ANNE LEE,

     Plaintiffs,

vs.

UNION MUTUAL FIRE INSURANCE COMPANY,

     Defendant.

_____

---

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

Case No.: 1:20-cv-03191- MKB-PK

---

HURWITZ & FINE, P.C.
Eric T. Boron, Esq.
Charles J. Englert, III, Esq.
*Attorneys for Defendant,*
*Union Mutual Fire Insurance Company*
1300 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 849-8900
etb@hurwitzfine.com
cje@hurwitzfine.com

**TABLE OF CONTENTS**

**Page**

Table of Authorities ................................................................................................ ii

Preliminary Statement................................................................................................1

Argument ....................................................................................................................1

Reply Point I ........................................................................................................1

THE MOTION RECORD BEFORE THE COURT SHOWS
THERE ARE NO MATERIAL FACTS AT ISSUE

Reply Point II........................................................................................................3

THE UNDERWRITING GUIDELINES CLEARLY SHOW
A HIGHER PREMIUM IS CHARGED TO INSURE A
3-UNIT BUILDING THAN A 2-UNIT BUILDING

Reply Point III.......................................................................................................5

PLAINTIFFS' ESTOPPEL ARGUMENT IS UNFOUNDED

Union Mutual Did Not Have Prior Knowledge
of the Basement Apartment ...........................................................................5

Reply Point IV ......................................................................................................6

PLAINTIFFS HAVE NOT OPPOSED UNION MUTUAL'S
MOTION TO DISMISS THEIR ALLEGATIONS OF
N.Y. GBL §349 VIOLATIONS

Plaintiffs Have Failed to Make Any Showing of Any
Essential Element of their Cause of Action Asserting
Violations of New York General Business Law §349............................................6

Plaintiffs Have Neither Alleged Nor Shown Any
Purportedly Deceptive or Misleading Act or
Practice Engaged in by Union Mutual, Nor Have
Plaintiffs Alleged or Shown that Union Mutual's
Alleged Acts or Omissions Have Any Broad
Impact on Consumers at Large ...............................................................................7

Conclusion .................................................................................................................9

i

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page (s)**

*Ashkenazi v. AXA Equit. Life Ins. Co.*,
2016 NY Slip Op 31882(U) (N.Y. Sup. Ct, New York County 2016) ..............................................4

*Celotex Corp v. Catrett*,
417 U.S. 317 (1986) ................................................................................................................. 6-7

*Cleveland v. Policy Management Systems Corp.*,
526 U.S. 795 (1999) ....................................................................................................................6

*DePasquale v. Allstate Ins. Co.*,
179 F. Supp. 2d 51 (E.D.N.Y. 2002) ..........................................................................................9

*Esposito v. Ocean Harbor Cas. Ins. Co.*,
2013 WL 6835194 (E.D.N.Y. 2013) ........................................................................................... 9

*Koch v. Acker, Merrall & Condit Co.*,
18 N.Y.3d 940 (2012) .................................................................................................................7

*Konstantakopoulos v. Union Mutual Fire Insurance Company*,
194 A.D.3d 572 (1st Dept 2021) .................................................................................................4

*Orlander v. Staples, Inc.*,
802 F.3d 289 (E.D.N.Y. 2015) ...................................................................................................7

*Pape v. Dircksen & Talleyrand Inc.*,
2019 WL 1435882 (E.D.N.Y. 2019) ...........................................................................................1

*Process Plants Corp. v. Beneficial Nat'l Life Ins. Co.*,
53 A.D.2d 214 (1st Dep't 1976) .................................................................................................5

*Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*,
77 F.3d 48 (2d Cir. 1996) ...........................................................................................................5

*S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.*,
64 F.3d 629 (2nd Cir. 1996) .......................................................................................................7

*Sattar v. U.S. Dep't of Homeland Sec.*,
669 F. App'x 1, 3 (2d Cir. 2016) .................................................................................................1

*State Farm Mut. Auto. Ins. Co. v. Malleia*,
175 F. Supp 2d 401 (E.D.N.Y. 2001) .........................................................................................7

Statutes

Fed R. Civ. P. Rule 56 ....................................................................................................1, 9

New York General Business Law §349............................................................... 1 *passim*

New  York State Insurance Law § 3105............................................................ 3 *passim*

New York State Insurance Law § 3105(b)(1) (McKinney 2021)........................................3

## PRELIMINARY STATEMENT

Defendant Union Mutual Fire Insurance Company ("Union Mutual") respectfully submits this Reply Memorandum of Law in further support of its motion for summary judgment against plaintiffs pursuant to Fed. R. Civ. P. Rule 56.   Taking into account the set of material facts that plaintiffs' response to Union Mutual's Local Civil Rule 56.1 Statement admits are undisputed, coupled with the uncontroverted evidence proffered through the Affidavit of James Lambert in support of Union Mutual's motion for summary judgment, this Court has ample grounds to grant Union Mutual summary judgment dismissing plaintiffs' First Cause of Action alleging breach of contract.  There are no material facts at issue.  Union Mutual has made a *prima facie* showing of entitlement to summary judgment as a matter of law as to plaintiffs' First Cause of Action. Plaintiffs have failed to assemble and lay bare any affirmative proof demonstrating any genuine issue of material fact exists.  Moreover, plaintiffs have not opposed the second prong of Union Mutual's summary judgment motion seeking dismissal of plaintiffs' Second Cause of Action asserting alleged violations of New York General Business Law §349 ("N.Y. GBL §349").  Union Mutual should be granted summary judgment dismissing plaintiffs' Second Cause of Action.

## ARGUMENT

### REPLY POINT I

#### THE MOTION RECORD BEFORE THE COURT
#### SHOWS THERE ARE NO MATERIAL FACTS AT ISSUE

Plaintiffs' response to Union Mutual's Local Civil Rule 56.1 Statement, while improperly argumentative[1], nonetheless acknowledges that the following material facts are undisputed:

---

[1] Plaintiffs' insertions of legal arguments into responses to Union Mutual's Local Civil Rule 56.1 Statement must be disregarded. *See Pape v. Dircksen & Talleyrand Inc.*, 2019 WL 1435882 (E.D.N.Y. 2019), citing *Sattar v. U.S. Dep't of Homeland Sec.*, 669 F. App'x 1, 3 (2d Cir. 2016) ("Rule 56.1 statements are statements of fact rather than legal arguments.") (quotations omitted).

plaintiffs' building is a two-story building with a finished basement (see Plaintiffs' 11.19.21 Response to Defendant's Local Civil Rule 56.1 Statement, para. 14 response); the building has a two-bedroom apartment on its second floor and a two-bedroom apartment on its first floor (*Id.*, para. 15 response); at all times pertinent, the basement could be accessed directly from outside the building (*Id.*, para. 22 response); the basement of the building has a bathroom with shower (*Id.*, para. 17 response); the photographs taken by BCI (Union Mutual's independent adjuster) accurately depict the basement of the building (*Id.*, para. 20 response); the plaintiffs' Applications for Commercial Insurance represented that the plaintiffs' building to be insured only contained two apartment units (*Id.*, paras. 26, 31 responses); and, Union Mutual's Underwriting Guidelines provide that a higher premium is charged for each additional living unit in the building (*Id.*, para. 46 response).

Moreover, plaintiffs' opposition to Union Mutual's motion for summary judgment did not, and indeed could not, dispute the following additional material facts set forth in the Affidavit of James Lambert sworn to October 22, 2021 ("Lambert Aff. in Support"):   Union Mutual's independent adjuster sent to inspect and examine the building after the fire reported that "an apartment does exist in the basement area" (Lambert Aff. in Support, para. 45 and its Ex. 5); the commercial insurance policies would not have been issued to plaintiffs for the premium amounts charged, if Union Mutual had been accurately advised the building actually had three units, counting the basement unit, rather than two units (Lambert Aff. in Support, paras. 64-70 and its Ex. 9, the Underwriting Guidelines).

The undisputed material facts collectively evidence Plaintiffs materially misrepresented the risk to be insured on their Applications for Commercial Insurance.  New York State Insurance Law § 3105 allows an insurer to void a contract of insurance if it is determined that the insured

2

materially misrepresented the risk to be insured.  A representation is deemed to be material if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such a contract." N.Y. Ins. Law § 3105(b)(1) (McKinney 2021).  The Lambert Aff. in Support shows Union Mutual would not have issued the commercial policies of insurance to plaintiffs at the premium levels charged had Union Mutual known that there were three apartment units there, rather than the two as misrepresented by plaintiffs' Applications for Commercial Insurance.  Accordingly, with the policies rescinded *ab initio*, Union Mutual is not obligated to pay plaintiffs' fire loss claim and cannot be found to have breached a contractual obligation to do so as alleged by plaintiffs' First Cause of Action.  Union Mutual is entitled to summary judgment dismissing plaintiffs' First Cause of Action as a matter of law.

## REPLY POINT II

### THE UNDERWRITING GUIDELINES CLEARLY SHOW A HIGHER PREMIUM IS CHARGED TO INSURE A 3-UNIT BUILDING THAN A 2-UNIT BUILDING

Plaintiffs' Argument Point "A" asserted by their November 19, 2021 Memorandum of Law opposing Union Mutual's summary judgment motion is completely unfounded.   Even construing the evidence in a light most favorable to plaintiffs, there is no basis for this Court to give credence to plaintiffs' contention that Union Mutual has not produced Underwriting Guidelines showing the policies would not have been issued if the correct unit count had been represented for the plaintiffs' building on their Applications for Commercial Insurance.

Exhibit 9 to the Lambert Aff. in Support provides the Underwriting Guidelines, a business record of Union Mutual, in admissible form.  Page 3 of 4 of the Underwriting Guidelines evidences that a higher insurance premium is charged for each additional living unit, with the precise amount

3

of the additional premium dependent upon the "ISO" class.  (Lambert Aff. in Support, paras. 64-70 and its Ex. 9, the Underwriting Guidelines, at page 3 of 4 thereof).

Plaintiffs' reliance upon *Ashkenazi v. AXA Equit. Life Ins. Co.*, 2016 NY Slip Op 31882(U) (N.Y. Sup. Ct, New York County 2016), concerning which plaintiffs mis-cited a LEXIS case citation in their opposition brief, is misguided.  Plaintiffs' opposition inexplicably cites *Ashkenazi* in support of the unfounded contention that "the law states that, without any guidelines or rules on what constitutes an 'apartment' or 'apartment unit' for purposes of underwriting a Policy, Union Mutual cannot rescind the Policy as a matter of law".  However, *Ashkenazi* stands for no such proposition.  *Ashkenazi* is a case where the trial court analyzed whether financial misrepresentations set forth on the insured's applications for life insurance constituted material misrepresentations providing grounds for declaring the life insurance policies at issue void *ab initio* under New York Ins. Law §3105.   Contrast *Ashkenazi* with the much more recently decided - and far more on-point - *Konstantakopoulos v. Union Mutual Fire Insurance Company,* 194 A.D.3d 572 (1st Dept 2021) decision cited by Union Mutual's October 25, 2021 Memorandum of Law in support. *Konstantakopoulos* is a case directly on point that plaintiffs' opposition neither addresses nor distinguishes.  In *Konstantakopoulos*, the lower court's grant of summary judgment to Union Mutual declaring no coverage for a fire loss claim made on a commercial insurance policy was unanimously affirmed, upon the appellate court's finding that the "underwriter's affidavit and excerpts from the underwriting guidelines show that [Union Mutual] would not have issued the policy if it had known the true nature of the risk, i.e., a four-unit dwelling as opposed to a three-unit dwelling" because there would have been an increased premium charged to insure a four-unit building as opposed to the lower premium collected for insuring a three-unit building.  *Id.*, at 573. *Konstantakopoulos* provides this court with the law in New York to be followed in ruling on the

nearly identical facts and summary judgment motion of Union Mutual in the matter at hand. "In New York, an insurer may rescind an insurance policy if it was issued in reliance on material misrepresentations. *See Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48, 52 (2d Cir. 1996); *Process Plants Corp. v. Beneficial Nat'l Life Ins. Co.*, 53 A.D.2d 214, 216 (1st Dep't 1976); *see also* N.Y. Ins. Law § 3105. Here, Union Mutual's moving papers, buttressed by the uncontradicted Lambert Aff. in Support, especially its paras. 64-70 and its Ex. 9, the Underwriting Guidelines, at page 3 of 4 thereof, specifically explain and show that Union Mutual would not have issued the policies it did to plaintiffs had their Applications for Commercial Insurance told Union Mutual the building to be insured had three, rather than two, apartment units.

## REPLY POINT III

### PLAINTIFFS' ESTOPPEL ARGUMENT IS UNFOUNDED

**Union Mutual Did Not Have Prior Knowledge of the Basement Apartment**

Plaintiffs' estoppel argument fails because plaintiffs have not shown, and cannot show, that Union Mutual had any knowledge of the basement apartment at any point in time prior to receiving the post-fire report submitted by its independent adjuster investigating the fire. Plaintiffs' estoppel argument cites no facts in the record before this Court evidencing or even suggesting Union Mutual and/or its inspector Fred Harper ever saw or knew of the finished basement apartment in the building back in 2017 when Mr. Harper took the inspection photos. Page 9 of plaintiffs' November 19, 2021 Memorandum in Opposition weakly references that "the inspector photographed the mechanical room, the two gas meters, the electrical meters, all of which were in the basement". Plaintiffs have not shown, and cannot show, that the mechanical room with its two gas meters and its electrical meters were part of the finished basement apartment. The inspection report provided by the November 19, 2021 Declaration of Scott E. Agulnick in Opposition to Union Mutual's

5

motion for summary judgment ("Agulnick Nov. 19, 2021 Decl. in Opp.")'s Exhibit F contains neither photos of the finished basement of the building, where the full bath, kitchen and living room were, as discovered by the post-fire examination of premises by Union Mutual's adjuster, nor any reference to anything else about the basement other than that it had a mechanical room with two gas meters and some electrical meters.  Most notably, there is no part or portion of Ex. F to the Agulnick Nov. 19, 2021 Decl. in Opp. that evidences or even suggests Union Mutual had been put on notice back in 2017 because of the inspection that there was a basement apartment unit in the building.  Further, plaintiffs have not presented even one shred of evidence – because there is none – showing Union Mutual asked for, or directed, the underwriting inspector to identify the number of apartment units at the Premises.  Nor is there any evidence in the record that he did so.  Plaintiffs' long-winded estoppel argument is full of sound and fury, but signifying nothing.

## **REPLY POINT IV**

### **PLAINTIFFS HAVE NOT OPPOSED UNION MUTUAL'S MOTION TO DISMISS THEIR ALLEGATIONS OF N.Y. GBL §349 VIOLATIONS**

**Plaintiffs Have Failed to Make Any Showing on Any Essential Element of their Cause of Action Asserting Violations of New York General Business Law §349**

Plaintiffs have served no opposition to the second prong of Union Mutual's motion for summary judgment, by which Union Mutual seeks dismissal of plaintiffs' Second Cause of Action asserting alleged violations by Union Mutual of New York General Business Law §349 ("N.Y. GBL §349").  Plaintiffs have the burden of proof on their Second Cause of Action.  It is well established that summary judgment is appropriate when a party fails to make an adequate showing on an essential element of its case, as to which that party has the burden of proof.  *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 804 (1999); *Celotex Corp v. Catrett*, 417 U.S.

317, 323 (1986). Here, plaintiffs make no showing on any element essential to their Second Cause of Action alleging supposed violations by Union Mutual of N.Y. GBL §349.

**Plaintiffs Have Neither Alleged Nor Shown Any Purportedly Deceptive or Misleading Act or Practice Engaged in by Union Mutual, Nor Have Plaintiffs Alleged or Shown that Union Mutual's Alleged Acts or Omissions Have Any Broad Impact on Consumers at Large**

Plaintiffs' complaint alleges nothing more than a private contractual dispute between Plaintiffs and Union Mutual concerning a fire loss claim plaintiffs made against their commercial insurance policy with Union Mutual. (See Exhibit A to the October 25, 2021 Declaration of Charles J. Englert, Esq. in Support of Union Mutual's motion for summary judgment.) Plaintiffs' complaint sets forth no specific factual allegation showing Union Mutual engaged in either consumer-oriented acts, or in deceptive or misleading practices. The non-specific allegations in the Second Cause of Action fail to make a *prima facie* showing that "defendant is engaging in an act or practice that is deceptive or misleading in a material way, ... that plaintiff has been injured by reason thereof." *State Farm Mut. Auto. Ins. Co. v. Malleia*, 175 F. Supp 2d 401, 420 (E.D.N.Y. 2001) (internal quotations omitted). To succeed on a claim that Union Mutual violated N.Y. GBL § 349, Plaintiffs must plead facts asserting Union Mutual's acts and practices have a broad impact on consumers at large. *See S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.*, 64 F.3d 629, 636 (2nd Cir. 1996). A successfully plead claim alleging a violation of N.Y. GBL § 349 must "allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (E.D.N.Y. 2015) *citing Koch v. Acker, Merrall & Condit Co.,* 18 N.Y.3d 940, 944 (2012) (internal quotation marks omitted). Here, plaintiffs have utterly failed to meet these basic pleading requirements.

7

The Affidavit of Plaintiff Fred Lee sworn to October 20, 2021, provided as Exhibit A to the Agulnick Nov. 19, 2021 Decl. in Opp., sets forth no specific facts asserting, alleging or reflecting that Union Mutual deceived or misled the plaintiffs.  Mr. Lee's assertion that Union Mutual "wrongfully denied coverage" cannot be read or interpreted as an allegation that the plaintiffs were either misled or deceived.  Agulnick Dec. in Opp., Ex. A, plaintiff Fred Lee's Affidavit, para. "8".  Moreover, while Mr. Lee asserts he "was present during the inspection when the inspector inspected the premises", Mr. Lee does not allege being told or advised anything about the property or the policy by that inspector.  *Id.*, para. "14".  Accordingly, plaintiffs have not shown they were deceived or misled by oral statements made to Mr. Lee by the inspector.    Tellingly, plaintiffs proffer no evidence that the inspector ever reported to either Roundhill or Union Mutual that the Lees' building had three rather than two apartment units.

Plaintiffs' opposition to Union Mutual's summary judgment motion makes no attempt to address or distinguish the holding of *866 E. 164th St., LLC*, 2017 WL 4444334 at *7, cited by Union Mutual's October 25, 2021 Memorandum of Law in Support.  In *866 E. 164th St., LLC* the Southern District of New York ruled that in order to prove N.Y. GBL §349 violations under facts similar to the matter at hand, the insured must show that "there exist other commercial property-owners who answered the application in the same way and whose policies were subsequently voided based on Union Mutual's investigative findings." In the matter at hand, as was the case in *866 E. 164th St., LLC*, "plaintiff's…claims of consumer-oriented conduct are all with regards to Union Mutual's conduct in this action against plaintiff itself.   There is no evidence of Union Mutual purposefully engineering a large-scale program of defrauding a broad population of insured parties." (*Id.*) This Court has previously observed that when considering the viability of an insured's N.Y. GBL §349 cause of action asserted against a commercial insurer, "Almost

8

uniformly...courts have held that such disputes are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to Section 349." *DePasquale v. Allstate Ins. Co.*, 179 F. Supp. 2d 51, 60 (E.D.N.Y. 2002).

Finally, it is well settled that although a monetary loss is a sufficient injury to satisfy the requirement under Section 349, that loss must be independent of the loss caused by the alleged breach of contract. *Esposito v. Ocean Harbor Cas. Ins. Co.*, 2013 WL 6835194 (E.D.N.Y. 2013). Here, plaintiffs have not shown and cannot show that any alleged injury they have suffered is independent of the alleged loss caused by the alleged breach of contract. Based upon all of the above, it is clear that plaintiffs have not shown and cannot establish a viable claim under GBL §349, and therefore plaintiffs' Second Cause of Action must be dismissed as a matter of law.

**CONCLUSION**

The motion record before this Honorable Court provides clear and sufficient legal grounds to grant Union Mutual summary judgment in this action as a matter of law, pursuant to Federal Rule of Civil Procedure 56. First and foremost, the uncontroverted, admissible evidence in support of the first prong of Union Mutual's motion for summary judgment, presented through the Affidavit of James Lambert sworn to October 22, 2021 and its nine exhibits, indisputably shows that each of the three one-year policies issued by Union Mutual to the plaintiffs was justifiably rescinded by Union Mutual and is therefore void *ab initio,* based upon plaintiffs' material misrepresentations made on their Applications for Commercial Insurance. Accordingly, this Honorable Court should determine and rule, through an Order issued, that the Court declares as a matter of law that Union Mutual has no obligation to indemnify plaintiffs concerning the March 2, 2020 fire loss at 39-11 27th Street, Long Island City, New York 11101, and dismiss with prejudice plaintiffs' first cause of action alleging breach of contract. Secondly, because the second prong of Union Mutual's

9

motion for summary judgment seeking dismissal of plaintiffs' second cause of action alleging Union Mutual violated New York General Business Law § 349 is unopposed by plaintiffs, this Honorable Court should further determine and rule, through an Order issued, that this Court declares as a matter of law that plaintiffs' second cause of action alleging Union Mutual violated New York General Business Law § 349 is also dismissed, with prejudice.  Finally, Union Mutual respectfully requests that this Honorable Court provide in favor of Union Mutual such other, further and/or different relief as the Court finds just, proper and equitable, together with the costs and disbursements of this action.

DATED:       Buffalo, New York
             December 8, 2021

                                        HURWITZ & FINE, P.C.


                                        *Eric T. Boron*


                                        _____
                                        Eric T. Boron, Esq.
                                        Charles J. Englert, Esq.
                                        *Attorneys for Defendant,*
                                        *Union Mutual Fire Insurance Company*
                                        1300 Liberty Building
                                        424 Main Street
                                        Buffalo, New York 14202
                                        (716) 849-8900
                                        etb@hurwitzfine.com
                                        cje@hurwitzfine.com