

**GREENBLATT AGULNICK KREMIN P.C.**

**Scott E. Agulnick** | **Principal**
**Email: sagulnick@GAKlawfirm.com**

October 14, 2022

**VIA ECF**
Hon. Peggy Kuo
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East Brooklyn, New York 11201

      RE:        **Fred Lee and Ann Lee v. Union Mutual Fire Insurance Co.**
      Case No.     1:20-cv-03191-MKB-PK

Dear Honorable Kuo:

This office is counsel for the Plaintiffs in this matter. This letter is jointly written by the parties as per the October 4, 2022 directive of This Honorable Court to advise as the status of whether the parties are able to stipulate as to the pre-interest damages in this matter. The parties report that although the parties have made progress on negotiations, and having come to an agreement on the raw numbers, sans bad faith damages, we nonetheless respectfully request a conference with the Court because the parties have been unable to come to an agreement on the language of a proposed Stipulated Damages Settlement and a proposed Judgment to be submitted to the Court.

It is Plaintiff's position that the impasse arises as a result of Defendant's insistence upon the Plaintiff agreeing to stay the enforceability of the judgment pending appeal. In that the Plaintiff would have no incentive to do so, and the threats by Defendant of an award of costs upon reversal did not serve to incentivize Plaintiff to voluntary waive any further rights, an agreement was not entered into.

It is Defendant's position It is Defendant's position that the assistance of the Court at a requested teleconference is very likely to be what is needed to bring the parties to a full agreement on the language of a stipulated damages settlement – especially where the parties have already agreed upon the actual damages amount, the pre-judgment interest amount, and the per-day, post-judgment interest accrual amount. Plaintiffs have refused Defendant's proposal that the damages settlement and the judgment documents each include a sentence memorializing that Plaintiffs will refrain from executing on the judgment until after the appeal has been decided. In Defendant's view, Plaintiffs gain nothing financially from forcing Defendant, an insurance company that unquestionably will have the means of satisfying the full amount of the judgment plus interest and costs if the appeal is unsuccessful, to move the Court under FRCP Rule 62 to stay enforcement of the judgment by posting a supersedeas bond. It is Defendant's hope that further burdens upon

judicial resources be eliminated. Moreover, Plaintiffs' position unnecessarily raises the risk Plaintiffs could be taxed the cost, if the appeal reverses the judgment, of the insurer having obtained the bond, under FRAP Rule 39(e)(3).

The parties are available to participate in such a conference with the Court next Monday, Tuesday or Wednesday (October 17-19, 2022), preferably in the afternoon.

Very Truly Yours,

Scott E. Agulnick (SA1880)