MANDATE

22-3142-cv
*Lee v. Union Mut. Fire Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-three.

Present:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
>     *Circuit Judges*.

---

FRED LEE, ANN LEE,

> *Plaintiffs-Appellees*,

v.                                                                22-3142-cv

UNION MUTUAL FIRE INSURANCE COMPANY,

> *Defendant-Appellant*.[1]

---

For Plaintiffs-Appellees:        TODD D. KREMIN, Greenblatt Agulnick Kremin P.C., Melville, N.Y.

For Defendant-Appellant:        BRIAN D. BARNAS (Eric T. Boron, Agnieszka Wilewicz, *on the brief*), Hurwitz Fine P.C., Buffalo, N.Y.

---

[1] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

1

MANDATE ISSUED ON 11/15/2023

Appeal from a judgment of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Union Mutual Fire Insurance Company ("Union Mutual") appeals from a judgment of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Chief Judge*), entered on December 1, 2022. Plaintiffs-Appellees Fred Lee and Ann Lee (the "Lees") sued Union Mutual for breach of contract and deceptive business practices under New York General Business Law § 349, claiming that Union Mutual, the provider of a commercial property insurance policy for the Lees, wrongfully denied coverage for fire damage to their property. The district court granted summary judgment in favor of the Lees on the breach of contract claim and in favor of Union Mutual on the deceptive business practices claim. *See Lee v. Union Mut. Fire Ins. Co.*, No. 20-CV-3191, 2022 WL 3370086, at *8–10 (E.D.N.Y. Aug. 16, 2022). This appeal followed. We assume the parties' familiarity with the case.

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016).[2] Affirmance is warranted "only if there is no genuine issue of material fact and the prevailing party was entitled to judgment as a matter of law," and summary judgment "must be

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Union Mutual challenges the district court's ruling on the breach of contract claim. At the core of that claim is a question on the application for the commercial property insurance policy at issue, which asked "How many apartment units are there?" App'x at 978. The Lees answered that their property had two apartment units. In so answering, they excluded the property's finished basement from their count. Union Mutual deemed this answer to be a material misrepresentation because, in its view, the finished basement was an apartment unit, and therefore the property had a total of three apartment units. On the basis of this purported misrepresentation, Union Mutual denied coverage under and rescinded the commercial property insurance policy. In determining whether Union Mutual breached its contract with the Lees, the district court concluded that the application question regarding the number of units was ambiguous; that a "reasonable person" in the Lees' position could have interpreted the question as they did, namely, that the question "refer[red] only to units that are either occupied or could legally be occupied as apartments"; and that therefore, Union Mutual could not deny coverage and rescind the policy based on the Lees' response to that question. *Lee*, 2022 WL 3370086, at *7–8.

"Under New York law, an insurer may rescind an insurance policy if it was issued in reliance on material misrepresentations." *Fid. & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008). "A misrepresentation in an application for insurance is defined as a false statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof." *Id.* (quoting N.Y. Ins. Law § 3105(a)). However, "[a]n answer to an ambiguous question on an application for insurance cannot be the

basis of a claim of misrepresentation by the insurance company against its insured where . . . a reasonable person in the insured's position could rationally have interpreted the question as he or she did." *Dam Props. Holding Corp. v. Union Mut. Fire Ins. Co.*, 177 N.Y.S.3d 626, 627 (2d Dep't 2022).

The threshold question of whether a provision in an insurance policy is ambiguous is a "question of law to be determined by the court." *Parks Real Est. Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006). "Insurance contracts must be interpreted according to common speech and consistent with the reasonable expectation of the average insured." *Dean v. Tower Ins. Co. of N.Y.*, 19 N.Y.3d 704, 708 (2012). A provision is ambiguous if it is "susceptible of two reasonable interpretations." *Concordia Gen. Contracting Co. v. Preferred Mut. Ins. Co.*, 46 N.Y.S.3d 146, 148 (2d Dep't 2017). "The policy must . . . be construed in favor of the insured, and ambiguities, if any, are to be resolved in the insured's favor and against the insurer. But where the provisions of a policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement." *10012 Holdings, Inc. v. Sentinel Ins. Co.*, 21 F.4th 216, 220 (2d Cir. 2021) (quoting *U.S. Fid. & Guar. Co. v. Annunziata*, 67 N.Y.2d 229, 232 (1986)).

Union Mutual first argues that the district court erred in finding that the question regarding the number of units was ambiguous. We disagree. The application for the insurance policy does not define "apartment units" and the context of the application does not clarify the question. When the question is viewed "according to common speech," *Dean*, 19 N.Y.3d at 708, we find that the question is readily susceptible to more than one reasonable meaning. For example, the question could refer to the number of (i) spaces that legally could be occupied as apartments, as defined by the applicable regulations, and therefore could be rented out as apartments; or (ii) spaces with the

4

minimum structural configuration necessary for an apartment, which includes a full bathroom, kitchen, bedroom, and a separate entryway.  The first possibility is particularly plausible here in the context of a commercial real estate policy, where the space in question had never been used as an apartment and could not lawfully be rented as an apartment.  In such circumstances, the question might reasonably be interpreted to ask how many apartment units could be lawfully rented in commerce.  The district court therefore properly found that the question regarding the number of units was ambiguous.

Union Mutual contends, however, that under New York law, a question regarding the number of units unambiguously refers to the "structural configuration of [the] building[] to be insured," App't Br. at 37, or, in other words, the number of spaces in the building with "its own kitchen, bathroom[,] and separate entrance," *id.* at 40.  In support of its argument, Union Mutual asserts that cases applying New York law interpret the phrase, "family dwelling," as such.  Its argument, however, is not persuasive, in part because it depends on the meaning of a different term, and because some of the New York authorities examined "the actual . . . use of the premises at the time of the application or the loss," in addition to the "structural configuration" of the unit. *Koczwara v. Nationwide Gen. Ins. Co.*, No. 20-CV-2579, 2022 WL 1471121, at *6 (S.D.N.Y. May 10, 2022).  Here, the actual use of the Lees' finished basement suggests that it was not an apartment unit because it was used only for storage purposes, "never used as a residence," and "never occupied." App'x at 52.

Union Mutual next argues that the district court erred in finding that a "reasonable person" in the Lees' position could have interpreted the question to "refer[] only to units that are either occupied or could legally be occupied as apartments," where there was no evidence of how they interpreted the question. App't Br. at 24.  We are unpersuaded.  The "reasonable person" standard

5

is an objective one. *See Mostow v. State Farm Ins. Cos.*, 88 N.Y.2d 321, 326–27 (1996); *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000). The district court therefore was not required to determine the Lees' subjective views on the question; it only needed to determine how a "reasonable person" in their position could have interpreted the question at issue, as it did.

Finally, Union Mutual claims that the district court erred by citing New York cases concerning life insurance rather than commercial property insurance, because the doctrine set forth in the life insurance cases is inapplicable to commercial property insurance cases. We disagree. The district court cited the life insurance cases for the general proposition that "[a]n answer to an ambiguous question cannot be the basis of a claim of misrepresentation where a reasonable person in the position of the insured could have rationally interpreted the question as the insured did." *Lee*, 2022 WL 3370086, at *7. New York courts regularly have applied this proposition in cases involving commercial property insurance policies. *See, e.g., Dam Props. Holding Corp.*, 177 N.Y.S.3d at 627 (applying that standard in a commercial property insurance case); *Starr Indem. & Liab. Co. v. Monte Carlo, LLC*, 139 N.Y.S.3d 57, 58 (1st Dep't 2021) (same). Union Mutual has provided no persuasive reason why this standard should not apply in this case.

\*     \*     \*

We have considered Union Mutual's remaining arguments and find them unpersuasive. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit



6